**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RITA KRUK,                              :
    PLAINTIFF                      :     Civil Action No. 302CV121 (AVC)
                                   :
    v.                             :
                                   :
PECHINEY PLASTIC PACKG. INC.,          :
METROPOLITAN LIFE INSURANCE            :     September 22, 2004
COMPANY, INC.,                         :
    DEFENDANTS                     :

**METLIFE'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION *IN LIMINE* REGARDING**
**ORDER OF EVIDENCE PRESENTED AT TRIAL**

## I.    INTRODUCTION

Defendant Metropolitan Life Insurance Company ("MetLife") submits this memorandum

of law in support of its motion *in limine* for an order that all evidence relating to the plaintiff's

ERISA claim be presented to the Court only after the close of evidence to the jury regarding the

plaintiff's Title VII/hostile work environment claim.

## II.    ARGUMENT

It is black letter law that the plaintiff's claim for wrongful denial of benefits under

ERISA, 29 U.S.C. § 1132(a)(1)(B) will be determined by the Court, not the jury.[1] See Sullivan v.

LTV Aerospace & Defense Co., 82 F.3d 1251, 1258-59 (2d Cir. 1996) (no right to a jury trial

attaches to ERISA claims); Muller v. First Unum Life Ins. Co., 341 F.3d 119, 124 (2d Cir. 2003)

("Since there is no right to a jury trial under ERISA, this form of bench trial was entirely

proper."); D'Amore v. Stangle & Denigris, Inc., 1995 U.S. Dist. LEXIS 18313 (D. Conn. 1995)

---

[1] In her pretrial memorandum, the plaintiff acknowledged that the ERISA count was to be tried to the Court, not a jury. Despite this admission, and despite the Court's statements at jury selection confirming that the ERISA count is to be tried to the Court, plaintiff's counsel now asserts, without any legal basis, that the ERISA count may be tried to a jury. (See 9/21/04 letter from Attorney Evans, Ex. 1.) To ensure the orderly proceeding of the trial, the Court should address the plaintiff's misunderstanding of the law prior to the start of trial.

(a jury trial is not available under the plaintiff's ERISA claims).[2]  Because the jury will not render any decisions regarding the plaintiff's ERISA claim, all evidence relating to the plaintiff's claim for benefits under ERISA should be presented to the Court after the close of evidence presented to the jury on the Title VII claim.

It is inappropriate to burden – and potentially confuse – the jury with evidence that relates solely to the determination of the plaintiff's claim for long term disability benefits.[3]  Because such evidence is irrelevant to the Title VII claim, it should not be presented to the jury. See Applera Corp. v. MJ Research Inc., 311 F. Supp. 2d 293, 297 (D. Conn. 2004) (excluding evidence in order to avoid the potential of "confusing the jury with legally irrelevant evidence and argument.")  Moreover, forcing the jurors to listen to evidence that is of no relevance to the matter they will consider is a waste of the jurors' time.  The plaintiff has brought two separate legal claims – one triable to the jury and the other triable to the Court.  The efficient administration of justice and the integrity of the trial process require the plaintiff to present evidence separately as to the two distinct legal claims she has brought.

Ordering the trial proceedings so that the evidence relating to the ERISA claim remains distinct from the evidence relating to the Title VII claim is squarely within the discretion of the Court.  The Court has inherent and explicit authority to manage the order of trial proceedings, including the introduction of evidence.  Bankers Trust Co. v. Publicker Indus., Inc., 641 F.2d 1361, 1366 (2d Cir. 1981) (court's order regarding witness's testimony was "nothing more than routine trial handling, and is fully within the court's discretion to control the presentation of evidence.").  Cf. Connecticut Associated Builders & Contractors v. City of Hartford, 251 Conn.

---

[2] A copy of this case is attached hereto at Exhibit 2.
[3] To the extent there may be some overlap in the evidence relating to the Title VII count and the ERISA count, such evidence obviously will be presented during the Title VII portion of the trial.  The Court, of course, would be able to consider that evidence in reaching its decision on the ERISA count, so long as such evidence was part of the administrative record.

169, 191 (1999) ("The trial court has inherent authority to supervise and manage the orderly presentation of evidence.").

Accordingly, MetLife respectfully requests the Court to order evidence relating to the plaintiff's ERISA claim be presented solely to the Court after the close of evidence to the jury regarding the plaintiff's Title VII claim.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No. (860) 275-8200

Exhibit

A

— cont'd

**EVANS LAW OFFICES, LLC**
**JOHN J. EVANS, ATTORNEY AT LAW**
**30 OAK STREET, Suite 102**
**STAMFORD, CONNECTICUT 06905**
(203) 353-8880

September 20, 2004

Kenneth W. Gage, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901-2216

Re:    <u>Kruk vs. Pechiney Plastics, Inc. Inc. et al.</u>

Dear Mr. Gage,

Although you have repeatedly misrepresented that ERISA claims may only be tried to the Court, please note that Plaintiff's in the above case intends to have the ERISA claims tried to the jury, because Plaintiff's remaining ERISA claims are claims at law, and not equitable claims.  Last week you attempted to have me agree to a Court trial of the ERISA claim, since I did not expect you to misrepresent that a jury trial is not available, if it was.  You also attempted to have me agree to a bifurcation of evidence, so that the jury would not hear the facts regarding the ERISA claim in this case, to which I likewise, do not agree.

Based on the law, I will request that the court have all facts tried to the jury.  Your telephone call to me last Thursday, with Ms. Choquette in a conference call, was an obvious ploy, intended to have me agree to the procedures that you prefer, based upon your repeated and intentionally misleading statements, which have been found to be false, and which violate the Rules of Professional Conduct.  Note also that my damages calculations will also add the one-third contingency fee, though I didn't mention this in my letter of September 9.

Sincerely,

John J. Evans

JJE/cm
cc: Erin O'Brien Choquette Fax: (860) 275-8299
Erin O'Brien Choquette, Esq.
Robinson & Cole.
280 Trumbull Street

Exhibit
B

CARMEN T. D'AMORE, SALVATRICE COSCINA, Plaintiffs, v.STANGLE AND DENIGRIS, INC., PLAN
ADMINISTRATION, LTD. AND THE UNION CENTRAL LIFEINSURANCE COMPANY, Defendants.
Civil No. 3:94CV01087 (AVC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1995 U.S. Dist. LEXIS 18313

May 19, 1995, Decided
May 19, 1995, FILED

DISPOSITION: [*1] Defendants' motions to strike the plaintiffs' claim for punitive damages (documents number 23-1 and 24) granted, and the defendants' motions to strike the plaintiffs' demand for jury trial (documents number 37 and 39-1) granted.

CASE SUMMARY:

PROCEDURAL POSTURE: Defendants, insurer and plan administrator, filed a motion to strike plaintiff executors' claim for punitive damages and demand for a jury trial in the executors' action seeking compensatory and exemplary damages for improper cancellation of an insurance policy pursuant to Title I of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq.

OVERVIEW: The deceased and his wife held group term life insurance policies. The policies were terminated, and the deceased's payment was returned. After the wife died, the insurer refused to pay any life insurance and refused to reinstate the deceased's policy. On behalf of the deceased, the executors filed an ERISA action for improper cancellation of an insurance policy and demanded a jury trial. The court granted defendants' motion to strike the claim for punitive damages, holding that 29 U.S.C.S. § 1132(a)(3) authorized only those damages typically available in equity. Although the statute permitted "other appropriate equitable relief," the court refused to render the modifier superfluous by including legal relief. The court also granted defendants' motion to strike the executors' demand for a jury trial, holding that the claims were wholly equitable and, accordingly, a jury trial was inappropriate. The first two counts alleged defendants' breach of a fiduciary duty, which was equitable in nature. The claim seeking enforcement under 29 U.S.C.S. § 1132(a)(1)(B) was analogous to an action by a beneficiary against a trustee that was also traditionally viewed as equitable in nature.

OUTCOME: The court granted defendants' motion to strike the executors' claim for punitive damages and demand for a jury trial in an ERISA action seeking compensatory and exemplary damages for improper cancellation an insurance policy.

LexisNexis(R) Headnotes

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Motions to Strike
Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Failure to State a Cause of Action
[HN1] Pursuant to Fed. R. Civ. P. 12 (f), the court may, at any time order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). When a motion to strike is based on a claim that the damages sought are not recoverable, the motion to strike is properly treated as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN2] 29 U.S.C.S. § 1132 (a) provides that a civil action may be brought (3) by a participant, beneficiary or fiduciary (B) to obtain other appropriate equitable relief (i) to redress such violations of this chapter or of the plan.

Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN3] 29 U.S.C.S. § 1132(a)(3) authorizes only those damages typically available in equity, (such as injunction, mandamus, and restitution). The court will not read the statute to render the modifier superfluous.

Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN4] 29 U.S.C.S. § 1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary to

recover benefits due him or her under the terms of his or her plan, to enforce rights under the terms of his or her plan, or to clarify his or her rights under the terms of the plan.

Civil Procedure: Jury Trials: Right to Jury Trial
Constitutional Law: Trial by Jury in Civil Actions
Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN5] When a plaintiff seeks equitable relief under 29 U.S.C.S. § 1132(a)(1)(B), a jury trial is inappropriate.

Civil Procedure: Jury Trials: Right to Jury Trial
Constitutional Law: Trial by Jury in Civil Actions
[HN6] When a statute creates the right to bring a civil action, a jury trial must be available if the action involves rights and remedies typically enforced in an action at law. In cases where legal and equitable claims are united in the same pleadings, the legal claim is properly submitted to the jury.

Civil Procedure: Jurisdiction: Jurisdictional Sources
Civil Procedure: Jurisdiction: Equity Jurisdiction
[HN7] A claim is not classified as legal simply because it seeks money. The court needs not, and does not, say that any award of monetary relief must necessarily be "legal relief."

Civil Procedure: Jury Trials: Right to Jury Trial
Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN8] Claims under 29 U.S.C.S. § 1132 (a)(1)(B) to recover benefits allegedly due and for breach of fiduciary duty are analogous not to a legal action for breach of contract but rather to an action by a beneficiary against a trustee under the law of trusts that have traditionally been viewed as equitable in nature. Thus, the plaintiffs are in the position of beneficiaries seeking to enforce terms of a trust. No jury trial is required in suits under § 1132(a)(1)(B) by a beneficiary or participant against a trustee.

COUNSEL: For JAMES D'AMORE, plaintiff: Stephen H. Solomson, O'Connell, Flaherty & Attmore, Hartford, CT. Mitchell R. Harris, Day, Berry & Howard, Hartford, CT. For CARMEN T. D'AMORE, SALVATORE COSCINA, plaintiffs: Joseph Dieso, O'Connell, Flaherty & Attmore, Hartford, CT.

For STANGLE AND DENIGRIS, INC., PLAN ADMINISTRATION, LTD., defendants: Donald P. Guerrini, DuBorg & Deganis, Glastonbury, CT. For UNION CENTRAL LIFE INSURANCE COMPANY, defendant: Theodore J. Tucci, Jean Elizabeth Tomasco, Robinson & Cole, Hartford, CT.

JUDGES: Alfred V. Covello, United States District Judge

OPINIONBY: Alfred V. Covello

OPINION: MEMORANDUM OF DECISION ON MOTIONS TO STRIKE

This is an action brought pursuant to Title I of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq. The plaintiffs seek recovery of sums allegedly due them pursuant to certain contracts of insurance. The defendants now move to strike the plaintiffs' claim for punitive damages and the plaintiffs' demand for a jury trial. The issues presented are: 1) whether 29 U.S.C. § 1132 (a)(3)(B) allows the recovery of punitive damages, and 2) whether the plaintiffs are entitled to a jury trial. For the reasons stated herein, the court concludes that punitive damages are not authorized under § 1132 (a)(3)(B). Further, the court also concludes that the plaintiffs are not entitled to a jury trial. Accordingly the defendants' motions to strike the plaintiffs' claims for punitive damages and demand for jury[*2] trial are granted.

FACTS

Examination of the complaint and the memoranda submitted by the parties discloses the following facts:

The plaintiffs are executors of the estate of James D'Amore, deceased. The complaint alleges that James D'Amore and his wife Lucy D'Amore, also deceased, each held group term life insurance policies with the defendant, Union Central Life Insurance Company ("Union Central"), pursuant to a group plan purchased by D'Amore Rest Haven, Inc. The complaint further alleges that the defendant, Stangle and DeNigris, Inc. ("Stangle and DeNigris"), and its subsidiary, the defendant Plan Administration, Ltd. "administered" such insurance policies. On July 7, 1992, Union Central sent a notice of impending cancellation to D'Amore Rest Haven, Inc., in care of Stangle and DeNigris and/or Plan Administration. On July 17, 1992, the complaint alleges, Union Central sent a letter to Stangle and DeNigris stating that the policy was "terminated." The complaint further alleges that Stangle and DeNigris and Plan Administration, pursuant to its contract with D'Amore Rest Haven, Inc., were required to promptly transmit to D'Amore all communications from Union Central, and failed[*3] to communicate the notice of cancellation to D'Amore Rest Haven Inc.

On August 6, 1992, the complaint further alleges, Stangle and DeNigris, acting on behalf of D'Amore Rest Haven, contacted Union Central requesting reinstatement

of the policy. In September, 1992, Stangle and DeNigris sent D'Amore Rest Haven a premium notice for the policy covering the period from May 1, 1992 to August 31, 1992. James D'Amore allegedly paid this bill. On September 5, 1992, James D'Amore's wife Lucy D'Amore died. On September 15, 1992, the complaint alleges, Stangle and DeNigris returned the payment made by D'Amore with notice that the policy had been "terminated." Union Central refused to pay any life insurance proceeds on the life of Lucy D'Amore. Union also thereafter refused to reinstate James D'Amore's life insurance policy.

James D'Amore brought the instant action in the superior court for the judicial district of Hartford/New Britain seeking compensatory and exemplary damages for the improper cancellation of the plaintiff's life insurance policy. The plaintiff also sought reinstatement of the policy and attorneys' fees. The complaint alleged that the defendants' actions constituted negligence, [*4] breach of contract, and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat.§§ 42-110 et seq. The defendants thereafter removed the case to this court. The plaintiff then moved to remand the case to the state superior court, and the defendants moved to dismiss the action. The court denied both motions, concluding that ERISA governs this action entirely.

## STANDARD

[HN1] Pursuant to Rule 12 (f), the court may, "at any time...order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). When a motion to strike is based on a claim that the damages sought are not recoverable, the motion to strike is properly treated as a motion to dismiss pursuant to rule 12(b)(6). See Commercial Union Insurance, 409 F. Supp. 453 (W.D. La., 1976), also 5A Wright and Miller, Federal Practice and Procedure, § 1380, p 647. n1

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n1 The plaintiff does not contest the appropriateness of the motion to strike on procedural grounds. The court will treat the motion to strike as a motion to dismiss under Rule 12(b)(6). The court agrees with the reasoning of Professional Asset Management, Inc. v. Penn Square Bank, 566 F. Supp. 134, 136 (W.D.Okl., 1983), that "to do otherwise would be to retreat to the strict, technical form of common law practice that the Federal Rules have abandoned."

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

[*5]

## DISCUSSION

### I. Motion to strike plaintiff's claim for punitive damages

The plaintiffs, in their amended complaint, have asked for "punitive damages pursuant to 29 U.S.C. section 1132(a)(3)(B)(i)." The defendants first claim that, under ERISA, punitive damages are unavailable. Specifically, the defendants move to strike the plaintiffs' claim for punitive damages because 29 U.S.C. § 1132(a)(3)(B) does not authorize punitive damages to plan beneficiaries in its allowance for "...other equitable or remedial relief...". The plaintiff responds that "ERISA... incorporates the common law of trusts...", and that "based on traditional trust law, trustees may be liable in certain instances in suits for breach of trust for exemplary or punitive damages where malice or fraud is involved."

The plaintiffs are successor in interest to the decedent James D'Amore. D'Amore was both a participant in the plan and a beneficiary. [HN2] Section 1132 (a) provides:

A civil action may be brought-
...
(3) by a participant, beneficiary or fiduciary ...(B) to obtain other appropriate equitable relief (i) to redress such violations [of this chapter or of the plan]"

In Mertens v. Hewitt [*6] Associates, 508 U.S. 248, 113 S. Ct. 2063, 2068-2070, 124 L. Ed. 2d 161 (1993), the Supreme Court interpreted [HN3] section 1132(a)(3) to authorize only those damages "typically available in equity, (such as injunction, mandamus, and restitution...)" If the plaintiffs are correct, then the phrase "other appropriate equitable relief", in the statute, implies legal as well as equitable relief. As the Supreme Court stated in Mertens, "We will not read the statute to render the modifier superfluous." Id. at 2069. See also Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146-148, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985); Diduck v. Kaszycki & Sons Contractors, 974 F.2d 270, 286 (2nd Cir. 1992).

The plaintiffs attempt to distinguish this precedent by claiming that they seek punitive damages on behalf of the plan itself, rather than as beneficiary under the plan. The complaint, however, does not state that the suit is brought on behalf of the plan itself. To the contrary, the amended

complaint specifically alleges that the defendants are liable to "the plaintiffs, as plan participants...".

II. Motion to strike plaintiffs' demand for jury trial

The defendants next claim that the plaintiffs are[*7] not entitled to a jury trial. Specifically, they argue that the overwhelming weight of authority supports the proposition that no right to a jury trial exists in an action brought pursuant to ERISA. The plaintiffs respond that in cases where the essence of the claim is legal, rather than equitable, the right to jury trial is preserved. The plaintiffs assert that this is just such a case. The court concludes that the plaintiffs' claims are here wholly equitable, and accordingly, a jury trial is inappropriate.

The court of appeals in this circuit has never addressed the question of whether the civil enforcement provisions of ERISA wholly preclude jury trials. When plaintiffs seek solely equitable relief in the form of restitution and removal of the trustees of a plan, they are not entitled to a jury trial. Katsaros v. Cody, 744 F.2d 270, 278 (2d. Cir. 1984). The Katsaros court commented that this result applied to equitable relief "... as distinguished from damages for wrongdoing or nonpayment of benefits." Id. The plaintiffs here allege, inter alia, violations of [HN4] 29 U.S.C. § 1132(a)(1)(B). This section provides,

"A civil action may be brought by a participant or beneficiary...to[*8] recover benefits due [him or her] under the terms of [his or her] plan, to enforce rights under the terms of [his or her] plan, or to clarify [his or her] rights under the terms of the plan..."

[HN5] When a plaintiff seeks equitable relief under this section, a jury trial is inappropriate. Katsaros v. Cody, 744 F.2d 270, 278 (2d. Cir. 1984). Other courts have ruled that this section contemplates only equitable relief, and therefore a jury trial is wholly unavailable. Turner v. CF & I Steel Corp., 770 F.2d 43, 44-45 (3d. Cir. 1985); Pane v. RCA Corp., 868 F.2d 631, 635. (3d. Cir, 1989). However, [HN6] when a statute creates the right to bring a civil action, "... a jury trial must be available if the action involves rights and remedies typically enforced in an action at law." Curtis v. Loether, 415 U.S. 189, 195, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1973). Further, in cases where legal and equitable claims are united in the same pleadings, the legal claim is properly submitted to the jury. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473, 8 L. Ed. 2d 44, 82 S. Ct. 894 (1962); Scott v. Neely, 140 U.S. 106, 117, 35 L. Ed. 358, 11 S. Ct. 712 (1891), Weber v. Jacobs Mfg. [*9] Co., 751 F. Supp. 21, 24-26 (D.Conn. 1990). Therefore, the court here must determine if the claims in the plaintiffs' amended complaint are equitable or legal in nature.

The plaintiffs argue that because they seek relief in the form of money, their claim is legal in nature and as such they are entitled to a jury trial. In many cases brought pursuant to ERISA, however, plaintiffs seek plan benefits, usually in the form of money, which have not been paid to them as a result of alleged breaches of a fiduciary duty by the plan administrator. [HN7] A claim is not classified as legal simply because it seeks money. "We need not, and do not, ... say that any award of monetary relief must necessarily be 'legal relief.'" Curtis v. Loether, 415 U.S. 189, 196, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1974). The plaintiffs' amended complaint here sets forth three counts. The first and second counts allege the breach of a fiduciary duty by all three defendants. "It is true that, at common law, courts of equity had exclusive jurisdiction virtually all actions by fiduciaries for breach of trust." Mertens v. Hewitt Assoc., 508 U.S. 248, 124 L. Ed. 2d 161, 113 S. Ct. 2063, 2068. See also 3 A. Scott and Fratcher, [*10] Law of Trusts, § 197, p. 188 (4th Ed. 1988). Thus the first two counts are wholly equitable in nature.

The third count of the amended complaint alleges that the three defendants "...have failed to meet their obligations under the terms of the employee benefit plan and are thus liable to the plaintiffs under 29 § 1132 (a)(1)(B)." The claim here seeks enforcement of the plan pursuant to § 1132(a)(1)(B). [HN8] "Claims under [ 29 U.S.C. § 1132 (a)(1)(B)] to recover benefits allegedly due and for breach of fiduciary duty are analogous not to a legal action for breach of contract ... but rather to an action by a beneficiary against a trustee under the law of trusts that have traditionally been viewed as equitable in nature." Gardella v. Mutual Life Ins. Co. of New York, 707 F. Supp. 627, 628 (D. Conn. 1988). Thus, the plaintiffs here are in the position of beneficiaries seeking to enforce terms of a trust. "No jury trial is required in suits under [§ 1132(a)(1)(B)] by a beneficiary or participant against a trustee." Turner v. CF & I Steel Corp., 770 F.2d 43, 47 (3d Cir. 1985). See also Pane v. RCA Corp., 868 F.2d 631, 636 (3d Cir. 1989) ("In [Turner] ... we held that[*11] the [ 29 U.S.C. § 1132(a)(1)(B)] cause of action was equitable. In so holding we ... rejected the claim that in a suit for recovery of benefits under an ERISA employee benefit plan, a litigant was entitled to a jury trial.") "Traditionally, claims for present and future [benefits] have been viewed as equitable in nature and triable by a court ... Congress intended to preserve this view when it enacted [section 1132]." In re Vorpahl, 695 F.2d 318, 322 (8th Cir. 1982). The court determines that this claim is equitable as well.

Conclusion

1995 U.S. Dist. LEXIS 18313, *

For the foregoing reasons, the defendants' motions to strike the plaintiffs' claim for punitive damages (documents number 23-1 and 24) are granted, and the defendants' motions to strike the plaintiffs' demand for jury trial (documents number 37 and 39-1) are granted.

It is so ordered, this 19th day of May, 1995, at Hartford, Connecticut.

Alfred V. Covello

United States District Judge

**************************042449**************************

SEND TO: O'BRIEN, ERIN                    K.
         ROBINSON & COLE LLP
         280 TRUMBULL ST STE 28
         HARTFORD, CONNECTICUT 06103-3509

CARMEN T. D'AMORE, SALVATRICE COSCINA, Plaintiffs, v.STANGLE AND DENIGRIS, INC., PLAN ADMINISTRATION, LTD. AND THE UNION CENTRAL LIFEINSURANCE COMPANY, Defendants.
Civil No. 3:94CV01087 (AVC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1995 U.S. Dist. LEXIS 18313

May 19, 1995, Decided
May 19, 1995, FILED

DISPOSITION: [*1] Defendants' motions to strike the plaintiffs' claim for punitive damages (documents number 23-1 and 24) granted, and the defendants' motions to strike the plaintiffs' demand for jury trial (documents number 37 and 39-1) granted.

CASE SUMMARY:

PROCEDURAL POSTURE: Defendants, insurer and plan administrator, filed a motion to strike executors' claim for punitive damages and demand for a jury trial in the executors' action seeking compensatory and exemplary damages for improper cancellation of an insurance policy pursuant to Title I of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq.

OVERVIEW: The deceased and his wife held group term life insurance policies. The policies were terminated, and the deceased's payment was returned. After the wife died, the insurer refused to pay any life insurance and refused to reinstate the deceased's policy. On behalf of the deceased, the executors filed an ERISA action for improper cancellation of an insurance policy and demanded a jury trial. The court granted defendants' motion to strike the claim for punitive damages, holding that 29 U.S.C.S. § 1132(a)(3) authorized only those damages typically available in equity. Although the statute permitted "other appropriate equitable relief," the court refused to render the modifier superfluous by including legal relief. The court also granted defendants' motion to strike the executors' demand for a jury trial, holding that the claims were wholly equitable and, accordingly, a jury trial was inappropriate. The first two counts alleged defendants' breach of a fiduciary duty, which was equitable in nature. The claim seeking enforcement under 29 U.S.C.S. § 1132(a)(1)(B) was analogous to an action by a beneficiary against a trustee that was also traditionally viewed as equitable in nature.

OUTCOME: The court granted defendants' motion to strike the executors' claim for punitive damages and demand for a jury trial in an ERISA action seeking compensatory and exemplary damages for improper cancellation an insurance policy.

LexisNexis(R) Headnotes

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Motions to Strike
Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Failure to State a Cause of Action
[HN1] Pursuant to Fed. R. Civ. P. 12 (f), the court may, at any time order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). When a motion to strike is based on a claim that the damages sought are not recoverable, the motion to strike is properly treated as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN2]  29 U.S.C.S. § 1132 (a) provides that a civil action may be brought (3) by a participant, beneficiary or fiduciary (B) to obtain other appropriate equitable relief (i) to redress such violations of this chapter or of the plan.

Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN3]  29 U.S.C.S. § 1132(a)(3) authorizes only those damages typically available in equity, (such as injunction, mandamus, and restitution). The court will not read the statute to render the modifier superfluous.

Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN4]  29 U.S.C.S. § 1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary to

recover benefits due him or her under the terms of his or her plan, to enforce rights under the terms of his or her plan, or to clarify his or her rights under the terms of the plan.

Civil Procedure: Jury Trials: Right to Jury Trial
Constitutional Law: Trial by Jury in Civil Actions
Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN5] When a plaintiff seeks equitable relief under 29 U.S.C.S. § 1132(a)(1)(B), a jury trial is inappropriate.

Civil Procedure: Jury Trials: Right to Jury Trial
Constitutional Law: Trial by Jury in Civil Actions
[HN6] When a statute creates the right to bring a civil action, a jury trial must be available if the action involves rights and remedies typically enforced in an action at law. In cases where legal and equitable claims are united in the same pleadings, the legal claim is properly submitted to the jury.

Civil Procedure: Jurisdiction: Jurisdictional Sources
Civil Procedure: Jurisdiction: Equity Jurisdiction
[HN7] A claim is not classified as legal simply because it seeks money. The court needs not, and does not, say that any award of monetary relief must necessarily be "legal relief."

Civil Procedure: Jury Trials: Right to Jury Trial
Pensions & Benefits Law: Employee Retirement Income Security Act (ERISA): Civil Claims & Remedies
[HN8] Claims under 29 U.S.C.S. § 1132 (a)(1)(B) to recover benefits allegedly due and for breach of fiduciary duty are analogous not to a legal action for breach of contract but rather to an action by a beneficiary against a trustee under the law of trusts that have traditionally been viewed as equitable in nature. Thus, the plaintiffs are in the position of beneficiaries seeking to enforce terms of a trust. No jury trial is required in suits under § 1132(a)(1)(B) by a beneficiary or participant against a trustee.

COUNSEL: For JAMES D'AMORE, plaintiff: Stephen H. Solomson, O'Connell, Flaherty & Attmore, Hartford, CT. Mitchell R. Harris, Day, Berry & Howard, Hartford, CT. For CARMEN T. D'AMORE, SALVATORE COSCINA, plaintiffs: Joseph Dieso, O'Connell, Flaherty & Attmore, Hartford, CT.

For STANGLE AND DENIGRIS, INC., PLAN ADMINISTRATION, LTD., defendants: Donald P. Guerrini, DuBorg & Deganis, Glastonbury, CT. For UNION CENTRAL LIFE INSURANCE COMPANY, defendant: Theodore J. Tucci, Jean Elizabeth Tomasco, Robinson & Cole, Hartford, CT.

JUDGES: Alfred V. Covello, United States District Judge

OPINIONBY: Alfred V. Covello

OPINION: MEMORANDUM OF DECISION ON MOTIONS TO STRIKE

This is an action brought pursuant to Title I of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq. The plaintiffs seek recovery of sums allegedly due them pursuant to certain contracts of insurance. The defendants now move to strike the plaintiffs' claim for punitive damages and the plaintiffs' demand for a jury trial. The issues presented are: 1) whether 29 U.S.C. § 1132 (a)(3)(B) allows the recovery of punitive damages, and 2) whether the plaintiffs are entitled to a jury trial. For the reasons stated herein, the court concludes that punitive damages are not authorized under § 1132 (a)(3)(B). Further, the court also concludes that the plaintiffs are not entitled to a jury trial. Accordingly, the defendants' motions to strike the plaintiffs' claims for punitive damages and demand for jury[*2] trial are granted.

FACTS

Examination of the complaint and the memoranda submitted by the parties discloses the following facts:

The plaintiffs are executors of the estate of James D'Amore, deceased. The complaint alleges that James D'Amore and his wife Lucy D'Amore, also deceased, each held group term life insurance policies with the defendant, Union Central Life Insurance Company ("Union Central"), pursuant to a group plan purchased by D'Amore Rest Haven, Inc. The complaint further alleges that the defendant, Stangle and DeNigris, Inc. ("Stangle and DeNigris"), and its subsidiary, the defendant Plan Administration, Ltd. "administered" such insurance policies. On July 7, 1992, Union Central sent a notice of impending cancellation to D'Amore Rest Haven, Inc., in care of Stangle and DeNigris and/or Plan Administration. On July 17, 1992, the complaint alleges, Union Central sent a letter to Stangle and DeNigris stating that the policy was "terminated." The complaint further alleges that Stangle and DeNigris and Plan Administration, pursuant to its contract with D'Amore Rest Haven, Inc., were required to promptly transmit to D'Amore all communications from Union Central, and failed[*3] to communicate the notice of cancellation to D'Amore Rest Haven Inc.

On August 6, 1992, the complaint further alleges, Stangle and DeNigris, acting on behalf of D'Amore Rest Haven, contacted Union Central requesting reinstatement

1995 U.S. Dist. LEXIS 18313, *

of the policy. In September, 1992, Stangle and DeNigris sent D'Amore Rest Haven a premium notice for the policy covering the period from May 1, 1992 to August 31, 1992. James D'Amore allegedly paid this bill. On September 5, 1992, James D'Amore's wife Lucy D'Amore died. On September 15, 1992, the complaint alleges, Stangle and DeNigris returned the payment made by D'Amore with notice that the policy had been "terminated." Union Central refused to pay any life insurance proceeds on the life of Lucy D'Amore. Union also thereafter refused to reinstate James D'Amore's life insurance policy.

James D'Amore brought the instant action in the superior court for the judicial district of Hartford/New Britain seeking compensatory and exemplary damages for the improper cancellation of the plaintiff's life insurance policy. The plaintiff also sought reinstatement of the policy and attorneys' fees. The complaint alleged that the defendants' actions constituted negligence, [*4] breach of contract, and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat.§§ 42-110 et seq. The defendants thereafter removed the case to this court. The plaintiff then moved to remand the case to the state superior court, and the defendants moved to dismiss the action. The court denied both motions, concluding that ERISA governs this action entirely.

STANDARD

[HN1] Pursuant to Rule 12 (f), the court may, "at any time...order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). When a motion to strike is based on a claim that the damages sought are not recoverable, the motion to strike is properly treated as a motion to dismiss pursuant to rule 12(b)(6). See Commercial Union Insurance, 409 F. Supp. 453 (W.D. La., 1976), also 5A Wright and Miller, Federal Practice and Procedure, § 1380, p 647. n1

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n1 The plaintiff does not contest the appropriateness of the motion to strike on procedural grounds. The court will treat the motion to strike as a motion to dismiss under Rule 12(b)(6). The court agrees with the reasoning of Professional Asset Management, Inc. v. Penn Square Bank, 566 F. Supp. 134, 136 (W.D.Okl., 1983), that "to do otherwise would be to retreat to the strict, technical form of common law practice that the Federal Rules have abandoned."

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*5]

DISCUSSION

I. Motion to strike plaintiff's claim for punitive damages

The plaintiffs, in their amended complaint, have asked for "punitive damages pursuant to 29 U.S.C. section 1132(a)(3)(B)(i)." The defendants first claim that, under ERISA, punitive damages are unavailable. Specifically, the defendants move to strike the plaintiffs' claim for punitive damages because 29 U.S.C. § 1132(a)(3)(B) does not authorize punitive damages to plan beneficiaries in its allowance for "...other equitable or remedial relief...". The plaintiff responds that "ERISA... incorporates the common law of trusts...", and that "based on traditional trust law, trustees may be liable in certain instances in suits for breach of trust for exemplary or punitive damages where malice or fraud is involved."

The plaintiffs are successor in interest to the decedent James D'Amore. D'Amore was both a participant in the plan and a beneficiary. [HN2] Section 1132 (a) provides:

A civil action may be brought-
...
(3) by a participant, beneficiary or fiduciary ...(B) to obtain other appropriate equitable relief (i) to redress such violations [of this chapter or of the plan]"

In Mertens v. Hewitt [*6] Associates, 508 U.S. 248, 113 S. Ct. 2063, 2068-2070, 124 L. Ed. 2d 161 (1993), the Supreme Court interpreted [HN3] section 1132(a)(3) to authorize only those damages "typically available in equity, (such as injunction, mandamus, and restitution...)" If the plaintiffs are correct, then the phrase "other appropriate equitable relief", in the statute, implies legal as well as equitable relief. As the Supreme Court stated in Mertens, "We will not read the statute to render the modifier superfluous." Id. at 2069. See also Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146-148, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985); Diduck v. Kaszycki & Sons Contractors, 974 F.2d 270, 286 (2nd Cir. 1992).

The plaintiffs attempt to distinguish this precedent by claiming that they seek punitive damages on behalf of the plan itself, rather than as beneficiary under the plan. The complaint, however, does not state that the suit is brought on behalf of the plan itself. To the contrary, the amended

complaint specifically alleges that the defendants are liable to "the plaintiffs, as plan participants...".

## II. Motion to strike plaintiffs' demand for jury trial

The defendants next claim that the plaintiffs are[*7] not entitled to a jury trial. Specifically, they argue that the overwhelming weight of authority supports the proposition that no right to a jury trial exists in an action brought pursuant to ERISA. The plaintiffs respond that in cases where the essence of the claim is legal, rather than equitable, the right to jury trial is preserved. The plaintiffs assert that this is just such a case. The court concludes that the plaintiffs' claims are here wholly equitable, and accordingly, a jury trial is inappropriate.

The court of appeals in this circuit has never addressed the question of whether the civil enforcement provisions of ERISA wholly preclude jury trials. When plaintiffs seek solely equitable relief in the form of restitution and removal of the trustees of a plan, they are not entitled to a jury trial. Katsaros v. Cody, 744 F.2d 270, 278 (2d. Cir. 1984). The Katsaros court commented that this result applied to equitable relief "... as distinguished from damages for wrongdoing or nonpayment of benefits." Id. The plaintiffs here allege, inter alia, violations of [HN4] 29 U.S.C. § 1132(a)(1)(B). This section provides,

"A civil action may be brought by a participant or beneficiary...to[*8] recover benefits due [him or her] under the terms of [his or her] plan, to enforce rights under the terms of [his or her] plan, or to clarify [his or her] rights under the terms of the plan..."

[HN5] When a plaintiff seeks equitable relief under this section, a jury trial is inappropriate. Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir. 1984). Other courts have ruled that this section contemplates only equitable relief, and therefore a jury trial is wholly unavailable. Turner v. CF & I Steel Corp., 770 F.2d 43, 44-45 (3d. Cir. 1985); Pane v. RCA Corp., 868 F.2d 631, 635. (3d. Cir, 1989). However, [HN6] when a statute creates the right to bring a civil action, "... a jury trial must be available if the action involves rights and remedies typically enforced in an action at law." Curtis v. Loether, 415 U.S. 189, 195, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1973). Further, in cases where legal and equitable claims are united in the same pleadings, the legal claim is properly submitted to the jury. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473, 8 L. Ed. 2d 44, 82 S. Ct. 894 (1962); Scott v. Neely, 140 U.S. 106, 117, 35 L. Ed. 358, 11 S. Ct. 712 (1891), Weber v. Jacobs Mfg. [*9] Co., 751 F. Supp. 21, 24-26 (D.Conn. 1990). Therefore, the court here must determine if the claims in the plaintiffs' amended complaint are equitable or legal in nature.

The plaintiffs argue that because they seek relief in the form of money, their claim is legal in nature and as such they are entitled to a jury trial. In many cases brought pursuant to ERISA, however, plaintiffs seek plan benefits, usually in the form of money, which have not been paid to them as a result of alleged breaches of a fiduciary duty by the plan administrator. [HN7] A claim is not classified as legal simply because it seeks money. "We need not, and do not, ... say that any award of monetary relief must necessarily be 'legal relief.'" Curtis v. Loether, 415 U.S. 189, 196, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1974). The plaintiffs' amended complaint here sets forth three counts. The first and second counts allege the breach of a fiduciary duty by all three defendants. "It is true that, at common law, courts of equity had exclusive jurisdiction virtually all actions by fiduciaries for breach of trust." Mertens v. Hewitt Assoc., 508 U.S. 248, 124 L. Ed. 2d 161, 113 S. Ct. 2063, 2068. See also 3 A. Scott and Fratcher, [*10] Law of Trusts, § 197, p. 188 (4th Ed. 1988). Thus the first two counts are wholly equitable in nature.

The third count of the amended complaint alleges that the three defendants "...have failed to meet their obligations under the terms of the employee benefit plan and are thus liable to the plaintiffs under 29 § 1132 (a)(1)(B)." The claim here seeks enforcement of the plan pursuant to § 1132(a)(1)(B). [HN8] "Claims under [ 29 U.S.C. § 1132 (a)(1)(B)] to recover benefits allegedly due and for breach of fiduciary duty are analogous not to a legal action for breach of contract ... but rather to an action by a beneficiary against a trustee under the law of trusts that have traditionally been viewed as equitable in nature." Gardella v. Mutual Life Ins. Co. of New York, 707 F. Supp. 627, 628 (D. Conn. 1988). Thus, the plaintiffs here are in the position of beneficiaries seeking to enforce terms of a trust. "No jury trial is required in suits under [§ 1132(a)(1)(B)] by a beneficiary or participant against a trustee." Turner v. CF & I Steel Corp., 770 F.2d 43, 47 (3d Cir. 1985). See also Pane v. RCA Corp., 868 F.2d 631, 636 (3d Cir. 1989) ("In [Turner] ... we held that[*11] the [ 29 U.S.C. § 1132(a)(1)(B)] cause of action was equitable. In so holding we ... rejected the claim that in a suit for recovery of benefits under an ERISA employee benefit plan, a litigant was entitled to a jury trial.") "Traditionally, claims for present and future [benefits] have been viewed as equitable in nature and triable by a court ... Congress intended to preserve this view when it enacted [section 1132]." In re Vorpahl, 695 F.2d 318, 322 (8th Cir. 1982). The court determines that this claim is equitable as well.

Conclusion

1995 U.S. Dist. LEXIS 18313, *

For the foregoing reasons, the defendants' motions to strike the plaintiffs' claim for punitive damages (documents number 23-1 and 24) are granted, and the defendants' motions to strike the plaintiffs' demand for jury trial (documents number 37 and 39-1) are granted.

It is so ordered, this 19th day of May, 1995, at Hartford, Connecticut.

Alfred V. Covello

United States District Judge