UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK,<br>    PLAINTIFF | : Civil Action No. 302CV121 (AVC)<br>:<br>: |
| v. | :<br>: |
| PECHINEY PLASTIC PACKG. INC.,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY, INC.,<br>    DEFENDANTS | :<br>:<br>:<br>: September 22, 2004 |

METLIFE'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION *IN LIMINE* TO LIMIT
THE EVIDENCE OFFERED RELATING TO THE ERISA CLAIM

I.  **INTRODUCTION**

Defendant Metropolitan Life Insurance Company ("MetLife") submits this memorandum of law in support of its motion *in limine* for an order limiting the evidence admissible in the plaintiff's ERISA claim to the administrative record and testimony from a MetLife employee regarding the review of plaintiff's claim. Specifically, MetLife seeks to preclude any attempt by the plaintiff to introduce documentary evidence outside of the administrative record or testimonial evidence – including any testimony by the plaintiff – other than the limited testimony of the MetLife employee.

II. **APPLICABLE LEGAL STANDARD**

As the court has already held, this case will be reviewed under the abuse of discretion standard because that is the proper standard in an action to recover plan benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), where, as here, "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber v. Bruch, 489 U.S. 101, 115 (1989); Dunn v. Standard Ins. Co., 156 F. Supp. 2d 227, 235 (D.Conn. 2001). (*Ruling on Defendants' Motions for Summary Judgment,*

*Sept. 30, 2003 at 31*). The employee welfare benefit plan ("the Plan") funded by the plaintiff's employer, Pechiney Plastics, Inc. expressly gives Pechiney (as Plan Administrator) the full, final and binding discretion to determine eligibility for benefits, construe and interpret Plan terms and designate others, such as claims administrators to carry out Plan duties. Pechiney designated MetLife, the claims administrator, to carry out the functions of interpreting the Plan language and making final and binding determinations as to eligibility for benefits. (*Ruling on Defendants' Motions for Summary Judgment, Sept. 30, 2003, at 32*).

Where the plan confers upon the administrator discretionary authority to determine eligibility for benefits, a court shall not disturb the administrator's ultimate conclusion unless it is "arbitrary and capricious." Celardo v. GNY Auto. Dealers Health & Welfare Trust, 318 F.3d 142, 146 (2d Cir. 2003); Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2nd Cir. 1995). The arbitrary and capricious standard of review is "highly deferential" to a plan administrator. Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir. 1995). Under this standard, the sole question before the court is whether the administrator's decision was reasonable. Pulvers v. First Unum Life Ins. Co., 210 F.3d 89, 92 (2d Cir. 2000). A plan administrator's decision is to be upheld "unless it not only made the wrong call" but "a downright unreasonable one." James v. GMC, 230 F.3d 315, 317 (7th Cir. 2000), cert. denied, 532 U.S. 973 (2001). "The reviewing court need only assure that the administrator's decision falls somewhere on a continuum of reasonableness – even if on the low end." Scannell v. Metropolitan Life Ins. Co., 2003 U.S. Dist. LEXIS 20749 at * 19 (S.D.N.Y. 2003) (internal citations omitted).[1]

When applying the arbitrary and capricious standard, the only question for a reviewing court is "whether the decision was based on a consideration of the relevant factors and whether

---

[1] Cases reported in LEXIS are attached hereto as Exhibit 1.

2

there has been a clear error of judgment." Wojciechowski v. Metropolitan Life Ins. Co., 2001 U.S. App. LEXIS 828 at * 3 (2d Cir. 2001), quoting Jordan, 46 F.3d at 1271. In making this determination, the Court may consider "only the evidence that the fiduciaries themselves considered." Miller v. United Welfare Fund, 72 F.3d 1066, 1071(2d Cir. 1995). See also Sandoval v. Aetna Life Ins. & Cas. Ins. Co., 967 F.2d 377, 380-81 (10th Cir. 1992) (in determining whether denial of benefits was arbitrary and capricious, district court "considers only the arguments and evidence before administrator or fiduciary.")[2]

### III. EVIDENTIARY LIMITATIONS IN ERISA BENCH TRIALS

In order to appropriately apply the arbitrary and capricious review standard to the fiduciary's claim determination, reviewing courts consider the documents in the claim file as well as evidence regarding the claim process itself, such as the procedures followed by the claims examiners, the factors they considered, and the conclusions they reached. For example, in Miller v. United Welfare Fund, the Second Circuit relied upon excerpts from the deposition of the plan's administrator regarding the claim process, as well as its review of the claim file, in reaching its determination that the decision to deny was arbitrary and capricious. Miller, 72 F.3d at 1072. Likewise, in Glista v. Unum Life Ins. Co. of America, 378 F.3d 113 (1st Cir. 2004), the First Circuit concluded that evidence regarding the procedures followed by MetLife in evaluating the claim was admissible to assist the court in determining whether the denial was reasonable. Accordingly, the Court should consider only the claim file and the testimony of the MetLife employee about the information in the claim file and the claims process in its determination of the plaintiff's ERISA claim.

On the other hand, evidence such as the plaintiff's testimony about her medical

---

[2] See also Miller v.Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991); Lee v. Blue Cross/Blue Shield, 10 F.3d 1547, 1550 (11th Cir. 1994); Abnathya v.Hoffman-LaRoche, Inc., 2 F.3d 40, 48 n. 8 (3d Cir. 1993).

3

condition(s) and daily activities, and medical records from plaintiff's physicians not contained in the claim file constitutes evidence that was not before MetLife at the time the decision was made, and thus, is inadmissible in an ERISA bench trial. Similarly, any documents and/or testimony from Pechiney employees (including but not limited to the testimony of Ann "Billie" Wallace) about the plaintiff's short-term and long-term disability claims that were not submitted as part of the administrative record before MetLife are also immaterial to the question of whether MetLife's decision was reasonable in light of the information before it, and thus, should be excluded. Finally, any documents or testimony relating solely to plaintiff's Title VII claim are irrelevant to the plaintiff's ERISA claim and cannot be considered by the Court.[3] See Short v. Unum Life Ins. Co. of America, 2003 U.S. Dist. LEXIS 22327 at * 21 (D. Conn. Dec. 3, 2003) (because medical literature regarding fibromyalgia was not in the claim record, plaintiff could not rely on it as evidence that the claim decision was arbitrary and capricious); Scannell, 2003 U.S. Dist. LEXIS 20749 at * 21 n. 62 (plaintiff's "revised" job description and supplemental medical information not produced during the claim process was not admissible as evidence).

Indeed, even courts engaged in a *de novo* review of the claims decision generally exclude evidence not contained in the administrative record. See Kaus-Rogers v. Unum Life Ins. Co. of America, 2004 U.S. Dist. LEXIS 9797 at * 14 (W.D.N.Y. Apr. 4, 2004) (excluding evidence relating to the plaintiff's job responsibilities and medical condition); Harris v. First Unum Life Ins. Co., 2004 U.S. Dist. LEXIS 10245 at * 24-25 (N.D.N.Y. June 4, 2004) (even on *de novo* review, court should not consider additional evidence outside the claim file; if the administrative record is incomplete, the claim should be remanded to the administrator for reconsideration).[4]

---

[3] Specifically, plaintiff's proposed exhibits 11, 13, 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 are all irrelevant as to the ERISA claim.

[4] Courts also may, in their discretion, allow evidence outside of the administrative record where the plaintiff has established the existence of a conflict of interest and has further proven that good cause exists to warrant the

4

"Under the highly deferential arbitrary and capricious standard, the court cannot reweigh the evidence so long as substantial evidence supports the plan administrator's determination." Dunn, 156 F. Supp. 2d at 236 (internal quotation omitted). Likewise, the court cannot consider any evidence that was not before the administrator at the time the claims determination was made. Accordingly, MetLife respectfully requests the Court to limit the evidence on the ERISA count to the administrative record and the testimony from the MetLife employee who considered the claim and to exclude all other evidence.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

*/s/ Erin O'Brien Choquette*

Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No. (860) 275-8200

---

introduction of additional evidence. DeFelice v. Am. Int'l Life Assurance Co. of N.Y., 112 F.3d 61, 67 (2d Cir. 1997). As this Court held in its ruling on the Defendants' Motion for Summary Judgment, no conflict of interest exists in this case. *Ruling on Defendants' Motions for Summary Judgment, Sept. 30, 2003 at 32 n. 5).*

5

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and first-class U.S. mail, postage prepaid, on this 22nd day of September, 2004 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

                                          Erin O'Brien Choquette