UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK, PLAINTIFF : | |
| : | Civil Action No. 302CV121 (AVC) |
| v. : | |
| : | |
| PECHINEY PLASTIC PACKG. INC., : | |
| METROPOLITAN LIFE INSURANCE : | |
| COMPANY, INC., DEFENDANTS : | September 22, 2004 |

METLIFE'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

Defendant Metropolitan Life Insurance Company ("MetLife") hereby objects to plaintiff's proposed exhibits 7, 11, 13, and 30 through 39 to the extent the plaintiff seeks to introduce such exhibits in connection with the trial to the Court on her claim for wrongful denial of benefits in violation of ERISA.

| EXHIBIT | OBJECTION |
|---|---|
| Plaintiff's Exhibit 7: Distribution list dated 3/27/01 regarding request for IPC, containing 4 pages. | MetLife objects to this exhibit on the grounds that it incorrectly identifies two separate documents as one document. The Distribution list dated 3/27/01 is a two-page document as is the separate Request for IPC.<br><br>MetLife would not object if the plaintiff marks these two documents as two separate exhibits. |
| Plaintiff's Exhibit 11: Deposition of Ann (Billie Wallace), dated 11/4/02. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 13: Letter from M. Vogel to E. Warren, dated 1/22/01 | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |

* See also MetLife's Motion in Limine to Limit the Evidence Offered Relating to the ERISA Claim, filed herewith.

| | |
|---|---|
| Plaintiff's Exhibit 30: Fax cover sheet and responses of Dr. D. Witt to questions asked by MetLife. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.*<br><br>MetLife also objects to this exhibit based on its lack of authenticity. |
| Plaintiff's Exhibit 31: Charge of Discrimination, Charge No. 161A10287, dated 5/2/01. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 32: EEOC Notice of Charge of Discrimination, dated 5/3/01 and EEOC New Charge Questionnaire. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 33: EEOC letter to E. Warren and T. O'Donohue, dated 5/11/01, invitation to mediation. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 34: Letter from E. Warren to M. Vogel dated 6/21/01. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |

* See also MetLife's Motion *in Limine* to Limit the Evidence Offered Relating to the ERISA Claim, filed herewith.

| | |
|---|---|
| Plaintiff's Exhibit 35: Social Security Administration "Disability Report Adult" dated 3/7/01, with application for replacement Social Security Card. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 36: EEOC Proposed Negotiated Settlement Agreement. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 37: Plaintiff's 2000 W-2 wage and tax statement. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 38: Letter from Dr. Tec, dated 9/9/04. | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |
| Plaintiff's Exhibit 39: Letter from Dr. Witt, dated 9/8/04 | MetLife objects to this exhibit on the grounds that it is not contained in the administrative record and thus, is irrelevant to the ERISA claim. In ruling on the ERISA count, the Court may consider only the evidence that MetLife considered in making its determination, i.e., the claim file and the testimony of the MetLife employee about the claim file.* |

* See also MetLife's Motion *in Limine* to Limit the Evidence Offered Relating to the ERISA Claim, filed herewith.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

*Erin O'Brien Choquette* (signature)

Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No. (860) 275-8200

### CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and first-class U.S. mail, postage prepaid, and facsimile, on this 22d day of September, 2004 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

*Erin O'Brien Choquette* (signature)
Erin O'Brien Choquette