FILED

UNITED STATES DISTRICT COURT,
DISTRICT OF CONNECTICUT    2004 SEP 23  A II: 07

U.S. DISTRICT COURT
HARTFORD, CONN.

| | |
|---|---|
| RITA KRUK | NO. 3:02CV121 (AVC) |
| Plaintiff, | |
| v. | |
| PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE CO., INC. | |
| Defendants. | SEPTEMBER 22, 2004 |

## MOTION TO QUASH

Defendant, Pechiney Plastics Packaging, Inc. ("Pechiney"), by its counsel, Paul,

Hastings, Janofsky & Walker LLP, hereby moves to quash the subpoenas issued to Pechiney and

Jean-Paul Meausoone, dated September 13, 2004, only insofar as such subpoenas seek the

production of documents. (Copies of these subpoenas are attached as Exhibit A.)

These subpoenas are an illegitimate attempt by the Plaintiff, Rita Kruk, to circumvent the

discovery schedule set by the Court, as well as the Court's pre-trial order, dated October 6, 2003.

## BACKGROUND

Discovery closed in this matter on January 10, 2003.  The Court granted partial summary

judgment to the Defendants, Pechiney and Metropolitan Life Insurance Co., Inc., on September

30, 2003, leaving only two claims for trial – a Title VII claim for sexually hostile work

environment and an ERISA claim for wrongful denial of long term disability benefits.  Claims

-1-

for sex discrimination in connection with the termination of Kruk's employment, wrongful

denial of severance benefits, among others, were dismissed.  On October 6, 2003, the Court

issued its pre-trial order, requiring the parties to identify and exchange trial exhibits and to

identify trial witnesses according to a certain schedule.  According to that schedule, trial

memoranda were exchanged by the parties in January 2004, in which all parties identified certain

exhibits and witnesses.  Then, according to the Court's schedule, last week, the parties

exchanged the previously designated exhibits.[1]

On Tuesday, September 21, 2004, Kruk's counsel served three subpoenas on the

undersigned as counsel for Pechiney, one each for Jean-Paul Meausoone, Ann (Billie) Wallace

and Pechiney.  Mr. Meausoone and Ms. Wallace both are current employees of Pechiney and

both were designated as trial witnesses.  (Neither subpoena commanding a witness' appearance

was accompanied by fees for attendance or mileage as required by Rule 45(b)(1) of the Federal

Rules of Civil Procedure.)  Insofar as Kruk seeks the testimony of Jean-Paul Meausoone at trial,

Pechiney intends to make him available.  Insofar as the Court deems the proposed testimony of

Ann (Billie) Wallace relevant (see MetLife's Motion in Limine), Pechiney will likewise make

her available for trial.  Undersigned counsel requested that Plaintiff's counsel withdraw his

subpoenas for the production of documents (see letter attached as Exhibit B), but he has failed to

do so.

## ARGUMENT

"Rule 45 Subpoenas, . . ., are subject to the same time constraints that apply to all other

methods of formal discovery."  Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D.

---

[1] Kruk did not produce her exhibits until two days after the Court imposed deadline.

443, 443 (D. Minn. 1997); *see also* <u>Martire v. Corning Inc.</u>, 173 F.3d 845 (2d Cir. 1999)

(affirming decision to quash subpoenas requiring appearance of employees with documents that

had not previously been requested). And the Court's pre-trial order is designed to facilitate the

efficient and orderly preparation for trial and presentation of evidence in an efficient manner. It

is unjust and burdensome to require Pechiney to cease their trial preparation on the eve of trial to

attend these ill-defined and untimely subpoenas. <u>Thompson v. Glenmede Trust Co.</u>, Civ. No. 92-

5233, 1996 U.S. Dist. LEXIS 13673, at *2 (E.D. PA Sept. 16, 1996) (quashing subpoenas served

on eve of trial requesting additional original documents).[2]

     Plaintiff's counsel already has in his possession all documents related to Kruk's

application for long-term disability benefits, as well as her personnel file and the Administrative

Services Agreement between Pechiney and MetLife. (See Subpoena to Pechiney.) The

documents sought by Kruk's counsel also include some already marked by him as exhibits.

Unfortunately, the subpoenas also seek myriad documents concerning other employees, which

have no relevance whatsoever to the remaining claims. The substance of these subpoenas should

have been addressed during the extensive discovery period for this matter. It is wholly

inappropriate for Kruk's counsel to reopen discovery on the eve of trial. <u>Buhrmaster v. Overnite</u>

<u>Transportation Company</u>, 61 F.3d 461, 464 (6th Cir. 1995) (affirming district court order to

quash subpoena when plaintiff had "adequate opportunity to discover this material through the

normal discovery process.").

     This conduct is precisely what was intended by the Rule 11 authorization of an award of

attorney's fees against a parties counsel for presenting a matter before the court "any improper

---

[2] Copies of unreported decisions are attached as Exhibit C.

purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The conduct by Kruk's counsel is undoubtedly intended to "multiply the proceedings in the instant actions unreasonably and vexatiously." <u>Magoon v. Mettiki Coal Corp.</u>, Civ. No. HAR 87-187, 1993 U.S. Dist. LEXIS 15704, at *11 (D. MD August 13, 1993) (affirming sanctions imposed on plaintiff's counsel for serving subpoenas on the eve of trial in an attempt to bypass the discovery process.). Accordingly, Pechiney hereby requests the court quash the attached subpoenas, insofar as they seek the production of documents and grant any other forms of relief it deems appropriate in light of Plaintiff's counsel's conduct.


DATED: September 22, 2004          By: _____
                                        Kenneth W. Gage, Esq. (ct12965)
                                        Sarah E. Graves, Esq. (ct15897)
                                        Paul, Hastings, Janofsky & Walker LLP
                                        1055 Washington Boulevard
                                        Stamford, Connecticut 06901
                                        (203) 961-7400 (telephone)
                                        (203) 359-3031 (facsimile)
                                        kennethgage@paulhastings.com

                                        Attorneys for Defendant,
                                        PECHINEY PLASTICS PACKAGING, INC.

-4-

# Exhibit

# A

— cont'd

## UNTIED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RITA KRUK,    PLAINTIFF | : | |
| | : | |
| v. | : | Civil Action No. 302CV121 (AVC) |
| | : | |
| PECHINEY PLASTIC PACKG, INC., | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, INC., DEFENDANTS | : | September 13, 2004 |

### SUBPOENA DUCES TECUM

TO:    Ann (Billie) Wallace
Pechiney Plastics Packaging, Inc.
101 Merritt 7, Third Floor
Norwalk, CT  06851

GREETING:

By authority of the State of Connecticut, you are hereby commanded to appear before a Commissioner of the Superior Court, or other proper officer, for a trial to be held at the United States District Court, District of Connecticut, Courtroom #1 – Annex, 450 Main Street, Hartford, Connecticut, on the 27th day of September, 2004, at 10:00 a.m., and for sixty days thereafter on which said trial may be continued, then and there to testify what you know in a certain civil action pending in the United States District Court, District of Connecticut, wherein Rita Kruk is the Plaintiff, and Pechiney Plastic Packaging, Inc. and Metropolitan Life Insurance Company, Inc. are the Defendants.

And you are further commanded to bring with you and have in your possession at said time and place, the following:

Hereof fail not, under penalty of law in that case provided.

Dated at Stamford, Connecticut, this 16th day of September, 2004.

To any proper officer or indifferent person to serve and return.

A TRUE COPY    *Paul Verille*

OFF.   PAUL VERILLE
STATE MARSHAL
FAIRFIELD COUNTY, CT

John J. Evans
Commissioner of the Superior Court
30 Oak Street, Stamford CT 06905
(203) 353-8880

1

## UNTIED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RITA KRUK,  PLAINTIFF | : | |
| | : | |
| v. | : | Civil Action No. 302CV121 (AVC) |
| | : | |
| PECHINEY PLASTIC PACKG., INC., and | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, INC., DEFENDANTS | : | SEPTEMBER 13, 2004 |

### SUBPOENA DUCES TECUM

TO:    Jean Paul Meaussone
c/o Pechiney Plastics Packaging, Inc.
101 Merritt 7,  Third Floor, Norwalk, CT  06851

GREETING:

By authority of the State of Connecticut, you are hereby commanded to appear before a Commissioner of the Superior Court, or other proper officer, for a trial to be held at the United States District Court, District of Connecticut, Courtroom #1 – Annex, 450 Main Street, Hartford, Connecticut, on the 27th day of September, 2004, at 10:00 a.m., and for sixty days thereafter on which said trial may be continued, then and there to testify what you know in a certain civil action pending in the United States District Court, District of Connecticut, wherein Rita Kruk is the Plaintiff, and Pechiney Plastic Packaging, Inc. and Metropolitan Life Insurance Company, Inc. are the Defendants.

And you are further commanded to bring with you and have in your possession at said time and place, the following:

1.    All termination agreement(s), retirement agreement(s), severance agreement(s), consulting agreement(s), compensation or deferred compensation agreement(s), and all other agreement(s) relating to any compensation or other remuneration to be paid to you for any reason(s), by Pechiney Plastic Packaging, Inc., after the date of your termination of employment with Pechiney.

Hereof fail not, under penalty of law in that case provided.

Dated at Stamford, Connecticut, this 16th day of September, 2004.

To any proper officer or indifferent person to serve and return.

**A TRUE COPY**
**OFF.    PAUL VERILLE**
**STATE MARSHAL**
**FAIRFIELD COUNTY,  CT**

John J. Evans
Commissioner of the Superior Court
30 Oak Street, Stamford CT 06905
(203) 353-8880

1

## UNTIED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RITA KRUK,   PLAINTIFF       :

       v.                            :       Civil Action No. 302CV121 (AVC)

                               :

PECHINEY PLASTIC PACKG, INC.,    :
METROPOLITAN LIFE INSURANCE   :
COMPANY, INC., DEFENDANTS     :       September 13, 2004

### SUBPOENA DUCES TECUM

TO:   Pechiney Plastic Packaging, Inc.
       101 Merritt 7, P.O. Box 5121
       Norwalk, CT 06856-5121

**A TRUE COPY** *Paul Verille*
**OFF.  PAUL VERILLE**
**STATE MARSHAL**
**FAIRFIELD COUNTY, CT**

GREETING:

       By authority of the State of Connecticut, you are hereby commanded to appear before a Commissioner of the Superior Court, or other proper officer, for a trial to be held at the United States District Court, District of Connecticut, Courtroom #1 – Annex, 450 Main Street, Hartford, Connecticut, on the 27th day of September, 2004, at 10:00 a.m., and for up to sixty days thereafter on which said trial may be continued, then and there to testify what you know in a certain civil action pending in the United States District Court, District of Connecticut, wherein Rita Kruk is the Plaintiff, and Pechiney Plastic Packaging, Inc. and Metropolitan Life Insurance Company, Inc. are the Defendants.

       And you are further commanded to bring with you and have in your possession at said time and place, the following:

       1.      The entire claim file maintained by Pechiney Plastic Packaging, Inc., relating in any way to Plaintiff's application for long term disability benefits, through her employer's (Pechiney's) disability plan, including but not limited to the following materials with all attachments thereto and parts thereof:

            a.      all correspondence, facsimile transmissions, and e-mails, sent from or to any person or entity, and relating in any way to the Plaintiff's application for long term disability benefits, through her employer's (Pechiney's) disability plan;

            b.      all medical records, dated from January 1, 2000 through present, relating to any of Plaintiff's medical condition(s), including but not limited to the "Attending Physician's Statement" and the "Supplemental Functional Assessment," of Dr. Leon Tec, all reports and records of Dr. Lawrence Kagen and Dr. Gary Goldman, report of Dr. Jefrey Lieberman;

            c.      all computer records, and all Diary Review Reports, relating in any way to Plaintiff's application for long term disability benefits, through her employer's (Pechiney's) disability plan.

2.     Any and all correspondence, facsimile transmissions, and e-mails, sent from or to any person or entity, and relating in any way to Plaintiff's medical condition, and which is/are not part of any long term disability claim file maintained by Pechiney relating to Plaintiff;

3.     Any and all medical records dated from January 1, 2000 through present, relating to any of Plaintiff's medical condition(s), including but not limited to the "Attending Physician's Statement" and the "Supplemental Functional Assessment," of Dr. Leon Tec, all reports and records of Dr. Lawrence Kagen and Dr. Gary Goldman, report of Dr. Jefrey Lieberman, and which is/are not part of any long term disability claim file relating to Plaintiff;

4.     All "Administrative Services Agreement(s)" between Pechiney Plastic Packaging, Inc., and Metropolitan Life Insurance Co., and relating to the handling by MetLife of claims made under the employee disability plan maintained by Pechiney, and which was (were) in effect at the time that Plaintiff's said application for long term disability benefits was pending.

5.     All termination agreement(s), retirement agreement(s), severance agreement(s), consulting agreement(s), deferred compensation agreement(s), and all other agreement(s) relating to any compensation or other remuneration paid or to be paid for any reason(s), between Pechiney Plastic Packaging, Inc. and any of the following current or former employees of Pechiney:

      a.     Edward Fitzgerald,

      b.     Ashok Sethi,

      c.     Barbara Pite,

      d.     Marilyn Mehas,

      e.     Warren Serenbetz

      f.     Carl Warren

6.     A true and exact copy of the letter dated June 27, 2001, from Ann (Billie) Wallace of Pechiney, to MetLife or any of its agents, instructing MetLife to send to Pechiney copies of additional medical information received by MetLife relating to Plaintiff's long term disability claim, and requesting that MetLife send and/or that Pechiney receive copies of communications to Ms. Kruk by MetLife.

7.     The entire employment and personnel file of Rita Kruk, maintained by the Defendant, Pechiney Plastic Packaging, Inc.

Hereof fail not, under penalty of law in that case provided.

Dated at Stamford, Connecticut, this 16th day of September, 2004.

To any proper officer or indifferent person to serve and return.

John J. Evans
Commissioner of the Superior Court
30 Oak Street, Stamford CT 06905
(203) 353-8880

2

Exhibit
B

Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard, Stamford, CT 06901-2216
telephone 203-961-7400 / facsimile 203-359-3031 / internet www.paulhastings.com

Paul*Hastings*

Atlanta
Beijing
Hong Kong
London
Los Angeles
New York
Orange County
San Diego
San Francisco
Stamford
Tokyo
Washington, D.C.

(203) 961-7475
kennethgage@paulhastings.com

September 21, 2004                                      56602.00002

VIA FACSIMILE AND REGULAR MAIL

John J. Evans, Esq.
Evans Law Offices, LLC
30 Oak Street
Stamford, CT 06905

Re:     Kruk v. Pechiney Plastics Packaging, Inc., et al.

Dear Attorney Evans:

I have in my possession three subpoenas which you attempted to serve on Pechiney Plastics
Packaging, Inc., Jean-Paul Meausoone and Ann Wallace. I am writing in the hopes of avoiding
a motion to quash these subpoenas.

First, Pechiney intends to have Mr. Meausoone available for testimony at trial, and therefore no
subpoena was necessary. To the extent that the Court deems the testimony of Ann Wallace to
be relevant, Pechiney will likewise make Ms. Wallace available for trial testimony. A simple
phone call would have sufficed.

Insofar as your subpoenas seek the production of documents, we believe this is an
impermissible and belated attempt to continue discovery, as well as to circumvent the Court's
pre-trial order which required the pre-marking of all trial exhibits. Many of the documents that
you now seek already have been produced in discovery and therefore need not be produced a
second time. Specifically, when you took the deposition of Ann Wallace, Ms. Wallace provided
the Benefits Department claim file relating to your client, as well as Pechiney's personnel file
for your client. Finally, to the extent that you are seeking "termination agreements, retirement
agreements, severance agreements, consulting agreements, deferred compensation agreements,
and all other agreements relating to any compensation . . ." of the six employees or former
employees indicated in your subpoena, we refer you to Judge Covello's decision on summary
judgment in which he made clear that your client's claim for severance benefits has been
dismissed on summary judgment. Therefore, not only is your subpoena a belated attempt to
take discovery, but it is an attempt to take discovery on matters irrelevant to the claims that will
be tried next week.

Paul*Hastings*

John J. Evans
September 21, 2004
Page 2

Needless to say, we do not unnecessarily want to involve the Court in this matter.  However, unless you notify us in writing by noon on Wednesday, September 22nd, that you are withdrawing your subpoenas insofar as you seek the production of documents, we will be forced to file a motion to quash these subpoenas with the Court.

Very truly yours,

Kenneth W. Gage
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

KWG:dd
cc:     Sarah E. Graves, Esq.
        Erin K. O'Brien Choquette, Esq.

STM/282307.1

Exhibit

C

LEXSEE 1996 U.S. DIST. LEXIS 13673

B. RAY THOMPSON, JR., et al. v. GLENMEDE TRUST COMPANY, et al.

CIVIL ACTION NO. 92-5233

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

*1996 U.S. Dist. LEXIS 13673*

September 16, 1996, Decided
September 19, 1996, Filed

**DISPOSITION:** [*1] Plaintiffs' Motion to Compel
Compliance with Trial Subpoenas Regarding Production
of Original Documents for Use at Trial DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff stockholders
brought a motion to compel compliance with trial
subpoenas regarding production of original documents
for use at trial. Defendant trustees sought to quash the
subpoenas, arguing that the stockholders' use of trial
subpoenas was merely an attempt to circumvent the
discovery deadline.

**OVERVIEW:** The stockholders brought an action
against the trustees as the result of a buy-back
transaction. They brought a motion to compel
compliance with trial subpoenas regarding production of
original documents for use at trial on the eve of trial. The
trustees sought to quash the subpoenas, arguing that the
stockholders' use of trial subpoenas was merely an
attempt to circumvent the discovery deadline. The court
denied the stockholders' motion, holding that they did not
explain why they waited months after the discovery
process ended to ask the court to compel production of
the original documents. The court held that requiring the
trustees to stop their trial preparation on the eve of trial,
to produce the requested original documents, was unjust
and burdensome.

**OUTCOME:** The court denied the stockholders' motion
to compel compliance with trial subpoenas regarding
production of original documents for use at trial.

**LexisNexis(R) Headnotes**

**COUNSEL:**

For B. RAY THOMPSON, JR., JUANNE J.
THOMPSON, CATHERINE V. THOMPSON,
ADELLA S. THOMPSON, B. RAY THOMPSON, III,
SARAH THOMPSON TARVER, REBEKAH L.
THOMPSON, B. RAY THOMPSON, JR., As trustee of
five Thompson family trusts, JUANNE J. THOMPSON,
as trustee of five Thompson family trusts, DALE A.
KEASLING, as trustee of five Thompson family trusts,
PLAINTIFFS: MICHAEL C. SPENCER, MILBERT
WEISS BERSHAD HYNES & LERACH LLP., NEW
YORK, NY USA. JAMES J. BINNS, PHILA, PA USA.

For GLENMEDE TRUST COMPANY, GLENMEDE
CORPORATION, THOMAS W. LANGFITT, ALBERT
E. PISCOPO, SAMUEL W. MORRIS, SR., as trustee or
co-trustee of nine trusts, including the Pew Charitable
Trusts, FRANCIS M. RICHARDS, JR., KARIN E.
MYRIN, DEFENDANTS: GILPIN W. BARTELS,
WILLIAM A. SLAUGHTER, ALAN J. DAVIS,
BALLARD, SPAHR, ANDREWS AND INGERSOLL,
PHILA, PA USA. For ROBERT P. HAUPTFUHRER,
DEFENDANT: MICHAEL F. R. HARRIS, STEVEN B.
FEIRSON, DECHERT, PRICE & RHOADS, PHILA,
PA USA. BARBARA W. MATHER, PEPPER,
HAMILTON & SCHEETZ, PHILA, PA USA.
For BROWN BROTHERS HARRIMAN & CO.,
RESPONDENT: LAWRENCE T. HOYLE, HOYLE,
MORRIS AND KERR, PHILADELPHIA, PA USA. For
PAINEWEBBER INCORPORATED, RESPONDENT:
DANA B. KLINGES, WOLF, BLOCK, SCHORR AND
SOLIS-COHEN, PHILA, PA USA. TERENCE A.

DIXON, PAUL, WEISS, RIFKIND, WHARTON AND GARRISON, NEW YORK, NY USA. For DAVID C. BRADSHAW, RESPONDENT: TERENCE A. DIXON, PAUL, WEISS, RIFKIND, WHARTON AND GARRISON, NEW YORK, NY USA. For GLENMEDE TRUST COMPANY, DEFENDANT: WILLIAM A. SLAUGHTER, ALAN J. DAVIS, BALLARD, SPAHR, ANDREWS AND INGERSOLL, PHILA, PA USA.

For EDWARD M. WATTERS, III, AUGUSTUS S. BALLARD, ROBERT J. WEINBERG, F. JOHN HAGELE, JAMES R. LEDWITH, RICHARD C. SORLIEN, FRANKLIN B. HOLLAND, DEFENDANTS: WILLIAM T. HANGLEY, HANGLEY, ARONCHICK, SEGAL AND PUDLIN, PHILA, PA USA. SARA M. STAMAN, HANGLEY, ARONCHICK, SEGAL AND PUDLIN, PHILA, PA USA.

For ORYX ENERGY COMPANY, ROBERT B. GILL, DAVID S. HOLLINGSWORTH, RESPONDENTS: MICHAEL F. R. HARRIS, DECHERT, PRICE & RHOADS, PHILA, PA USA.

For PEPPER, HAMILTON & SCHEETZ, MOVANT: ELEANOR N. EWING, PEPPER, HAMILTON & SCHEETZ, PHILA, PA USA.

For RITTENHOUSE FINANCIAL SECURITIES INC., OBJECTOR: BERNARD CHANIN, WOLF, BLOCK, SCHORR AND SOLIS-COHEN, PHILA, PA USA.

**JUDGES:** JUDGE HERBERT J. HUTTON

**OPINIONBY:** HERBERT J. HUTTON

**OPINION:**

### MEMORANDUM AND ORDER

HUTTON, J.

September 16, 1996

Presently before the Court are Plaintiffs' Motion to Compel Compliance with Trial Subpoenas Regarding Production of Original Documents for Use at Trial. For the reasons set forth below, this Court denies Plaintiffs' Motion.

### BACKGROUND

This case originated with a 1990 stock buy-back transaction in which Oryx purchased approximately 25.3 million shares held by the trusts of which Glenmede Trust was trustee. Two years after this buy-back, the Thompson Family brought the present suit against the Glenmede Defendants, n1 alleging a loss of approximately $ 80 million as a result of the buy-back

transaction. In 1994, this Court allowed the plaintiffs to expand their suit to include the Lawyer Defendants. n2 After four years of litigation and several attempts at settlement, this case is ready for trial. Now on the eve of trial, the plaintiffs submit this motion to the Court.

> n1 The "Glenmede Defendants" are the Glenmede Trust Company, the Glenmede Corporation, Thomas W. Langfitt, Albert E. Piscopo, Francis M. Richards, Jr., Karin E. Myrin, and Samuel Morris, Sr. [*2]

> n2 The "Lawyer Defendants" are Defendants F. John Hagele, James R. Ledwith, Richard C. Sorlien, Franklin B. Holland, Edward M. Watters, III, Erica L. Gut, Augustus S. Ballard, and Robert J. Weinberg.

### DISCUSSION

In this motion the plaintiffs move this Court to compel compliance with their subpoenas served on the defendants and certain non-party witnesses represented by defense counsel. The plaintiffs are attempting to obtain original copies of documents for use at trial. The plaintiffs argue that because many of the documents are illegible or redacted, it will not be possible for witnesses to make full use of these documents, unless the originals are available.

The defendants, on the other hand, move to quash the subpoenas, arguing that the plaintiffs' use of trial subpoenas is merely an attempt to circumvent the discovery deadline. They also believe that the plaintiffs' last minute motion is untimely and designed to harass them. n3 Furthermore, they maintain that producing the original documents at this late hour would be unduly burdensome. The plaintiffs have not demonstrated to [*3] this Court that they could not make these copies prior to September 12, 1996. n4 Furthermore, they do not explain why they waited months after the discovery process ended to ask this Court to compel production of the original documents. Therefore, this Court finds that requiring the defendants to stop their trial preparation on the eve of trial, to produce the requested original documents, is unjust and burdensome. See, e.g., *Leach v. Quality Health Servs., Inc.,* 162 F.R.D. 40, 42 (E.D. Pa. 1995) (quashing subpoena filed after discovery deadline). Accordingly, this Court will deny the Plaintiffs' Motion.

Case 3:02-cv-00121-AVC    Document 103    Filed 09/23/2004    Page 16 of 21

1996 U.S. Dist. LEXIS 13673, *    Page 3

n3 The plaintiffs filed their motion with the Court at 9:05 p.m. on Thursday, September 12, 1996. This was immediately before the commencement of Rosh Hashana, the Jewish New Year holiday which various counsel observed. (Rosh Hashana commenced on Friday, September 13, 1996 and concluded on Sunday, September 15, 1996.)

n4 In this case, discovery was required to be completed by December 20, 1995. Thompson v. Glenmede Trust Co., C.A. No. 92-5233, Third Amended Scheduling Order (E.D. Pa. filed Sept. 27, 1995) (Hutton, J.).

[*4]

An appropriate Order follows.

**ORDER**

AND NOW, this 16th day of September, 1996, upon consideration of Plaintiffs' Motion to Compel Compliance with Trial Subpoenas Regarding Production of Original Documents for Use at Trial, IT IS HEREBY ORDERED that the Plaintiffs' Motion is **DENIED**.

BY THE COURT:

HERBERT J. HUTTON, J.

LEXSEE 1993 U.S. DIST. LEXIS 15704

**OM P. MAGOON, Plaintiff, v. METTIKI COAL CORP., Defendants.**

**Civil Action No. HAR 87-187**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

*1993 U.S. Dist. LEXIS 15704*

**August 13, 1993, Decided**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employer's motion for attorneys' fees was referred to a magistrate in plaintiff employee's employment discrimination claim. The magistrate recommended that the employee's age discrimination claim and a subpoena, that had been issued by the employee's counsel and subsequently quashed, warranted sanctions against the counsel but not the employee. Before the court were the counsel's objections to the recommendations.

**OVERVIEW:** The employee brought a discrimination claim under both Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA). The employee's counsel used a subpoena on the eve of trial and the court granted the employer's motion to quash. The court granted a directed verdict on the ADEA claim and dismissed the Title VII claim. The employer's motion for attorneys' fees was referred to the magistrate and the court adopted the recommendation. *28 U.S.C.S. § 636*(b)(3) made clear that the magistrate had authority to recommend that attorneys' fees be imposed. The ADEA claim was frivolous and without legal or factual merit and as such, sanctions against the employee's counsel were warranted. The reduced amount awarded was proper because the employer's counsel could have cut off further consideration of the ADEA motions had it filed the appropriate motions in response. The subpoena had been overly broad, unduly burdensome, oppressive, and unreasonably and vexatiously multiplied the proceedings below, warranting sanction. The amount of the sanction, although less than had been requested, was proper given the egregious nature of the request for a subpoena.

**OUTCOME:** The court ordered that the magistrate's recommendation awarding sanctions against the employee's counsel be adopted in toto.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Plaintiff: Mayda Colon Tsaknis, Pena, Aponte & Tsaknis, PC, Rockville, Maryland.

For Defendants: Robert B. Barnhouse, Stephen B. Lebau, Piper & Marbury, Baltimore, Maryland.

**JUDGES:** Hargrove

**OPINIONBY:** JOHN R. HARGROVE

**OPINION:**

MEMORANDUM OPINION

Defendant Mettiki Coal Corporation's motion for attorneys' fees was referred to the Honorable Daniel Klein, Jr., United States Magistrate Judge in accordance with *28 U.S.C. § 636* and Local Rules 301 and 302 of the United States District Court for the District of Maryland. Presently before the Court is the Report and Recommendation (the "Report") issued on April 29, 1993, plaintiff's counsel's objections to the Report, and the defendant's response thereto. The Court will review de novo all portions of the Report to which plaintiff's counsel has objected as is required under *28 U.S.C. § 636*(b)(1).

As the factual circumstances surrounding the instant matter are set forth fully in the Report, this Court will but briefly restate them here. Plaintiff who is of East Indian origin filed suit in this Court on January 29, 1987. In his complaint the plaintiff alleged that his former employer

Case 3:02-cv-00121-AVC    Document 103    Filed 09/23/2004    Page 18 of 21

Page 2
1993 U.S. Dist. LEXIS 15704, *

discriminated [*2] against him on the basis of his race, color, national origin and age, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

All discovery disputes between the parties were supposedly resolved by the end of January, 1991. Trial was scheduled for September 9, 1991. On or about August 20, 1991, the plaintiff caused a subpoena duces tecum to be served on defendant's Manager of Human Resources The subpoena sought the production at trial of a number of personnel records. Arguing that the subpoena was overly broad, unduly burdensome, oppressive and a clear attempt to harass the defendant on the eve of trial, the defendant moved to quash the subpoena. Defendant also sought attorney's fees and costs incurred in filing the motion to quash. On September 3, 1991, this Court quashed the subpoena, but declined to rule on the defendant's request for attorney's fees at that time.

Trial commenced on September 9, 1991. At the close of plaintiff's case, the defendant moved for a directed verdict on plaintiff's ADEA claim and for a dismissal of plaintiff's Title VII claim, arguing that the plaintiff [*3] had offered no evidence which established that he was laid-off because of his race, color, national origin or age. On September 13, 1991, the Court granted both of the defendant's motions. The Court concluded that the plaintiff's own evidence established that the defendant had a legitimate, nondiscriminatory reason for the plaintiff's layoff, namely that the plaintiff was not a registered professional engineer.

The defendant's motion for attorney's fees was filed on October 15, 1991. Subsequently, the plaintiff filed a notice of Appeal. The Court of Appeals for the Fourth Circuit affirmed the Court ruling. Shortly thereafter, the instant matter was referred to the Magistrate.

Plaintiff's counsel challenges this Court's Order of Reference, arguing that the Magistrate does not have the authority to recommend that attorneys' fees be imposed against counsel with respect to post-trial matters. Plaintiff's counsel argues that the Order of Reference is inconsistent with both *Fed. R. Civ. P. 72*, which empowers district court judges to refer nondispositive pretrial matters or dispositive pretrial matters to magistrates, and *28 U.S.C. § 636*, which governs [*4] the jurisdiction and empowers of magistrates. Plaintiff's counsel contends that neither Rule 72 nor *28 U.S.C. § 636* empowers a district judge to refer post-trial matters, such as the defendant's motion for attorneys' fees, to a magistrate. However, subsection (b)(3) of the statute provides that a district court may assign to a magistrate such additional duties as are not inconsistent

with the Constitution and laws of the United States. The Court is confident that this provision authorizes the referral of the defendant's motion for attorneys' fees.

Pursuant to *Federal Rule of Civil Procedure 11* and *28 U.S.C. § 1927*, the defendant seeks reimbursement of attorneys' fees incurred in defending against two of the claims in the plaintiff's lawsuit. Specifically, the defendant seeks to recover: (1) the attorney's fees incurred in defending against the plaintiff's age discrimination claim; and (2) the attorney's fees incurred in quashing the subpoena duces tecum which was served upon the Defendant's Manager of Human Resources on or about August 20, 1991. The defendant argues that the plaintiff's age discrimination [*5] claim is frivolous and completely without factual or legal merit, and that the subpoena was overly broad, unduly burdensome, and oppressive. The Magistrate agreed.

In the Report, the Magistrate concluded that the plaintiff's age discrimination claim was frivolous, warranting sanctions in the amount of $ 500.00 against counsel pursuant to *Fed. R. Civ. P. 11*. The Magistrate further concluded that the subpoena, issued by plaintiff's counsel and quashed by this Court, multiplied the proceedings in this case "unreasonably and vexatiously," warranting sanctions pursuant to *28 U.S.C. § 927* in the amount of $ 1,000.00 against the plaintiff's counsel. The Magistrate did not recommend the imposition of sanctions against the plaintiff. For the reasons discussed below, this Court concurs with the Magistrate's conclusions.

The defendant argues that

> a responsible pre-filing examination of the relevant facts and law would have revealed that the plaintiff's ADEA layoff claim was not legally or factually justified. Beyond that, a reasoned analysis of plaintiff's ADEA claim during the pendency of this lawsuit would have revealed . . . that plaintiff could produce [*6] absolutely no evidence to establish unlawful age discrimination.

(Memorandum in support of motion for attorney's fees, pg. 10-11.) In support of this argument the defendant notes that during his deposition the plaintiff testified that he did know whether the individuals responsible for his layoff had discriminated against him on the basis of his age. Furthermore, the evidence gathered during the course of discovery indicated that the plaintiff was not a victim of age discrimination. It was established that the plaintiff was forty-six (46) when hired by the defendant. Plaintiff's lay-off occurred during a company-wide reduction in force. At that time, four engineers worked in

the plaintiff's department. Two of the engineers were laid-off and two were retained. One of those retained was over forty (40) and one was under forty (40). The engineers retained by the company were registered professional engineers. It is undisputed that the plaintiff is not a registered professional engineer.

Plaintiff's counsel maintains that the ADEA claim was brought in "good faith" and that evidence discovered during the course of discovery indicated that the claim was in fact viable. The plaintiff [*7] notes that the defendant never moved to have the claim dismissed. However, this argument is unpersuasive because "there is no requirement that a party move for summary judgment as a precondition to the recovery of sanctions. *Blue v. U.S. Dept. of Army, 914 F.2d 525 (4th Cir. 1990).*

In a finding upheld by the Fourth Circuit, this Court found that no evidence of unlawful discrimination was produced at trial. To the contrary, the defendant produced a legitimate nondiscriminatory reason for the plaintiff's layoff, namely that the plaintiff was not a registered professional engineer. This Court agrees with the defendant and with the Magistrate's finding that upon the completion of discovery, plaintiff and counsel should have realized that the ADEA claim was not viable, and therefore should have declined to pursue it.

As the Fourth Circuit noted in Blue, Rule 11 mandates

> that every pleading, motion, or other paper filed with the court be the product of a "reasonable inquiry" on the part of the attorney or party signing the document, and that the document be "well grounded in fact and . . . . warranted by existing law or a good faith argument for the [*8] extension, modification, or reversal of existing law, and that it . . . not [be] interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Fed. R. Civ. P. 11.*

*Id. at 533.*

As it appears that the plaintiff's ADEA claim would not have been pursued to trial if the plaintiff and his counsel had made an honest and realistic assessment during the pendency of the instant action, the imposition of sanctions against the plaintiff's counsel is appropriate. *Blue, 914 F.2d 525, 543; Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987); Robinson v. National Cash Register Co., 808 F.2d 1119, 1130-31 (5th Cir. 1987).* The Court does not believe that sanctions against the plaintiff are warranted.

Defendant seeks to recover $ 11,661.00, one-half of the fees of its lead counsel during trial preparation and at trial. Rule 11 provides that counsel are entitled to "a reasonable attorney's fee," however "reasonable does not necessarily mean actual expenses and attorney's fees." *Fahrenz v. Meadow Farm Partnership, 850 F.2d 207, 211 (4th Cir. 1988).* [*9] Finding the defendant's requested amount of sanctions excessive, the Magistrate recommended that sanctions be imposed against plaintiff's counsel in the amount of $ 500.00 The Magistrate reasoned that the defendant declined to file appropriate motions, which in all probability would have been granted, thereby cutting off further consideration of the ADEA claim. Admittedly, the defendant was not required to file any motions, however such a course of action could have mitigated the defendant's attorney's fees. Furthermore, defendant's counsel prepared for trial on the plaintiff's Title VII claim which is not so different from the ADEA claim to justify the imposition of sanctions in the requested amount. The Court is in complete agreement with the magistrate's conclusion and underlying rationale. Accordingly sanctions are imposed against plaintiff's counsel in the amount of $ 500.00.

Pursuant to *Fed. R. Civ. P. 11* and *28 U.S.C. § 1927,* the defendant seeks to recover attorney's fees incurred in quashing the subpoena duces tecum which the plaintiff caused to be served upon the defendant's Manager of Human Resources. This Court quashed the subpoena, [*10] thereby thwarting the plaintiff's attempt to bypass the discovery process on the eve of trial. n1

> n1 This Court quashed the subpoena orally during the pretrial conference, but declined to consider the defendant's request for attorney's fees at that time. Plaintiff maintains that he interpreted the Court's decision not to consider the motion as a denial of the defendant's request. The plaintiff's misunderstanding is unfortunate. However, the Court never ruled or implied that the defendant could not be awarded a portion of the attorney's fees incurred in quashing the subpoena.

The Defendant argues that,

> the subpoena duces tecum was a blatant attempt by plaintiff to harass defendant on the eve of trial and to divert its attention away from necessary trial preparation. It commanded [the defendant] to produce thousands of documents never sought by the plaintiff in discovery.

(Memorandum in support of motion for attorney's fees, pg. 15-16). Rule 11 authorizes an award of attorney's fees against a plaintiff and/or [*11] his counsel if a matter is presented to the court "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." In addition, *28 U.S.C. § 1927* permits a court to assess against counsel the attorney's fees incurred as a result of conduct which "unreasonably and vexatiously" "multiplies the proceedings."

In the opposition to the defendant's motion for attorney's fees, the plaintiff makes contradictory arguments. Initially, the plaintiff concedes that he did not request all of the documents sought to be produced by the subpoena, then goes on to argue that he requested the documents in question during the discovery period. (plaintiff's opposition to motion for attorney's fees, pg. 28).

The Magistrate concluded that the plaintiff's counsel did in fact multiply the proceedings in the instant action unreasonably and vexatiously and that sanctions should be awarded under *28 U.S.C. § 1927*. This Court agrees and is convinced that the actions of plaintiff's counsel were of the sort which Rule 11 and section 1927 were designed to curtail. Therefore, the Court [*12] will award sanctions against plaintiff's counsel, but not against plaintiff.

Defendant seeks reimbursement in the amount of $ 4,043.00 for the work required to quash the subpoena. The Magistrate noted that because they came at the eve of trial, plaintiff's actions were far more egregious than those involved in the ADEA claim. However, as the defendant's request was still excessive, the Magistrate awarded sanctions in the amount of $ 1,000.00, only a fraction of the amount requested, against the plaintiff's counsel. The Court concurs with the Magistrate's Report as to the amount of the sanctions on this claim as well.

For the reasons discussed above, the Magistrate's Report and Recommendation as to the defendant's motion for attorney's fees is adopted. It will be so ordered.

8/13/93
date

    John R. Hargrove

    United States District Judge

    ORDER

In accordance with the foregoing Memorandum Opinion IT IS this 13th day of August, 1993, by the United States District Court for the District of Maryland hereby, ORDERED:

1) That the Magistrate's Report and Recommendation BE, and the same hereby IS, ADOPTED in toto.

2) That the Clerk of the Court mail copies of this Order to all parties of [*13] record and to the Honorable Daniel E. Klein, Jr., United States Magistrate Judge for the District of Maryland.

    John R. Hargrove

    United States District Judge

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Motion to Quash was served this

22nd day of September, 2004, via overnight mail, postage prepaid, to:

John J. Evans
Evans Law Offices LLC
30 Oak Street
Stamford, CT  06905

Theodore J. Tucci
Erin K. O'Brien Choquette
Robinson & Cole
280 Trumbull Street
Hartford, CT  06103-3597

Kenneth W. Gage

STM/282325.1

-5-