# ORIGINAL

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 SEP 24  A 10: 54

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RITA KRUK | |
| Plaintiff, | |
| - against - | |
| PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE COMPANY, INC. | |
| Defendants. | |

CIVIL ACTION NO.
3:02CV121 (AVC)

September 22, 2004

## DEFENDANT PECHINEY PLASTICS' MEMORANDUM OF LAW SUPPORTING ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY CONCERNING CLAIMS DISMISSED BY THIS COURT

Defendant Pechiney Plastics Packaging, Inc. ("Pechiney") by its counsel Paul, Hastings,

Janofsky & Walker LLP, hereby submits this memorandum of law in support of its motion in limine

to preclude Plaintiff Rita Kruk ("Kruk") from offering evidence and testimony regarding claims

previously dismissed by this court. See Summary Judgment Order dated September 30, 2003.

("Sum. J. Ord. at ___."). Pechiney respectfully requests that this Court exclude any and all evidence

or testimony concerning Kruk's claims of gender discrimination, retaliation, the conduct of Kruk's

Supervisor, Jean Paul Meausoone, and that Pechiney arbitrarily and capriciously denied her

severance benefits, as well as allegations regarding general swearing by Kruk's co-worker, Ashok

Sethi. Testimony or evidence of this nature should be precluded at trial because: (1) it is irrelevant to

Kruk's sole remaining claim against Pechiney: that a co-worker, Mr. Ashok Sethi, created a sexually

hostile environment and has no probative value to the issues presently before the court; and (2) any

possible probative value is substantially outweighed by the danger of unfair prejudice, confusion of

the issues and potentially misleading the jury. Accordingly, for all of the reasons stated herein, any

testimony or evidence proffered by Kruk or any other witness concerning claims dismissed by this

court should be excluded at trial.

## ARGUMENT

### A.    Standard

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the

admissibility and relevance of certain anticipated evidence. Luce v. United States, 469 U.S. 38, 41 n.

4, 105 S.CT. 460, 83 L.Ed.2d. 443 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).

Evidence is required to be both relevant and reliable to be admissible. Evidence "having any

tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401;

*See also,* Fed. R. Evid. 402 and 403; Amorgianos v. National Railroad Passenger Corp., 303 F.3d

256, 265 (2d Cir. 2002).

### B.    Evidence Regarding Kruk's Dismissed Claims Must Be Excluded

In the case at present, Pechiney anticipates that Kruk may attempt to offer testimony and

evidence regarding the following dismissed claims:

o    **Gender Discrimination:** Kruk may attempt to introduce evidence relating to
her claim that Pechiney terminated her employment because of her gender in
violation of Title VII of the Civil Rights Act of 1964, as amended.[1] She also
claimed that Pechiney discriminated against her on the basis of her gender

---

[1] As to her termination, Pechiney anticipates that Kruk may attempt to testify concerning the meeting in which she
learned of her termination, her assessment of her work performance, and her feeling that the termination was unjustified.
See e.g. Kruk Aff. at ¶ 19 ("I was called into Mr. Meausoone's office unexpectedly...I was shocked and in disbelief...I
informed them that this came at a terrible time, when I was about to walk out the door for an important doctor's
examination...").

when it refused to allow her to work on an e-business initiative.[2] Such evidence is not relevant to any claim currently before the Court, as the Court clearly dismissed these claims. (See Sum. J. Ord. at 28 and 29) (dismissing claims of gender discrimination holding, "Kruk has failed to offer evidence sufficient to raise a question of material fact as to whether sex discrimination motivated Kruk's termination" and "Kruk never clearly articulates why she believes her sex motivated Pechiney's decision...").

o  **Retaliation:** Pechiney anticipates that Kruk may seek to introduce evidence regarding her dismissed retaliation claim.[3] In the Order granting Pechiney's Motion for Summary Judgment on this claim, the Court found as a matter of law that Kruk had "made no complaints about the statutorily prohibited discrimination," and therefore "ha[d] not engaged in protected activity." (Sum. J. Order at 30.). The Court also held that Kruk had failed to establish a prima facie case of retaliatory termination. (Id.).

o  **Conduct of Mr. Meausoone:** In her Complaint, Kruk alleged that her supervisor, Jean Paul Meausoone, discriminated against her on the basis of gender and created a sexually hostile environment.[4] In its Order, this Court dismissed this claim holding, "a reasonable fact-finder would be unable to decide that [the various acts] constituted discrimination because of sex (internal quotation marks and ellipses omitted)." (Sum. J. Ord. at 17.) the Court also held that Pechiney was not liable for any of Meausoone's alleged harassing behavior because "Pechiney has established the elements required for an affirmative defense." (Sum J. Ord. at 22).

---

[2] Pechiney anticipates that Kruk may attempt to testify regarding her opinion of that decision, her qualifications for that position, and that she felt she was wrongfully denied this role.

[3] In particular, Kruk claimed that Pechiney terminated her employment in retaliation for her alleged complaints about Mr. Sethi's conduct the day before her termination. In addition, at her deposition, Kruk claimed that she had made various other complaints to the Company about other issues. For example, Kruk testified that she complained that Pechiney unfairly assigned stock options and bonuses, and only hired employees that met a particular profile. (Kruk Dep. at 215, 207). In addition, during their depositions, Kruk's counsel questioned Pechiney employees regarding an anti-trust investigation undertaken by the Department of Justice into the possible monopoly status of Pechiney's laminate tube business. See e.g. Sethi Dep. at 20.

[4] Specifically, Kruk alleged that Meausoone asked her to get coffee three times, inquired about her marriage and her children, talked about the importance of spending time with her children, scheduled meetings at "odd times" when she had family obligations, cancelled meetings with her and delegated work directly to her subordinates. See e.g. Kruk Aff. at ¶ 10, 13. Pechiney anticipates that Kruk also will attempt to testify and offer evidence concerning Mr. Meausoone's conduct, her opinion that Mr. Meausoone "came...from France" and the "[men from the French parent company] have little knowledge of the laws in the United States relating to sexual harassment in the workplace, and many have difficulty understanding why an employer cannot fire an employee for illegal reasons," and her opinion that "Mr. Sethi was a family friend of Mr. Meausoone." (Kruk Aff. at ¶ 8, 13). Notably, in its Order, the Court held that "Meausoone's inquiries into Kruk's family obligations are excluded from the Court's consideration since the court concludes that a reasonable fact-finder would be unable to decide that they constituted discrimination because of sex." (Sum. J. Ord. at 17) (emphasis added).

o **Severance Benefits**: Kruk has alleged that Pechiney's denial of her request for severance benefits was arbitrary and capricious.[5] Again, the Court has already held that Pechiney was entitled to judgment as a matter of law on this claim. Indeed, the Court ruled that "it is undisputed that under Pechiney's severance pay plan, such benefits are awarded only in cases where a job has been eliminated or there has been an organizational realignment, and these circumstances are not present here." (Sum. J. Ord. at 33-34, n6.)

o **General Swearing by Mr. Sethi**: Pechiney anticipates that Kruk will offer testimony and evidence regarding Mr. Sethi's alleged general swearing.[6] Noting that Kruk admitted that Mr. Sethi used this language "with other employees, male and female," the Court held that "Sethi's more general swearing…[is] excluded from the Court's consideration since … a reasonable fact-finder would be unable to decide that [it] constituted discrimination because of sex." (Sum. J. Ord. at 17).

Fed. R. Evid. 402 provides only for the admissibility of evidence that is relevant to the controversy at issue. As such, any evidence and testimony that is relevant only to claims dismissed by this Court, and utterly irrelevant to Kruk's surviving claim should be excluded.

Courts regularly exclude evidence in these circumstances. For example, in Munafo v. Metro. Transp. Auth., 00-CV-0134 (ERK) 2003 U.S. Dist. LEXIS 13495, *39-43 (E.D.N.Y. January 22, 2003), a former employee held various positions in the transit authority, and sought redress for certain disciplinary actions. The defendants contended that the disciplinary actions were taken because of Munafo's repeated insubordination. In addition, Munafo made various allegations regarding violations of his due process and First Amendment rights. Defendants were granted summary judgment regarding Munafo's due process claim. Nevertheless, Munafo's Witness and Exhibit lists prior to trial suggested that he intended to introduce evidence concerning the fairness and

---

[5] Pechiney anticipates Kruk will attempt to testify and offer evidence regarding the terms of Pechiney's severance plan, the decision by Pechiney to make or refuse payments under this plan and severance payments received by other employees.
[6] See e.g. Kruk Dep. at 176-77 (Sethi would "say things like what F are you doing in regard to a certain issue or whatever…He would regard certain, you know, memos or notes as either a pile of shit or a piece of shit…").

-4-

propriety of defendants' grievance and disciplinary processes. Id. The defendants contended that such evidence would only serve to confuse the jury, prejudice their fair trial, and divert the jury's focus from the real issue in the case. Id. Therefore, in response to a motion in limine, the court ruled that "these allegations relate solely to Munafo's dismissed cause of action for due process violations and any evidence supporting them must therefore be excluded." Id. at *40. As in Munafo, evidence regarding Kruk's dismissed claims should be excluded.

Even assuming, arguendo, that testimony or evidence on the dismissed claims has some relevance, it should still be excluded under Fed. R. Evid. 403. Fed. R. Evid. 403 permits the Court to exclude even relevant evidence, if its probative value is substantially outweighed by the dangers of confusing the issues, misleading the jury and unfair prejudice. In light of the fact that Kruk's claims regarding gender discrimination, retaliation, the conduct of Mr. Meausoone, Mr. Sethi's alleged general swearing and the severance plan were dismissed by this Court, the admission of testimony or evidence regarding these claims could only serve to confuse and mislead the jury and should therefore be excluded. Fed. R. Evid. 403. See e.g., Wright v. Aargo Sec. Servs., 99 Civ. 9115 (CSH) 2001 U.S. Dist. LEXIS 13891, *16-19 (S.D.N.Y. September 6, 2001) (excluding all evidence relating to Plaintiff's exemption status where prior ruling decided status issue as a matter of law).

Pechiney anticipates that Kruk may attempt to offer testimony and evidence concerning her dismissed claims, in order to garner sympathy from the jury and to divert attention from the weakness of her evidence on the single claim that remains. The Defendant respectfully requests that Kruk not be permitted to do an "end-run" around the Court's Order or to waste the jury's time with irrelevant and prejudicial evidence.

## II.  **CONCLUSION**

For the reasons stated herein, Pechiney respectfully requests that this Court exclude any and all evidence and testimony regarding Kruk's dismissed claims.

Respectfully Submitted,

By:

Kenneth W. Gage (ct12965)
Sarah E. Graves (ct15897)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email:  kennethgage@paulhastings.com
        sarahgraves@paulhastings.com

Counsel for Defendant
PECHINEY PLASTICS PACKAGING, INC.

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Defendant's Memorandum of Law

Supporting Its Motion in Limine To Preclude Evidence and Testimony Concerning Claims Dismissed

By This Court was served via ~~hand delivery~~ *overnight*, postage prepaid, this 23rd day of September, 2004, to:

> John J. Evans
> Evans Law Offices LLC
> 30 Oak Street
> Stamford, CT  06905
>
> Theodore J. Tucci
> Erin K. O'Brien Choquette
> Robinson & Cole
> 280 Trumbull Street
> Hartford, CT  06103-3597

Sarah E. Graves

STM/281649.2

-7-