UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK,<br>PLAINTIFF | :<br>: Civil Action No. 302CV121 (AVC)<br>: |
| v. | : |
| PECHINEY PLASTIC PACKG. INC.,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY, INC.,<br>DEFENDANTS | :<br>:<br>:<br>: September 22, 2004 |

### METLIFE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO LIMIT THE EVIDENCE OFFERED RELATING TO THE ERISA CLAIM

## I. INTRODUCTION

Defendant Metropolitan Life Insurance Company ("MetLife") submits this memorandum of law in support of its motion *in limine* for an order limiting the evidence admissible in the plaintiff's ERISA claim to the administrative record and testimony from a MetLife employee regarding the review of plaintiff's claim. Specifically, MetLife seeks to preclude any attempt by the plaintiff to introduce documentary evidence outside of the administrative record or testimonial evidence – including any testimony by the plaintiff – other than the limited testimony of the MetLife employee.

## II. APPLICABLE LEGAL STANDARD

As the court has already held, this case will be reviewed under the abuse of discretion standard because that is the proper standard in an action to recover plan benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), where, as here, "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber v. Bruch, 489 U.S. 101, 115 (1989); Dunn v. Standard Ins. Co., 156 F. Supp. 2d 227, 235 (D.Conn. 2001). (*Ruling on Defendants' Motions for Summary Judgment,*

*[Handwritten margin annotation:]* September 27, 2004. Granted with the proviso that, while the court must limit its review to the evidence contained within the administrative record, to the extent there is a dispute as to any evidence that the plaintiff claims should have been included within that record, the court shall consider such evidence. SO ORDERED. /s/ Alfred V. Covello, U.S.D.J.