UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RITA KRUK

Plaintiff,

- against -

PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE COMPANY, INC.

Defendants.

CIVIL ACTION NO. 3:02CV121 (AVC)

September 27, 2004

**DEFENDANT PECHINEY PLASTICS PACKAGING, INC.'S MOTION TO ADMIT INTO EVIDENCE THE VIDEOTAPED DEPOSITION OF EDWARD FITZGERALD**

## I. Introduction

Defendant Pechiney Plastics Packaging, Inc. ("Pechiney") hereby moves to admit into evidence portions of the videotaped deposition of Edward Fitzgerald ("Mr. Fitzgerald"), pursuant to Federal Rule of Civil Procedure 32(a)(3)(B) ("Rule 32(a)(3)(B)").

Mr. Fitzgerald, a third party witness, will be in Europe on a personal vacation during the trial. And Rule 32(a)(3)(B) provides in relevant part that "[t]he deposition of a witness . . . may be used by any party for any purpose if the court finds . . . (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States. . . ." Accordingly, for the reasons stated herein, Pechiney should be permitted to introduce at trial portions of the September 24, 2004 deposition of Mr. Fitzgerald, subject of course to the Rules of Evidence as they pertain to the substance of his testimony. The portion of testimony Pechiney intends to offer is approximately

thirty minutes in length, and Pechiney will provide copies of a transcript to the Court and counsel to facilitate the resolution of any objections made at the time by Plaintiff Rita Kruk's ("Kruk" or "Plaintiff") counsel.

## II. Facts

This case involves, among other things, Kruk's claim that during her employment with Pechiney, a co-worker, Ashok Sethi, engaged in inappropriate conduct that Kruk believes constitutes sexual harassment under Title VII. Edward Fitzgerald was, until January 2000, Kruk's supervisor and he testified among other things, that during his employment Kruk never brought to his attention any issue of sexual harassment involving Mr. Sethi. Mr. Fitzgerald is no longer employed by Pechiney, having left the company in January 2000. Mr. Fitzgerald is leaving the country on a previously scheduled, prepaid family vacation to Europe on September 27, 2004, and he will not be returning to the United States until October 6, 2004.[1]

To prevent the unnecessary canceling of a family vacation, Pechiney moved the Court to preserve Mr. Fitzgerald's testimony on videotape. That motion was granted, and the deposition was taken on September 24, 2004. The videotaped deposition lasted approximately two hours and ten minutes. During the deposition, both parties questioned Mr. Fitzgerald. Kruk's counsel had ample opportunity to fully question the witness. In fact, the length of Kruk's counsel's questioning far exceeded the length of the Pechiney questionsing. Pechiney covered all costs associated with recording Mr. Fitzgerald's testimony.

---

[1] The declaration of Mr. Fitzgerald concerning such vacation is attached at Exhibit 1.

## III. Argument

Pursuant to Rule 32(a)(3)(B), the deposition of a third party witness may be used for any purpose if the Court concludes that the witness is out of the United States and did not intentionally arrange the absence. "[R]ule 32 establishes situations in which deposition testimony may properly be used and while the directives of such rule (particularly subsection (a)(3)(B)) appears precatory and creating a degree of discretion in the court, nonetheless it follows that such exceptions should be allowed to apply absent some compelling reason otherwise." Nash v. Heckler, 108 F.R.D. 376, 377-78 (W.D.N.Y. 1985). In Richmond v. Brooks, 227 F.2d 490, 492-93 (2d Cir. 1955), the Second Circuit's leading case on the admissibility of a party's deposition, the Court concluded that since the witness was 100 miles from the place of trial and a party had not procured her absence – the Court should admit the deposition into evidence.[2] "Richmond has been consistently followed [in the Second Circuit] in the few cases addressing the admissibility of a party's . . . deposition . . . ." Morgan v. Ward, 699 F.Supp. 1025, 1049 (N.D.N.Y. 1988); Nash, 108 F.R.D. at 378.

The circumstances in the present case clearly meet the requirements of Rule 32(a)(3)(B). Mr. Fitzgerald is out of the United States for the anticipated length of the trial. He has a previously scheduled family vacation to Europe from September 27, 2004 to October 6, 2004. Furthermore, Pechiney did not procure his absence; Mr. Fitzgerald planned the vacation a month ago before he was aware of the trial dates. Pursuant to Rule 32(a)(3)(B) and Second Circuit case law, it is proper to admit in to evidence Mr. Fitzgerald's videotaped deposition.

Furthermore, no compelling reason exists in the present case to exclude the September 24, 2004 deposition. Cases excluding depositions in opposition to Rule 32(a)(3)(B) usually do so

---

[2] Rule 32(a)(3)(B) allows the deposition of a witness to be admitted if the witness is 100 miles from the place of trial **or** outside the United States.

because: (1) the court cannot observe the witness' demeanor or (2) the opposing party did not have an opportunity to cross-examine the deposed witness. Neither circumstance exists in the present case. First, courts have noted a preference for observing the witness' demeanor; however, this concern is at issue when only the reading of transcripts is available. Videotaped testimony alleviates this concern because the Court will be able to view and hear Mr. Fitzgerald. See Skins and Leather Co., Inc. v. Twin City Leather Co., Inc., 246 B.R. 743, 748 (N.D.N.Y. 2000). Second, Kruk was not deprived of the opportunity to cross examine Mr. Fitzgerald. Plaintiff's counsel questioned Mr. Fitzgerald on September 24, 2004 for more than an hour concerning a variety of topics. Additionally, the subjects covered by Pechiney in the videotaped deposition were covered by Kruk's counsel in the discovery deposition he took on September 27, 2002. Plaintiff cannot claim any prejudice. The videotaped deposition in the present case meets the requirements of Rule 32(a)(3)(B), and, therefore, can properly be admitted into evidence.

## IV. Conclusion

For the reasons stated herein, Pechiney respectfully requests that this Court permit Pechiney to introduce at trial portions of the September 24, 2004 videotaped deposition of Edward Fitzgerald, subject to the Rules of Evidence as they relate to the substance of his testimony.

Respectfully Submitted,

By: ______________________________

Kenneth W. Gage(ct12965)
Sarah E. Graves (ct15897)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: kennethgage@paulhastings.com
sarahgraves@paulhastings.com

Counsel for Defendant
PECHINEY PLASTICS PACKAGING, INC.

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing Defendant Pechiney Plastics Packaging, Inc.'s Motion to Admit into Evidence the Videotaped Deposition of Edward Fitzgerald was served via hand delivery, postage prepaid, this 27th day of September, 2004, to:

John J. Evans
Evans Law Offices LLC
30 Oak Street
Stamford, CT 06905

Theodore J. Tucci
Erin K. O'Brien Choquette
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Kenneth W. Gage

STM/282558.1

Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK<br><br>Plaintiff,<br><br>v.<br><br>PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE CO., INC.<br><br>Defendants. | NO. 3:02CV121 (AVC)<br><br>SEPTEMBER 24, 2004 |

**DECLARATION OF EDWARD FITZGERALD**

Edward Fitzgerald, being duly sworn, deposes and says:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I have received a subpoena to appear at the trial of the above-mentioned case on September 27, 2004.

3. On September 27, 2002, I testified in a deposition upon notice served by Plaintiff's counsel, and on September 24, 2004, I testified in a videotaped deposition, at which I was questioned by both counsel for Pechiney and counsel for the Plaintiff, Rita Kruk.

4. Over a month ago, my wife and I planned a vacation in Europe and purchased non-refundable airline tickets, the flights for which depart from New York to Paris on September 27, 2004. I therefore will be out of the country from the evening of September 27, 2004 through October 6, 2004.

I declare under penalty of perjury under the laws of the United States that the above statements are true and accurate.

Edward Fitzgerald

Sworn to and subscribed before me this 24th day of September, 2004.

Notary Public
My Commission expires:

ANNA ROBERTS DALLIN
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAR. 31, 2006

STM/282547.1