UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK<br><br>Plaintiff,<br><br>v.<br><br>PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE CO., INC.<br><br>Defendants. | NO. 3:02CV121 (AVC)<br><br><br><br>SEPTEMBER 27, 2004 |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Pechiney Plastics Packaging, Inc. ("Pechiney"), by its attorneys, Paul, Hastings, Janofsky & Walker LLP, hereby responds to the Second Amended Complaint in the above-captioned mater, dated July 23, 2003, as follows:

1.  Pechiney lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and therefore leaves Plaintiff to her proof.

2.  Admitted.

3.  Pechiney lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore, leaves Plaintiff to her proof.

COUNT ONE

4. Pechiney admits that Plaintiff purports to invoke this Court's jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Except as specifically admitted, the allegations of paragraph 4 are denied.

5. Admitted.

6. Admitted.

7. Pechiney denies the allegations contained in paragraph 7 and all of its subparts. Pechiney further denies that Jean-Paul Meausoone is a defendant in this case.

8. Pechiney admits that Plaintiff's employment was terminated effective July 31, 2000. Except as specifically admitted, Pechiney denies the allegations of paragraph 8. Pechiney also denies that Jean-Paul Meausoone is a defendant in this case.

9. Pechiney lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and therefore, leaves Plaintiff to her proof.

10. Denied.

11. Denied.

12. Denied.

13. Pechiney denies the allegations contained in paragraph 8, and Pechiney further denies that Jean-Paul Meausoone is a defendant in this case.

14. Denied.

COUNT TWO

1-3. Pechiney repeats and realleges its responses to paragraphs 1 through 3 of Count One as if fully set forth herein.

4.     Pechiney admits that plaintiff purports to invoke this Court's jurisdiction under the Employee Retirement Income Security Act, 29 U.S.C. 1001 *et. seq.* Except as specifically admitted, the allegations of paragraph 4 are denied.

5.     Denied.

6.     Denied.

7.     Pechiney admits that Plaintiff applied for and received short term disability benefits for a period of six months. Except as specifically admitted, the allegations of paragraph 7 are denied.

8.     Pechiney admits Plaintiff's employment with Pechiney was terminated as of July 31, 2000. Except as specifically admitted, the allegations of paragraph 8 are denied.

9.     Denied.

10.    Pechiney admits Plaintiff applied for long term disability benefits under the said plan, which application bears claim number 620101238502, under Group number 300765. Except as specifically admitted, the allegations of paragraph 10 are denied.

11.    Denied.

12.    Pechiney denies the allegations contained in paragraph 12 and all of its subparts.

13.    Denied.

## COUNT THREE

The Defendant makes no answer to this count as it is not directed at Pechiney.

## COUNT FOUR

1-3.   Pechiney hereby incorporates its responses to paragraphs 1 through 3 of Count One as if fully set forth herein.

4. Pechiney admits that plaintiff purports to invoke this Court's jurisdiction under the Employee Retirement Income Security Act, 29 U.S.C. 1001 *et seq.*, purports to seek to recover benefits from Pechiney's long term disability plan and purports to make a claim for breach of fiduciary duty against Pechiney. Except as specifically admitted, the allegations of paragraph 4 are denied.

5-12. Pechiney hereby incorporates its responses to paragraphs 5 through 12 of Count Two as if fully set forth herein.

13. Pechiney denies the allegations contained in paragraph 13 and all of its subparts.

COUNT FIVE

The Defendant makes no answer to this count as it is not directed at Pechiney.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE AS TO COUNTS ONE, TWO AND FOUR

Plaintiff fails to state claims against Pechiney upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE AS TO COUNTS ONE, TWO AND FOUR

Plaintiff has not suffered any damages.

THIRD AFFIRMATIVE DEFENSE AS TO COUNT ONE

To the extent that Plaintiff seeks to bring claims not covered by her Charge of Discrimination filed with the Equal Employment Opportunity Commission, such claims are barred by the applicable statute of limitations, and/or by her failure to comply with jurisdictional and/or administrative prerequisites to filing suit, including her failure to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE AS TO COUNT ONE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Pechiney, the Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE AS TO COUNT ONE

Plaintiff's claims are barred because (1) Pechiney exercised reasonable care to prevent and correct the conduct alleged in Plaintiff's Complaint; and (2) Plaintiff unreasonably failed to take advantage of such preventative and corrective opportunities provided by Pechiney to remedy the allegations contained in her Complaint.

### SIXTH AFFIRMATIVE DEFENSE AS TO COUNT ONE

Plaintiff's employment was terminated for legitimate business reasons.

### SEVENTH AFFIRMATIVE DEFENSE AS TO COUNTS TWO AND FOUR

Plaintiff's claims are barred by the terms and conditions of the Plan.

### EIGHTH AFFIRMATIVE DEFENSE AS TO COUNTS TWO AND FOUR

Plaintiff's claims fail because Pechiney properly exercised its discretionary authority in interpreting the terms and conditions of the Plan, and Pechiney's determination was reasonable.

## NINTH AFFIRMATIVE DEFENSE AS TO COUNTS TWO AND FOUR

Plaintiff is not entitled to recover attorney's fees and costs against Pechiney because, at all relevant times, Pechiney acted reasonably and in good faith.

>                     DEFENDANT,
>                     PECHINEY PLASTICS PACKAGING, INC.
>
> By: _____
>     Kenneth W. Gage, Esq. (ct12965)
>     Sarah E. Graves, Esq. (ct15897)
>     Paul, Hastings, Janofsky & Walker LLP
>     1055 Washington Boulevard
>     Stamford, Connecticut 06901
>     (203) 961-7400 (telephone)
>     (203) 359-3031 (facsimile)
>     kennethgage@paulhastings.com
>     sarahgraves@paulhastings.com
>     Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing Answer and Affirmative Defenses was mailed this 27th day of September, 2004, via hand delivery, to:

> John J. Evans
> 30 Oak Street
> Stamford, CT 06905
>
> Theodore J. Tucci
> Erin K. O'Brien
> Robinson & Cole
> 280 Trumbull Street
> Hartford, CT 06103-3597

_____
Sarah E. Graves