UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK<br><br>                    Plaintiff,<br><br>v.<br><br>PECHINEY PLASTICS PACKAGING, INC. and<br>METROPOLITAN LIFE INSURANCE CO., INC.<br><br>                    Defendants. | NO. 3:02CV121 (AVC)<br><br><br><br><br><br><br><br>DECEMBER 3, 2004 |

### DEFENDANT PECHINEY'S POST-TRIAL MEMORANDUM

The defendant, Pechiney Plastics Packaging, Inc. ("Pechiney") respectfully submits this post-trial memorandum regarding plaintiff, Rita Kruk's remaining claim, which is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). For the reasons set forth below, as well as those set forth in more detail in the post-trial memorandum filed by the defendant, Metropolitan Life Insurance Company ("MetLife"),[1] judgment should enter in favor of Pechiney and MetLife on plaintiff's claim for long term disability benefits.

ARGUMENT

The Plaintiff, Rita Kruk ("Plaintiff") commenced this action on January 22, 2002, seeking, *inter alia*, to recover long term disability ("LTD") benefits under an employee welfare

---

[1] Pechiney specifically incorporates by reference the arguments made by MetLife in its post-trial memorandum. Therefore, Pechiney will not restate those arguments here.

-1-

benefit plan ("the Plan") funded by Pechiney and administered by MetLife. Following discovery, the defendants, Pechiney and MetLife moved for summary judgment on Plaintiff's claim for LTD benefits under ERISA.

In opposition to the motions for summary judgment, Plaintiff asserted four arguments. First, she argued that MetLife had a monetary interest in maintaining its business with Pechiney, and therefore, that it operated under a conflict of interest, precluding any deference to its decision as a claims administrator. Second, she suggested that Pechiney interfered in the decision by MetLife on her claim for LTD benefits, and that Pechiney was somehow motivated to interfere with that decision because Plaintiff was threatening a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and later because Plaintiff would not compromise that claim in a mediation before the Equal Employment Opportunity Commission ("EEOC"). Third, she argued that MetLife actually approved her claim and then reversed its decision. Fourth, and most significantly, Plaintiff argued that when deciding her appeal from the initial denial of benefits, MetLife did not consider specific medical evidence allegedly proffered by one of her physicians, Dr. David Witt, in response to MetLife's questions.

The Court rejected Plaintiff's argument that MetLife operated under a conflict of interest (*Ruling on Defendants' Motions for Summary Judgment, dated Sept. 30, 2003, p. 32 n. 5*), and confirmed that the appropriate standard for reviewing MetLife's decision was the abuse of discretion standard. (*Id., p. 31.*) However, as required on a motion for summary judgment, the Court "view[ed] all inferences and ambiguities in a light most favorable to" Plaintiff and found that there were genuine issues of material fact warranting a trial. (*Id., p. 13.*)

Having overcome the hurdle of summary judgment, where ambiguities were resolved in her favor at trial, Plaintiff attempted to prove her claim by a fair preponderance of the evidence. Implicitly conceding that the administrative record amply supported MetLife's decision, plaintiff repeatedly but unsuccessfully attempted to prove that the record considered by MetLife was incomplete and that somehow Pechiney interfered with MetLife's decision.

Despite her efforts, Plaintiff succeeded in proving nothing and instead presented only accusations and innuendo supported by her counsel's questions and arguments.

- The admissible evidence at trial proves that Pechiney did not in any way interfere with or direct the decision made by MetLife.

- The admissible evidence presented at trial proved that Pechiney, through Ann "Billie" Wallace, provided to MetLife all materials given to Pechiney by Plaintiff and that there was no information offered by Plaintiff to Pechiney that was not properly considered by MetLife. (Post-trial Memorandum of MetLife, dated December 3, 2004 ("MetLife Mem."), Section V.C.)

- The admissible evidence presented at trial fails to prove by a preponderance of the evidence that MetLife's determination was arbitrary and capricious, and in fact, the evidence makes clear that the determination was reasonable. (MetLife Mem., Sections IV, VI.)

- The admissible evidence at trial proved that MetLife did not approve the Plaintiff's benefits claim and then reverse that decision. To the contrary, the admissible evidence at trial proved that an unauthorized employee initially recommended approval before an Independent Physician Consultant's views were

sought, as was consistent with MetLife's practices. (MetLife Mem., Section IV.C.)

- The admissible evidence presented at trial failed to prove by a preponderance of the evidence that MetLife's record was in any way incomplete or that MetLife in any way was obligated to do more than it did in considering Plaintiff's claim. (MetLife Mem., Section V.)

- The admissible evidence at trial demonstrated that MetLife was <u>unaware</u> of Plaintiff's pending charge of discrimination at the EEOC or any failed efforts to mediate that charge. (Marchese Testimony, September 30, 2004, pp. 49-50.)

In sum, the trial of this matter served its purpose; it provided Plaintiff an opportunity to prove her claim by a fair preponderance of the evidence. She failed to do so. Therefore, judgment should enter for Pechiney and MetLife.

DEFENDANT,
PECHINEY PLASTICS PACKAGING, INC.

DATED: December 3, 2004     By: _____
Kenneth W. Gage, Esq. (ct12965)
Sarah E. Graves, Esq. (ct15897)
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, Connecticut 06901
(203) 961-7400 (telephone)
(203) 359-3031 (facsimile)
kennethgage@paulhastings.com
sarahgraves@paulhastings.com
Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Defendant Pechiney's Post-Trial Memorandum was served United States First Class Mail, postage prepaid, on December 3, 2004 to the following:

>John J. Evans
>Evans Law Offices LLC
>30 Oak Street
>Stamford, CT 06905
>
>Theodore J. Tucci
>Robinson & Cole
>280 Trumbull Street
>Hartford, CT 06103-3597

_____
Kenneth W. Gage

STM/286693.1