UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK<br><br>Plaintiff,<br><br>v.<br><br>PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE CO., INC.<br><br>Defendants. | NO. 3:02CV121 (AVC)<br><br><br><br>DECEMBER 20, 2004 |

### DEFENDANT PECHINEY'S POST-TRIAL REPLY MEMORANDUM

The defendant, Pechiney Plastics Packaging, Inc. ("Pechiney") respectfully submits this post-trial reply memorandum in response to the memorandum filed by plaintiff, Rita Kruk ("Plaintiff"), dated December 6, 2004. For the reasons set forth in the memoranda already filed by defendants, as well as those set forth below and in MetLife's Response To Plaintiff's Post-Trial Memorandum, dated December 20, 2004, judgment should enter for the defendants and the Court should award defendants attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(1).[1]

- **Plaintiff Is Not Entitled To Penalties Under Section 502(c) of ERISA, 29 U.S.C. § 1132(c).**

Section 502(c) of ERISA does not require the imposition of penalties upon a plaintiff's vague testimony that she made an oral request for a summary plan description (the "SPD").

---

[1] Pechiney will not address all of Plaintiff's record distortions and rhetoric in its reply. Rather, it will only address the legal standards and factual record applicable to Plaintiff's claim for penalties under ERISA.

-1-

Instead, the statute leaves it to the Court's discretion. See Chambers v. European American Bank and Trust, 601 F. Supp. 630, 638 (E.D.N.Y. 1985).[2] Moreover, in order to properly support her claim for penalties, Plaintiff must prove that she requested plan documents in writing. Wilson v. Moog Automotive, Inc. Pension Plan, 193 F.3d 1004, 1010 (8th Cir. 1999). And while it is unclear whether bad faith or prejudice is a prerequisite in this Circuit, "[t]he weight of authority indicates that penalties are not imposed when a plaintiff has failed to demonstrate that his rights were harmed or otherwise prejudiced by the delay in his receipt of the information. [Citations omitted]." Chambers, 601 F. Supp. at 638. Based upon the evidence presented at trial, there is no basis for such penalties.

There was no competent proof that Plaintiff requested plan documents in writing. She testified that she spoke to Anne "Billie" Wallace and some unnamed person at Metropolitan Life Insurance Company ("MetLife"). (Kruk Test. 9/29/04, pp. 182-184.) She also claims that plan documents were requested by her attorney and that "letters signed by [her] attorney" were sent to Pechiney. (Kruk Test. 9/27/04, pp. 134-135; Kruk Test. 9/29/04, p. 182-183.) Certainly, if her attorney requested documents on her behalf, Plaintiff would have introduced such correspondence into evidence. The Court should consider her failure to do so a complete failure of proof because the weight of the credible evidence indicates that no such request ever was made, orally or in writing.

---

[2] The Court's discretion is informed by a number of factors, including whether the administrator acted in bad faith or intentionally, the extent and importance of the documents withheld, and the existence of any prejudice to the participant. Armstrong v. Liberty Mutual Life Assurance Co. of Boston, 273 F. Supp. 2d. 395, 409 (S.D.N.Y. 2003.)

Plaintiff's claim that she orally sought Plan documents also is belied by all of the competent evidence. Contrary to her vague, rehearsed testimony, "she did not" call Billie Wallace at Pechiney regarding long term disability ("LTD") benefits. (Wallace Test. 9/27/04, p. 162.) Instead, Billie Wallace contacted her first, in writing, on November 8, 2000 (Def's Ex. 7) and then again in writing on November 30, 2000 (Def's Ex. 8). Billie Wallace was methodical in her processing of LTD applications. (Wallace Test. 9/27/04, pp. 163-167.) She explained that "[e]verything would be written down or in the file. . . ," (Wallace Test. 9/27/04, p. 163), and no evidence was offered to show that Pechiney's files reflected any requests from Plaintiff, much less a request for the SPD.

Plaintiff also testified that after she received the denial letter, Billie Wallace referred her to MetLife and that she asked "them" for the plan documents. (Kruk Test. 9/29/04, p. 182.) This never happened either. Plaintiff's request for review made no mention of any plan documents, which belies any claim that she requested them in a telephone conversation on the same subject. (Kruk Test. 9/29/04, pp. 178-180; Pl's Ex. 23.) MetLife maintained a running diary of communications regarding Kruk's claim. (Defs' Ex. 17.) Plaintiff herself testified that she kept notes of attempts to contact people at MetLife. (Kruk Test. 9/29/04, p. 165.) Yet in all of this documentation, "the unfortunate thousands of pages,"[3] nowhere was there any record to corroborate Plaintiff's claim that she requested the SPD.

Finally, Plaintiff has not demonstrated that she was prejudiced in any way by the alleged failure to provide her with the SPD. The SPD is in evidence (Defs' Ex. 11); yet Plaintiff has not even attempted to show how allegedly not having it affected her application for benefits or her

---

[3] Argument of Plaintiff's Counsel 9/29/04, p. 149.

request for review.[4] Billie Wallace provided Plaintiff with the forms necessary to make her application, and Plaintiff returned the forms to her, seemingly without questions. (Kruk Test. 9/29/04, p. 137; Wallace Test. 9/27/04, pp. 157-158.) Plaintiff signed the "Reimbursement Agreement" concerning social security benefits on December 11, 2000, which stated that she understood the terms of the Plan. (Def's Ex. 15.) Her letters to MetLife reflect no confusion or lack of understanding on her part. (Defs' Exs. 20, 29.) Certainly, if Plaintiff truly felt prejudiced or disadvantaged in her ability to apply for benefits or seek a review of the denial because she was unable to obtain the SPD, she would have written either to MetLife or Pechiney, but she did not.

Plaintiff's request for penalties under Section 502(c) of ERISA should be rejected, judgment should enter for the defendants, and the Court should award attorneys' fees and costs to defendants under 29 U.S.C. §1132(g)(1).

DATED: December 20, 2004

DEFENDANT,
PECHINEY PLASTICS PACKAGING, INC.

By: /s/ Kenneth W. Gage

Kenneth W. Gage, Esq. (ct12965)
Sarah E. Graves, Esq. (ct15897)
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, Connecticut 06901
(203) 961-7400 (telephone)
(203) 359-3031 (facsimile)
kennethgage@paulhastings.com
sarahgraves@paulhastings.com
Its Attorneys

---

[4] Curiously, this former director of human resources never asserted that she did not already possess the SPD. Cf. Armstrong, 273 F. Supp. 2d at 410 ("plaintiff does not assert that he did not possess those documents").

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Defendant Pechiney's Post-Trial Memorandum was served United States First Class Mail, postage prepaid, on December 20, 2004 to the following:

>John J. Evans
>Evans Law Offices LLC
>30 Oak Street
>Stamford, CT  06905
>
>Theodore J. Tucci
>Robinson & Cole
>280 Trumbull Street
>Hartford, CT  06103-3597

*/s/ Kenneth W. Gage*
Kenneth W. Gage

STM/287431.2