UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK,<br>    PLAINTIFF | :    Civil Action No. 302CV121 (AVC)<br>:<br>: |
| v. | :<br>:<br>: |
| PECHINEY PLASTIC PACKG. INC.,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    DEFENDANTS | :<br>:<br>:<br>:    December 21, 2004 |

### DEFENDANT METLIFE'S SUPPLEMENTAL MEMORANDUM OF LAW RE PLAINTIFF'S CLAIM FOR DAMAGES

Metropolitan Life Insurance Company ("MetLife") submits this memorandum pursuant to the Court's request to address plaintiff's damages claim.

**I.    INTRODUCTION**

Plaintiff's claim for damages is based upon a fundamental misunderstanding of both the facts and the law. Not only does plaintiff misstate the monthly benefits to which she might have been entitled if she had proven her claim, but also, plaintiff ignores the well-established law dictating that the proper remedy if the Court finds that MetLife's claim determination was unreasonable is to remand plaintiff's claim to MetLife for a determination of eligibility and a calculation of benefits.

## II. ARGUMENT

### A. *Should Plaintiff Prevail, Her Claim Must Be Remanded to MetLife for a Determination Regarding Eligibility for Benefits.*

As the Court has already held, this case is to be reviewed under the abuse of discretion standard. (*Ruling on Defendants' Motions for Summary Judgment, Sept. 30, 2003 at 31*). Under this standard, the Court may not substitute its own judgment for that of the claim administrator, Short v. Unum Life Ins. Co. of Am., 2003 U.S. Dist. LEXIS 22327 at * 19 (D. Conn. Dec. 3, 2003), but instead, must determine only whether, based on the administrative record, the claim administrator had a reasonable basis for its decision. Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1255 (2d Cir. 1996). "ERISA empowers federal courts to review the decisions of plan administrators, but provides no authority for a court to render a *de novo* determination of an employee's eligibility for benefits." Peterson v. Continental Cas. Co., 282 F.3d 112, 117 (2d Cir. 2002).

Accordingly, if the Court accepts plaintiff's claim that MetLife's investigation was incomplete or that MetLife failed to consider evidence that plaintiff actually submitted as part of the record, the Court must remand plaintiff's claim to MetLife in its capacity as claim administrator with instructions to consider additional evidence. Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995). See also Peterson, 282 F.3d at 118 (court exceeded its jurisdiction by rendering a determination about plaintiff's eligibility for benefits; if administrator failed to consider some evidence or failed to explain adequately the basis for its decision, the court must remand the case for further findings or explanation).

In particular, plaintiff's claim that she is entitled to an award for benefits from 2001 to the present plus reinstatement in the Plan ignores the fact that plaintiff has failed to show that she

2

has been totally disabled since 2001. In particular, plaintiff's claim for benefits was denied in September 2001 and therefore the record does not contain any evidence of plaintiff's medical condition after August 2001.[1] Because there is no evidence in the record on which the Court could make any findings of fact regarding whether plaintiff was disabled at any time after August 2001, the Court cannot award plaintiff benefits retroactively, and the proper course of action would be to remand the claim to MetLife for further findings.

This issue was specifically addressed by the court in Nerys v. Building Services 32B-J Health Fund, 2004 U.S. Dist. LEXIS 19766 (S.D.N.Y. Sept. 30, 2004). Although the court concluded that the administrator's determination concerning plaintiff's eligibility for disability benefits was arbitrary and capricious, it recognized that it did not have the authority to award plaintiff benefits. Holding as a matter of law that "the Court may not substitute its own judgment for that of the Trustees and simply conclude that the plaintiff has established his entitlement to benefits," the court ruled that "appropriate remedy is to remand to the fiduciary for a new eligibility determination." Id. at * 30-31. See also Miller, 72 F.3d 1071 (under the arbitrary and capricious standard of review, courts cannot consider any evidence outside the administrative record).

Plaintiff's claim for an award of benefits from the Court must also fail because MetLife has never considered – and there is no evidence in the record – on whether plaintiff would qualify for benefits under the "any occupation" definition of disability under the Plan. The Plan defines total disability as:

---

[1] The October 12, 2001 fax sent to MetLife by Dr. Witt's office contained nothing more than the medical records previously submitted in August 2001. ( Paci Testimony, 9/29/04, pp. 37-38; Defs' Exs. 38A, 48.)

3

> For the first two years of your long-term disability period, you are unable to perform the major duties of your job with Pechiney Plastic Packaging, Inc. After two years, you're totally and permanently disabled and unable to perform any job for which you are qualified by education, training and experience.

(Plan, Defs' Ex. 12, p. DI-6.) Because MetLife denied plaintiff's claim for benefits within the first two years after she claimed to be disabled, MetLife appropriately reviewed plaintiff's claim under the first part of the definition (whether plaintiff was unable to perform the major duties of her job at Pechiney) to determine if she qualified for benefits at the time she stopped working. The record is completely silent as to whether as of July 2002 plaintiff was "unable to perform any job for which [she is] qualified by education, training and experience." (Plan, Defs' Ex. 12, p. DI-6.) Such a determination requires interpretation of the Plan terms and further claim investigation, tasks which the Court, under ERISA, is not authorized to perform. Caldwell v. Life Ins. of N. Am., 287 F.3d 1276, 1289 (10th Cir. 2002) (court erred in reaching the merits of plaintiff's "any occupation" claim because administrative record addressed only plaintiff's eligibility under the more stringent "own occupation" standard). As such, the only appropriate remedy is to remand plaintiff's claim to MetLife. Id.

Plaintiff's claim that she is entitled to three years of back benefits also ignores the Plan's explicit limitation on coverage for mental and emotional illness. The Plan states that if a claimant "is being treated for mental and emotional illness or substance abuse, benefits will be paid for 24 months." (Plan, Defs' Ex. 12, p. DI-5.) Plaintiff has consistently asserted that her primary diagnosis is depression. (Statement of Claim, Defs' Ex. 13; Attending Physician Statement; Defs' Ex. 13; Supplemental Functional Assessment Form; Defs' Ex. 25.) Thus, even if plaintiff prevails on her denial of benefits claim, the very most she could receive is 24 months

4

of benefits,[2] assuming that satisfactory evidence was presented to MetLife on remand demonstrating that plaintiff was disabled because of a mental or emotional illness during the 24 month time period.

Moreover, the Plan also provides that benefits will automatically stop if the claimant refuses "to obtain and follow medical advice that is recommended by a competent medical authority" or the claimant "earns wages or salary at a job that is not part of an approved rehabilitation program." (Plan, Defs' Ex. 12, p. DI-6.) There is absolutely no evidence in the record regarding these issues and thus there is no basis for the Court to conclude that plaintiff's claim for benefits is not reduced or eliminated by these Plan terms. The Court cannot simply assume that plaintiff has continued to obtain and follow medical advice, nor can it assume that plaintiff has not earned any wages. Instead, these issues must be investigated by MetLife as part of the claim review process authorized by the Plan before any determination can be made regarding plaintiff's eligibility for benefits.

### B. *Should Plaintiff Prevail, Her Claim Must Be Remanded to MetLife for a Proper Calculation of Benefits.*

Nor is there any support in evidence or the Plan for plaintiff's assertion that she is entitled to an award of $4,145.10/month in benefits. The Plan explicitly states that the benefits paid under the Plan will be offset by any Social Security benefits, Workers Compensation benefits, local, state or federal disability benefits, or other group disability coverage. (Plan, Defs' Ex. 12, p. DI07.) Plaintiff admitted that she has received benefits from the Social Security Administration but did not offer any credible proof as to the amount of the benefits received.

---

[2] The 24 month period is the maximum plaintiff could recover. As discussed above, before being eligible to receive the benefits, plaintiff would first have to prove that she remained totally disabled under the terms of the Plan for the entire 24 months. Since there is no medical evidence in the record after August 2001, applicable law requires the Court to remand the claim to MetLife to make this determination.

According to MetLife's estimates, plaintiff's primary Social Security disability benefit is likely to have been $1,727.00 per month and she most likely received an additional $863.00/month in Dependent Social Security benefits. Plaintiff's asserted damage figure does not take these offset amounts into account. The amount of Social Security benefits awarded to plaintiff must be proven before plaintiff's monthly benefits can be calculated, thus providing further support for the need to remand plaintiff's claim to MetLife.

Moreover, there is no evidence whatsoever regarding whether plaintiff has received any other income against which her Plan benefits would be offset. MetLife is required to investigate plaintiff's other sources of income before the benefits potentially owed to her can be calculated.[3] MetLife's proper function as claim administrator can be accomplished only by a remand to allow for a precise determination of the proper benefit calculation.

### C. *Plaintiff Is Not Entitled to Damages Related to Her Claim that She Was Allegedly Denied Plan Documents.*

Plaintiff's assertion that she is entitled to damages based on the alleged failure of the defendants to provide her with Plan documents is unsupported by the record and by the applicable law. MetLife adopts and incorporates Pechiney's Post-Trial Reply Memorandum, filed December 20, 2004, which refutes plaintiff's claim for statutory damages.

### III. CONCLUSION

As set forth in detail in MetLife's post-trial memorandum of fact and law, there is ample evidence upon which to conclude that plaintiff is not totally disabled under the terms of the Plan and MetLife's decision to deny plaintiff LTD benefits was reasonable. In the event the Court

---

[3] As a self-funded plan, any benefits payable to plaintiff are paid by the Pechiney plan, but MetLife's role as claim administrator involves calculating the proper amount of benefits payable under the Plan.

6

concludes, however, that MetLife's decision was arbitrary and capricious, settled law provides that the appropriate remedy is to remand the claim back to MetLife for further consideration as to plaintiff's eligibility for benefits and the amount of benefits to which she may be entitled.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

*(signature)*

Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No. (860) 275-8200
Fax No. (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent by facsimile and by U.S. mail, postage prepaid, on this 21st day of December, 2004 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Sarah Graves, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

_____
Theodore J. Tucci