UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK,<br>    PLAINTIFF | : Civil Action No. 302CV121 (AVC)<br>:<br>: |
| v. | :<br>:<br>: |
| PECHINEY PLASTIC PACKG. INC.,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    DEFENDANTS | :<br>:<br>:<br>: December 20, 2004 |

### DEFENDANT METLIFE'S RESPONSE TO
### PLAINTIFF'S POST-TRIAL MEMORANDUM

**I.   INTRODUCTION**

Metropolitan Life Insurance Company ("MetLife") submits this response to plaintiff's post-trial memorandum in order to clarify and correct certain statements made by plaintiff in her submission.

As set forth in detail in MetLife's post-trial memorandum of fact and law, plaintiff failed both during the claim process and at trial to satisfy her burden of presenting satisfactory evidence that she qualified for total disability benefits under the terms of her benefit plan.[1] MetLife, on the other hand, demonstrated at trial that it conducted a thorough and complete claim review process, reasonably determined based on the evidence that plaintiff was not totally disabled under the terms of the Plan, and appropriately denied her claim for benefits.

---

[1] MetLife's post-trial memorandum of fact and law ("MetLife Mem.") was filed with the Court on December 3, 2004.

Because she cannot identify evidence adduced at trial to support her claim for benefits, plaintiff instead misstates the exhibits and testimony presented at trial, ignores or misrepresents the applicable law, and creates out of whole cloth arguments based solely on speculation and rhetoric. MetLife will not burden the Court with an exhaustive catalogue of the errors contained in plaintiff's post-trial memorandum. The purpose of this brief response is to refute only the most egregious assertions made by plaintiff.

## II.     ARGUMENT

### A.     Plaintiff Misstates the Evidence.

Plaintiff's trial memorandum repeatedly misstates the evidence adduced at trial, most especially as it pertains to MetLife's review and handling of this claim:

- Plaintiff's unsupported assertion that the Independent Physician Consultant, Jeffrey Lieberman, did not receive all of the medical records contained in MetLife's claim file is refuted by the undisputed testimony of the claims examiner, Salvatore Marchese, who testified that all of the medical records contained in the claim file were sent to Dr. Lieberman. (Marchese Testimony, 9/30/04, p. 110.)

- Plaintiff's argument that MetLife disregarded the January 18, 2001 letter of Dr. Goldman, is proven false by the fact that the letter was included in the claim file (Defs' Ex. 38; see also Defs' Exs. 22, 24) and by Mr. Marchese's undisputed testimony that he reviewed all of the information contained in the file (Marchese Testimony, 9/30/04, pp. 35-36, 48, 78), including, specifically, Dr. Goldman's January 18, 2001 letter. (Marchese Testimony, 9/30/04, pp. 82-83.) Plaintiff may have wished that Mr. Marchese was unaware that Dr. Goldman concluded that

2

plaintiff was taking iron tablets to correct post-operative anemia but was "otherwise without any clear associated symptoms or signs" of anemia (Defs' Ex. 24), but the evidence undeniably demonstrates that MetLife considered the Goldman letter in its analysis of the plaintiff's claim.

- Plaintiff's allegation that Dr. Lieberman did not review the back page of the Functional Capacity Report completed by Dr. Tec likewise ignores the undisputed evidence. Although Pechiney may not have made a copy of the back page of the Functional Capacity Report, the original document was sent to MetLife and was shown to be included in the claim file and to be a double-sided document which necessarily consisted of both the front and back pages. (Defs' Ex. 16; Marchese Testimony, 9/30/04, pp. 12-14.) Moreover, Dr. Lieberman's report explicitly referred to information contained on the back page of the Functional Capacity Report, specifically, plaintiff's cardiac limitation. (Compare Defs' Ex. 16 with Defs' Ex. 27.)

- In the face of overwhelming evidence to the contrary, plaintiff stubbornly insists that Linda Nelson approved her claim for benefits and that her claim was subjected to a non-standard claim review process. Plaintiff's speculation is completely refuted by the evidence in the claim file and Mr. Marchese's testimony, which demonstrate that Ms. Nelson only recommended approval but did not have authority to approve the plaintiff's claim, and that, in accordance with MetLife's standard procedures, it was referred to her manager for further review. There is absolutely no evidence anywhere in the record that MetLife deviated from its standard claim procedures. (Marchese

Testimony, 9/30/04, pp. 72-77, Diary Review Report, Defs' Ex. 17, 3/26/01, 16:06 – 16:25. See also MetLife Mem., pp. 10-13.)

- Plaintiff falsely claims that MetLife did not utilize medical consultants during the appeal process. The Diary Review Report demonstrates that Nurse Consultant Diane Iannone reviewed all of the medical records, including the supplemental records produced by plaintiff and Dr. Witt, during the appeal process. (Diary Review Report, Defs' Ex. 17, 7/02/01, 15:17; 8/24/01, 16:41.)

- Plaintiff's assertion that Denise Paci testified that when Dr. Witt's office received the questionnaire form from MetLife two items were already circled is inaccurate. When questioned about this issue, Ms. Paci admitted that she did not actually know if the form had been sent by MetLife with the circles and had no knowledge of who circled the two entries. (Paci Testimony, 9/29/04, pp. 36-37.) Meanwhile, Mr. Marchese testified that the form was not circled by MetLife, and further, that MetLife could not electronically send a form with handwriting on it. (Marchese Testimony, 9/30. pp. 17-18, 22-24.)

### B.   Plaintiff Misrepresents or Ignores the Applicable Law.

Similarly, plaintiff misrepresents or ignores the law applicable to her claim:

- Plaintiff repeatedly asserts that MetLife acted under a conflict of interest notwithstanding the Court's prior ruling that no such conflict existed. *Ruling on Defendants' Motions for Summary Judgment, Sept. 30, 2003 at 32.*

4

- Plaintiff's post-trial memorandum conveys her incorrect belief that MetLife is required to prove that she was not disabled. To the contrary, as discussed more fully at pages 26-28 of MetLife's post-trial memorandum, it is well-established that the plaintiff bears the burden of proving that she is totally disabled under the law.

- Likewise, plaintiff's argument that MetLife should not have required her to produce objective medical evidence supporting her claim is also without any support in the law. As discussed on page 30 of MetLife's post-trial memorandum, MetLife's requirement that the plaintiff provide objective medical evidence was reasonable, particularly given that the plaintiff's self-reported complaints were inconsistent with the laboratory results produced by her doctors.

- Plaintiff's repeated assertion that MetLife used the wrong time frame to analyze her claim for benefits and should not have considered plaintiff's medical condition at the time she stopped working ignores the plain language of the Plan. The Plan clearly provides that long-term disability benefits are paid <u>only</u> if the claimant is unable to perform the major duties of her job because of an illness or injury. (Defs' Ex. 12, p. DI-6, MetLife Mem., pp. 4-5.) Moreover, although the long-term disability period begins after the 26 week short-term disability period ends, the Plan explicitly states that a claimant is eligible for long-term disability benefits <u>only</u> if she had been disabled for the preceding 26 weeks. (Defs' Ex. 12, pp. cover page, DI-5.)[2] Thus,

---

[2] The criteria regarding eligibility for short-term disability benefits differ materially from the criteria used to determine eligibility for LTD benefits. Under the short-term disability plan, short-term disability may include anything from the flu to childbirth. (Defs' Ex. 12, pp. DI-4 – DI-6, DI-9 – DI-11.)

5

MetLife appropriately considered whether the plaintiff was disabled under the Plan in July 2000, at the time she stopped working.

- Plaintiff claims that she was denied a full and fair review because MetLife allegedly failed to comply with 29 CFR § 2560.503-1 which became effective on July 1, 2001. (Pl. Mem., pp. 6-7.) Plaintiff ignores that this revised regulation regarding claims procedures applies only to claims filed on or after January 1, 2002. See 29 CFR §2560.503-1(o). Because plaintiff's claim was filed in January of 2001, these regulations do not apply to plaintiff's claim. As MetLife's post-trial memorandum demonstrates, MetLife satisfied all applicable claims procedures and fully and fairly reviewed plaintiff's claim and reasonably determined that she was not eligible for benefits. (MetLife Mem., pp. 6-18, 27-28.)

- Relying on decisions issued by the Eight Circuit in 1996 and 1997, plaintiff argues that MetLife's claim decision was arbitrary and capricious because MetLife did not defer to the opinions of her treating physicians. This argument fails to mention the binding Supreme Court precedent of Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003), in which the Supreme Court rejected the argument that a treating physician's opinion is entitled to special deference. (See also MetLife Mem., pp. 29-30.)

- Plaintiff's claim that MetLife arbitrarily failed to accord deference to the Social Security Administration's determination of her claim likewise ignores the governing law in the District of Connecticut and Second Circuit under which the determination

6

of disability by the Social Security Administration is not binding on a plan or claim administrator. <u>Kunstenaar v. Connecticut General Life Ins. Co.</u>, 902 F.2d 181, 184 (2d Cir. 1990); <u>Kocsis v. Standard Ins. Co.</u>, 142 F. Supp. 2d 241, 255 (D. Conn. 2001) (defendant insurer not bound by decision of the SSA); <u>Jones v. UnumProvident Corp.</u>, 2002 U.S. Dist. LEXIS 26560 at * 17-18 (D. Conn. Jan. 22, 2002) (same). <u>See also</u> <u>Nord</u>, 538 U.S. at 832-33 (because of the "critical differences between the Social Security disability program and ERISA benefit plans" standards adopted by the Social Security Administration should not be imported into ERISA plans).

- Similarly, as discussed more fully in MetLife's post-trial memorandum at page 31, plaintiff's assertion that MetLife's decision was arbitrary because MetLife did not arrange for an Independent Medical Examination (IME) must be disregarded in light of the well-established case law that a claims administrator need not obtain an IME before denying a claim for benefits. <u>See</u> <u>Miller v. Metropolitan Life Ins. Co.</u>, 925 F.2d 979, 985 (6th Cir. 1991); <u>Bella v. Metropolitan Life Ins. Co.</u>, 1999 U.S. Dist. LEXIS 15473 at * 13 (W.D.N.Y. Sept. 30, 1999). Moreover, arranging for an IME for the plaintiff would not have been consistent with MetLife's standard claim practice, as Mr. Marchese testified. (Marchese Testimony, 9/30/04, pp. 50-51.)

C. **Plaintiff's Attempts to Salvage her Claim by Speculation and Rhetoric Must Be Disregarded.**

In addition to misstated evidence and arguments based upon incorrect statements of the applicable law, plaintiff's post-trial memorandum contains claims based solely on speculation and rhetoric without any evidentiary foundation. For example:

7

- Plaintiff's speculation that Pechiney and MetLife conspired to deny plaintiff's claim for benefits because the plaintiff had filed an EEOC charge against Pechiney is utterly lacking in any sort of evidentiary basis. In fact, Mr. Marchese testified that he was completely unaware of any employment dispute between Pechiney and the plaintiff and the EEOC proceedings had no bearing on the denial of plaintiff's claim for benefits. (Marchese Testimony, 9/30/04, pp. 49-50.) There is, moreover, no evidence to the contrary in the lengthy record.

- Likewise, plaintiff not only failed to offer any evidence in support of her assertion that she requested but did not receive plan documents, but also, the evidence in the record demonstrates that this assertion is false. All of MetLife's communications with plaintiff are reflected in the Diary Review Report, which meticulously records all actions on the file at the time they occurred. A careful examination of the Diary Review Report demonstrates that the plaintiff never requested any plan documents from MetLife. (Defs' Ex. 17.) Likewise, plaintiff's correspondence with MetLife is barren of any request for plan documents. (Defs' Exs. 20, 29.) See also Pechiney's Post-Trial Reply Mem., dated December 20, 2004.)

## III.  CONCLUSION

As set forth in detail in MetLife's post-trial memorandum of fact and law, there is ample evidence upon which to conclude that plaintiff is not totally disabled under the terms of the Plan and MetLife's decision to deny plaintiff LTD benefits was reasonable. Plaintiff's unsupported speculation concerning MetLife's purported motives is unavailing. Because no basis exists to

8

establish that the decision was arbitrary and capricious, judgment must enter in favor of the defendants and the defendants should be awarded whatever relief the court deems just and proper, including attorneys' fees and costs under 29 U.S.C. §1132(g)(1).

                                                                        DEFENDANT
                                                                         METROPOLITAN LIFE INSURANCE COMPANY

                                                                         Theodore J. Tucci (ct05249)
                                                                         ttucci@rc.com
                                                                         Erin O'Brien Choquette (ct18585)
                                                                         echoquette@rc.com
                                                                         Robinson & Cole LLP
                                                                         280 Trumbull Street
                                                                         Hartford, CT 06103-3597
                                                                         Tel. No. (860) 275-8200
                                                                         Fax No. (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on this 20th day of December, 2004 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Sarah Graves, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

                                                                         Erin O'Brien Choquette