**UNTIED STATE DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KRUK, RITA   PLAINTIFF :
:
v. : Civil Action No: 302CV121(AVC)
:
PECHINEY PLASTICS, INC., AND :
METLIFE, INC., DEFENDANTS : JANUARY 17, 2005

FILED
2005 JAN 18 A 10: 25
DISTRICT COURT
HARTFORD, CT.

## MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

The plaintiff in the above entitled matter hereby submits this memorandum, in support of her motion for attorney's fees in the above action.

ERISA, Section 1132(g) provides as follows:

"(g) Attorney's fees and costs; awards in actions involving delinquent contributions (1) In any action under this subchapter...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g).

The leading case in the Second Circuit, regarding the award of attorney's fees in an ERISA case, is *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), wherein the Court articulated the factors to be considered in awarding attorney's fees in an ERISA action, as follows:

(1) the degree of the offending party's culpability or bad faith,
(2) the ability of the offending party to satisfy an award of attorney's fees,
(3) whether an award of fees would deter other persons from acting similarly under like circumstances,
(4) the relative merits of the parties' positions, and
(5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless.* at 871; *Krizek v. Cigna Group Ins.*, 345 F.3d 91 (2d Cir. 2003), *Lauder v. First UNUM Life Ins. Co.*, 284 F.3d 375, 383 (2d Cir. 2002).

In the *Krizek* case, the Court stated:

1

> "We instructed in *Chambless* that 'ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights, even when small amounts are involved.' 815 F.2d at 872."

*Krizek*, (copy attached, page 7)

In this case, the plaintiff, Ms. Kruk, demonstrated at trial that the Defendant, MetLife, arbitrarily and capriciously denied her claim for long term disability benefits, by failing to obtain medical information that it expressly deemed necessary to deciding any questions regarding her disability, failed to send all of Plaintiff's medical records to its independent physician consultant for his medical review,[1] and failed to follow the code of federal regulations in administering Ms. Kruk's claim (See Plaintiff's post trial memorandum, dated December 6, 2004). The repeated failures of MetLife to follow reasonable procedures, prior to denying Plaintiff's claim show a certain culpability in its behavior, for which attorney's fees should be awarded, under the first prong of the *Chambless* analysis.

Not only is this culpability shown on behalf of MetLife, but also on behalf of Pechiney, who simply ignored its own fiduciary duties to Plaintiff, relegated all obligations to Metlife under their Administrative Services Agreement, and then took absolutely no steps to insure, pursuant to its own fiduciary obligations to Plaintiff, that MetLife had acted reasonably under the circumstances. In this case, Pechiney attempts to obviate all responsibility for its own fiduciary duties to its employees, simply by hiring MetLife to administer the plan, where <u>Pechiney</u> is given final decision making authority

---

[1] This is clearly evidenced by Exhibit 6 of the affidavit of Ms. Laura Sullivan, MetLife's representative, affirming, in support of MetLife's Motion for Summary Judgment, that the Attending Physician's Statement of Dr. Leon Tec contained only one page, rather than the two pages shown at trial (Plaintiff's Trial Exhibit 3, pages 5 and 6), and later claimed by MetLife to be part of its claim file.

2

over all claims decisions under the Administrative Services Agreement (See Plaintiff's Trial Exhibit 16, at page 4, paragraph H1), and as MetLife's agent testified.

Secondly, not only are MetLife and Pechiney able to pay Plaintiff's attorney's fees,[2] but the award of attorney's fees against them will act as a deterrent to further unfair activity against employees in connection with ERISA plans in the future, as the attorney's fees provision of ERISA was designed to help remedy such unfair treatment of employees, where, as here, there was not one bit of evidence indicating that Plaintiff was not disabled as stated by her treating physicians. The position of MetLife was therefore without merit.

The fifth consideration under the Chambless case: "whether the action conferred a common benefit on a group of pension plan participants," is inapplicable to this case, insofar as this case is brought by only one plan beneficiary, against the two plan administrators/fiduciaries, since the objective here was to enforce Plaintiff's rights under ERISA, however, awarding attorney's fees in this case will assist future employee plan beneficiaries, and make both Pechiney and MetLife les likely to take an unreasonable position, as was done here.

Also though the decision to award attorney's fees is committed to the discretion of a district court, Plaintiff requests memorandum regarding the reasons for the Court's decision, as been suggested by the Second Circuit Court of Appeals, in order to avoid confusion in the unfortunate event that any party were to appeal such a decision. The Second Circuit Court stated in the *Krizek* case, that "we require that 'we be informed by the record of why the district court acted as it did.' Jones v. UNUM Life Ins. Co. of Am.,

---

[2] Evidence showed that Pechiney has over one thousand employees in the United States alone, and has agreed to indemnify MetLife for all liabilities, in connection with their disability plan, under their Administrative Services Agreement (Plaintiff's trial exhibit 16).

3

223 F.3d 130, 138-39 (2d Cir. 2000) (internal quotation omitted)." *Krizek*, attached, at page 7.

Attached hereto as Exhibit A, and beginning on page 6 hereof, is the affidavit of attorneys fees of Plaintiff's counsel, John J. Evans, of 30 Oak Street, Stamford, CT 06905, in support of this motion.

WHEREFORE, the plaintiff respectfully requests that the Court award attorney's fees in favor of Plaintiff in this action and against the Defendants.

                          RESPECTFULLY REQUESTED,
                          THE PLAINTIFF,

By _____
John J. Evans, her attorney
Law Office of John J. Evans
30 Oak Street
Stamford, CT  06905
(203)353-8880
Fed. Bar No. ct06288

### ORDER

The above motion, having come before this Court, it is hereby ordered

GRANTED/DENIED.

                                              _____
                                                    U.S.D.J.

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to all counsel and pro se parties of record as listed below this 17th day of January 2005.

# Exhibit A

## UNTIED STATE DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRUK, RITA   PLAINTIFF | : |
| v. | : Civil Action No: 302CV121(AVC) |
| PECHINEY PLASTICS, INC., AND METLIFE, INC.,   DEFENDANTS | : JANUARY 17, 2005 |

## AFFIDAVIT OF JOHN J. EVANS, IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER ERISA

The undersigned, John J. Evans, being duly sworn, deposes and says as follows:

1.  I am over the age of 18 years, and believe in the obligations of an oath.

2.  I am plaintiff's counsel, in the above entitled case, and I have practiced law since 1982, when I was admitted to practice in the State of Connecticut, and a few months thereafter admitted to practice in the District Court, for thr District of Connecticut. I am a solo-practitioner, and have been a solo-practitioner since 1992, when I opened my offices at 30 Oak Street, Stamford, CT 06905, where I currently operate my offices. I am fully familiar with the claims and defenses in the above entitled action, and I have acted as Plaintiff's counsel through the entire pendency of this case.

3.  I have reviewed my time records in my law office, in connection with the above case, and I have segregated the time spent on the Plaintiff's ERISA claims (her claims of wrongful denial of disability benefits) against the two Defendants, Pechiney, and MetLife, from the time spent by me on Plaintiff's behalf, on all other claims made by Plaintiff in this action against Pechiney, namely, Title VII claims.

6

4. The work performed by the undersigned in connection with Plaintiff's ERISA claims against the two defendants, is itemized in the attached timesheets, which are attached to this affidavit and cover time spent from showing the following:

A. The date or dates of the work performed, and although these dates are represented to be as precise as possible, the exact dates of the described services are hereby represented by the undersigned to be at least 98% correct.

B. A general description of the work performed on such dates, although such descriptions are not intended to give a complete narrative of all work performed and communications made, some of which is privileged.

C. The initials of the attorney who performed the work recorded, which in each case is "JJE" representing the undersigned, John J. Evans. No time has been included for any paralegal or legal assistant that worked with the undersigned on this case.

D. The amount of time invested on the described work, although this time is hereby represented to be a minimum of time invested, as there is a significant amount of time that is inadvertently not recorded during the course of a lengthy litigation matter such as this case.

5. The undersigned bills for his time at the rate of $275.00 per hour, and does not bill for paralegal's or legal assistant's time in this case.

I do swear and affirm, under the penalties of perjury and false statement, that the foregoing information is true and correct, to the best of my knowledge and belief.

Signed this 17th day of January, 2005, at Stamford, Connecticut.

7

_____
John J. Evans

Personally appeared, John J. Evans, who swore to the truth of the foregoing, as his free act and deed, this ⟨17⟩ day of January, 2005.

_____
Commissioner of Superior Court
State of Connecticut

8

**EVANS LAW OFFICES, LLC**
JOHN J. EVANS, ATTORNEY AT LAW
30 OAK STREET
STAMFORD, CONNECTICUT 06905
(203) 353-8880

Fax No: (203) 359-4597

Ms. Rita Kruk
150 Judd Road
Easton, CT 06612

Re:   <u>Kruk v. Pechiney Plastic Packaging/Metropolitan Life Insurance Company</u>

The following is the detail of time invested in connection with the disability claims, only, in the above referenced case.:

| <u>Date</u> | <u>Atty</u> | <u>Description</u> | HOURS |
|---|---|---|---|
| 11/28/01 | JJE | Conference with client and Ed Kruk re: disability claim, and review facts with clients regarding all claims and status. | .5 |
| 12/05/01 | JJE | Review papers dropped off by client, incl corresp from Wallace to Rottman of 11/8/00, ltr re: LTD benefits from Wallace of 11/8 and of 11/30/00, Atty Warren corresp. of 12/22/00 and 1/10/01 to Atty Hoover at Pechiney re LTD benefits, ltr to Warren from Hoover of 1/15/01 confirming receipt of application, ltr of atty Vogel to atty Warren of 1/22/01 re: Ltd benefits, ltr of 3/30/01 to client from Wallace, and conferences with client re: same on various dates same week. Conferences re: case. | 2.5 |
| 12/13/01 | JJE | Review short term disability application along with all attached documents, and review copies of LTD application documents submitted by client. Review all medical records of Dr. Kagan and Dr. Tec that accompanied application., and conf With client re: medical records and subsequent treatment and Records. | 2.7 |
| 12/11/01 | JJE | Review denial ltr of 3/30/01, and clients appeal letter of 5/29/01, calls to and from client, and review statute re: review of denials. Internet research to obtain CFR regs on claim review procedures, and conf with other counsel in office. | 2.3 |
| 01/03/02 | JJE | Review fax from client of pay stub and names and addresses of Pechiney personnel, and STD procedures and papers. | .3 |
| 01/07/02 | JJE | Review letter from attorney Warren, and letter to him re: Rita Kruk case. Conference with Ms. Kruk re: same. | 1.2 |
| 01/07/02 | JJE | Meeting with clients, review in detail status of ERISA claims prep initial draft of Complaint (re:disability claim). | <u>2.3</u> |
| PAGE TOTAL | | | 16.3 |

9

| Date | Atty | Description | Hours |
|---|---|---|---|
| 1/08/02 | JJE | Research, review of facts from file and Draft Federal Summons and Complaint against Pechiney and Metropolitan Life, and research. Amendments to same (related to disability claim). | 2.1 |
| 01/09/02 | JJE | Review and amend complaint draft (related to disability claim). | 2.7 |
| 01/16/02 | JJE | Call to marshal re: service. | .2 |
| 01/17/02 | JJE | Fax copy of Complaint to client, and trip to Court to file same. | 1.5 |
| 01/23/02 | JJE | Call to and ltr to marshal Antinerella with summons and complaint for service upon defendants. | .5 |
| 02/13/02 | JJE | Review 3 boxes of materials to determine what is related to disability claims claims, review correspondence of prior attorney, proceedings before EEOC, and final EEOC letter after failed mediation (half of time allocated to disability claims) | 2.3 |
| 02/15/02 | JJE | Review appearance and motion to extend time by Pechiney. | .2 |
| 03/01/02 | JJE | Review appearance and motion to extend time by MetLife | .1 |
| 03/13/02 | JJE | Review Motion to Dismiss filed by Pechiney, and legal research, and read cases. | 1.8 |
| 03/14/02 | JJE | Amendments to Rule 26f report draft, and e-mail to Gage and Belavia re: report changes. | 1.2 |
| 03/15/02 | JJE | Review MetLife's Motion to Dismiss and legal review cases. | .5 |
| 03/15/02 | JJE | Draft of rule 26f report | 1.0 |
| 03/17/02 | JJE | Review e-mail from Melissa Belavia, Esq., re 26f report, in response to mine. | .1 |
| 03/18/02 | JJE | Amendments to 26f report, and finalized draft, review drafts of opposing counsel | 1.2 |
| 03/19/02 | JJE | Prep signature page for report to fax to Attorney Belavia, and review with ER | .2 |
| 03/22/02 | JJE | Review signature page copy sent from Atty. O'Brien to Attys Gage and Belavia. Call from client re: status. | .1 |
| 03/29/02 | JJE | Review discovery requests of Pechiney in detail, and call to client re: same | 1.5 |
| 03/31/02 | JJE | Review final initial disclosures of MetLife | .5 |
| 03/31/02 | JJE | Review final initial disclosures of Pechiney | .2 |
| 04/04/02 | JJE | Review fax from MetLife Belavia re: initial disclosures, and call to her office-message. Conf. With client. | .3 |
| 04/08/02 | JJE | Review Scheduling order, and calendar dates | .4 |
| 04/09/02 | JJE | Prepare draft motion to amend complaint and memo in support of motion | 1.0 |
| 04/12/02 | JJE | Amendments to draft motion to amend on 4/11 and 4/12, and amendments to memo in support. | .8 |
| 04/12/02 | JJE | Review motion and law and finalize amended complaint details re: erisa claim. Finalize draft for filing. | .5 |
| 04/17/02 | JJE | Teleconf with Dan Benjamin, Esq. Re: ERISA litigation, and review research CD sent by him re: same; print document and review. | .8 |
| PAGE TOTAL | | | 21.7 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 04/17/02 | JJE | Review fax from Bellavia print amended complaint and give to ER for faxing | .2 |
| 04/18/02 | JJE | Call to client and conf. re interrogatories, and mail first set of discovery to client | .5 |
| 04/18/02 | JJE | Conf. with Bellavia and letter to her confirming extension of time to file opposition to motion to amend | .3 |
| 04/23/02 | JJE | Prepare draft objections to MetLife discovery requests for filing | 1.5 |
| 04/26/02 | JJE | Review reply of MetLife to plaintiff's memo in opposition to motion to dismiss, and review cases | .4 |
| 04/26/02 | JJE | Review letter from Bellavia enclosing documents | .1 |
| 05/17/02 | JJE | Review letter of Bellavia regarding discovery matters, and review discovery requests and objections in detail | .3 |
| 06/12/02 | JJE | Review fax from Bellavia regarding discovery matters, and re: deposition of plaintiff | .2 |
| 06/14/02 | JJE | Message to Bellavia on 6/13 and review fax re: rescheduled deposition, call to client | .2 |
| 06/18/02 | JJE | Call to counsel with available dates on 6/17, and review fax from Bellavia re: rescheduled deposition for 6/22 | .2 |
| 06/25/02 | JJE | Calls to and from client, and conferences re: documents and discovery compliance. Discuss past and current medical issues. | 1.5 |
| 07/11/02 | JJE | Calls to and from client and confs, and conf w/Ed. Re status | .8 |
| 07/15/02 | JJE | Prepare answers and objections to defendant's interrogatories | .5 |
| 07/18/02 | JJE | Review fax from Bellavia re: discovery, call to client | .3 |
| 07/25/02 | JJE | Review fax from Bellavia re: authorizations and status of pleadings | .4 |
| 07/29/02 | JJE | Review fax from Bellavia re: deposition and medical auths. | .2 |
| 07/31/02 | JJE | Review answer and special defenses of Pechiney | .5 |
| 08/12/02 | JJE | Prepare plaintiff's first set of interrogs, and reqs. for prod. | 2.0 |
| 08/12/02 | JJE | Review motion to compel, and memorandum | 1.2 |
| 08/15/02 | ER | Request medical records from Dr. Goldman, Dr. Wolk, Dr. Tec, Dr. Kagen, Dr. Witt, with authorizations | .7 |
| 08/25/02 | JJE | Prepare requests for admissions, and ntc. of service of same. | 1.6 |
| 08/26/02 | JJE | Letter to Dr. Tec regarding records, and statutory requirement to forward | .5 |
| 08/27/02 | JJE | Prepare and file motion to extend time to respond to defendant's motion to compel, and amend draft of objection | 1.4 |
| 08/31/02 | JJE | Further prep of objection to motion to compel. | 1.0 |
| 09/03/02 | JJE | Finalize Plaintiff's objection to Mtn to Compel, and file: | .6 |
| 09/10/02 | JJE | Prepare additional requests for admissions and notice of service, re: Tec records | .5 |
| 09/16/02 | JJE | Review objection of MetLife to requests for admission | .4 |
| 09/17/02 | JJE | Review second objection of MetLife to requests for admission | .3 |
| PAGE TOTAL | | | 18.3 |


| Date | Atty | Description | Hours |
|---|---|---|---|
| 09/23/02 | JJE | Prepare additional requests for admissions and notice of service, re: Wolk records. Review Pechiney's objection to production of plan documents—request #6, call Bellavia | .6 |
| 09/27/02 | JJE | Review objection of Pechiney to requests for admission relating to ERISA, and review federal rules and cases | 1.0 |
| 09/30/02 | JJE | Review ntc. of depo. of Dr. Tec, and call to him and client | .6 |
| 10/03/02 | JJE | Review fax from Bellavia re: depo of Dr. Tec. Call to him | .3 |
| 10/08/02 | JJE | Review authorization and message-letter from Bellavia re: Dr. Tec depo and records. | .2 |
| 10/10/02 | JJE | Review letter of yesterday from Bellavia re: damages analysis, and forward her the prior summary from R26 statement draft, conf w/ER re: same. | .2 |
| 10/10/02 | JJE | Prepare notice of deposition of Billie Wallace for filing, and review calendar for dates. Prepare document requests for notice | .5 |
| 10/10/02 | JJE | Prepare and amend plaintiff's confidential Ex-Parte pre-trial memorandum | 1.0 |
| 10/11/02 | JJE | Letter to Bellavia re: discovery disputed items. | .2 |
| 10/14/02 | JJE | Dictate and review letter to request medical records | .2 |
| 10/14/02 | JJE | Letter to Dr. Tec. Meet with client to sign authorize. | .5 |
| 10/14/02 | JJE | Draft stipulation for protective order for hard disk from client's computer, and send to Gage's office. | 1.0 |
| 10/15/02 | JJE | Trip from Stamford to Hartford with client, for pretrial conf. with Hon R. Murphy | 3.0 |
| 10/15/02 | JJE | New Letter to Dr. Tec, and review and fax. | .3 |
| 10/17/02 | JJE | Review faxed from Erin O'Brien re: experts dispute & call. | .3 |
| 10/17/02 | JJE | Review fax from Atty Gage re: experts dispute. | .4 |
| 10/18/02 | JJE | Response letter to Erin O'Brien re: experts | .3 |
| 10/22/02 | JJE | Letter to Gage with authorization requested. | .2 |
| 10/24/02 | JJE | Fax to Bellavia with summary. | .2 |
| 10/24/02 | JJE | Fax to Bellavia with summary. | .2 |
| 10/25/02 | JJE | Review Gage's letter to Tec, and Tec's letter of 10/15/02 Conf with client. | .3 |
| 10/28/02 | JJE | Prepare Motion to amend complaint re: denial of review as well as denial of original disability claim, and prepare memo of law re: same. | 1.1 |
| 11/04/02 | JJE | Letter to Bellavia re: wrong Admin Services Agmt produced | .2 |
| 11/04/02 | JJE | Review memo from client re: Wallace | .1 |
| 11/08/02 | JJE | Review Pechiney supplemental discovery compliance | .2 |
| 11/11/02 | JJE | Call from Gage's office, review fax, and and fax Motion to Amend, and Amended Complaint to Bellavia | .4 |
| 11/11/02 | JJE | Review Gage's letter crying to JudgeCovello. | .1 |
| 11/12/02 | JJE | Prepare motion to extend discovery deadline after calls to opposing counsel re: same | .6 |
| PAGE TOTAL | | | 14.2 |

| Date | Initials | Description | Hours |
|---|---|---|---|
| 11/13/02 | JJE | Review Gage letter to Judge re: meeting of 11/18 and re: scheduling orders. | .1 |
| 11/15/02 | JJE | Review 41 pages of medical records received from Gage. | 1.0 |
| 12/05/02 | JJE | Review defendant's opposition to motion to amend cmplt | .5 |
| 12/31/02 | JJE | Ltr from Bellavia, and review Errata sheet from Wallace depo. | .1 |
| 01/07/03 | JJE | Review ltr & signed protective order faxed by Bellavia | .2 |
| 02/17/03 | JJE | Review motion for summary judgment of Pechiney, and memo in support of motion. Review Local Rule 9(c)(1) statement, and legal research – copies of cases, letter to client | 3.5 |
| 02/19/03 | JJE | Review MetLife's Statement-undisputed facts | .4 |
| 02/20/03 | JJE | Review motion for summary judgment of MetLife, and Memorandum in support. Review Local Rule 9(c)(1) statement of undisputed facts and legal research | 2.0 |
| 02/24/03 | JJE | Prepare and file motion to extend time to file opposition to defendants' motions for summary judgment, after calls to and conferences with counsel – various dates | 1.5 |
| 03/10/03 | JJE | Legal research and review facts re: motion for summary judgment. Review medical records in detail, and progress of MetLife claims procedure. Review computer diary entries of MetLife, and calls to client to discuss detail therein. | 5.0 |
| 03/19/03 | JJE | Computer legal research and read cases regarding ERISA requirements, standard of review, de novo vs arbitrary and capricious review. | 4.5 |
| 03/29/03 | JJE | Review affidavit of Monica Rottman, and affidavit of Laura Sullivan of MetLife, supporting motions for summary judgment, review attached documents of hundreds of pages, and notes re: further research. | 5.8 |
| 04/08/03 | JJE | Prepare drafts of affidavit of plaintiff and of John Evans in opposition to summary judgment, and review file for relevant facts: | 2.8 |
| 04/10/03 | JJE | Begin draft of memorandum in opposition to summary judgment, and legal research, review cases. | 4.5 |
| 04/16/03 | JJE | Amend draft of memorandum in opposition to summary judgment, legal research and analysis of cases, research code of federal regulations | 8.5 |
| 04/21/03 | JJE | Amendments to memorandum in opposition to SJ | 3.0 |
| 04/24/03 | JJE | Further drafting and amendments to opposition to SJ and additional dictation | 3.5 |
| 04/25/03 | JJE | Research and amend outline for memorandum in opposition to SJ | 7.0 |
| 04/26/03 | JJE | Review cases and amendments to memorandum | 6.5 |
| 04/27/03 | JJE | Further amendments to memorandum | 3.5 |
| 04/28/03 | JJE | Amendments to affidavit of Evans and Kruk, and confs with client re: facts for affidavit | 2.8 |
|  | JJE | Amendments to memorandum in opposition to SJ | 3.0 |
| PAGE TOTAL |  |  | 69.7 |