UNTIED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT
KRUK, RITA    PLAINTIFF          :
                                 :
       v.                        :     Civil Action No: 302CV121(AVC)
                                 :
PECHINEY PLASTICS, INC., AND     :
METLIFE, INC.,  DEFENDANTS       :     JANUARY 30, 2005

MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEY'S FEES

The plaintiff in the above entitled matter hereby submits this memorandum, in opposition to the Motion for attorney's fees, of the Defendant, Pechiney.
ERISA, Section 1132(g) provides as follows:
"(g) Attorney's fees and costs; awards in actions involving delinquent contributions (1) In any action under this subchapter…by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g).

The leading case in the Second Circuit, regarding the award of attorney's fees in an ERISA case, is Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987), wherein the Court articulated the factors to be considered in awarding attorney's fees in an ERISA action, as follows:
(1)     the degree of the offending party's culpability or bad faith,
(2)     the ability of the offending party to satisfy an award of attorney's fees,
(3)     whether an award of fees would deter other persons from acting similarly under like circumstances,
(4)     the relative merits of the parties' positions, and
(5)     whether the action conferred a common benefit on a group of pension plan participants.
Chambless. at 871; Krizek v. Cigna Group Ins., 345 F.3d 91 (2d Cir. 2003), Lauder v. First UNUM Life Ins. Co., 284 F.3d 375, 383 (2d Cir. 2002).
     In this case, the plaintiff, Ms. Kruk, demonstrated at trial that the Defendant, Pechiney, was the plan administrator of the disability plan covering Plaintiff, and therefore had fiduciary responsibility to see that the plan was administered fairly and in compliance with the plan, and the law.  This court decided that MetLife, the agent of Pechiney, acted arbitrarily and capriciously in denying Plaintiff's claim for long term disability benefits, by failing to obtain medical information that it expressly deemed necessary to deciding any questions regarding her disability.  Pechiney took no part in this process, and took no measures to review the procedures and decisions of its agent, MetLife, thereby attempting to relinquish any fiduciary obligations it had under the law.
     Many courts have found that the award of attorney's fees to an employer in an ERISA case, is not favored.  Salovaara v. Eckert, 222 F.3d 19, 27 (2d Cir. 2000).  The Court in Salovaara noted described this fact most succinctly as follows:

1

"Although the Chambless test applies to both plaintiffs and defendants in ERISA actions, courts have cautioned that the five factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." West v. Greyhound Corp., 813 F.2d 951, 956 (9th Cir. 1987) (internal quotation marks omitted); see Anita Founds., 902 F.2d at 188-89 (noting that "the five factors will often balance against an employer seeking fees under ERISA" (citing cases)). For example, courts have found that the "culpability" of a losing plaintiff "significantly differs" from that of a losing defendant: "A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found 'culpable,' but may be only in error or unable to prove his case." Marquardt, 652 F.2d at 720; see id. at 720-21 (discussing the other four factors); see also Russell, 726 F.2d at 1416 (explaining "why trustees of benefit plans are more likely than employers to recover fees when the [five factors] are applied"). Because "ERISA was primarily intended to protect the interests of plan beneficiaries and participants," this "'bias' in the standard does not thwart the legislative injunctive that attorney's fees may be awarded to 'either' party in the court's discretion." Gray, 792 F.2d at 259. To the contrary, the "favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith-the purpose of ERISA being to promote the interests of plan beneficiaries and allow them to enforce their statutory rights." Jones v. O'Higgins, 736 F. Supp. 1243, 1245 (N.D.N.Y. 1990); see also Meredith, 935 F.2d at 128-29 ("[W]e must keep in mind ERISA's essential remedial purpose: to protect beneficiaries of pension plans. Adherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose." (internal quotation marks omitted)); cf. Chambless, 815 F.2d at 872 ("ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights.")."

     To award attorneys fees to Pechiney in this case would be to deter plan beneficiaries from suing their plan administrators for wrongful denial of benefits, simply because the administrator claims not to have been involved in the denial, in spite of its legal obligation to insure that the denial is well founded and proper, under ERISA.  This is especially true in this case, where, prior to the start of this action, the Defendants did not comply with Plaintiff's request for copies of the plan documents, and therefore Plaintiff was unaware what part either Defendant had in the decision making process.  In this case, and as stated in Salovaara, supra, Plaintiff was simply unable to prove the extent of Pechiney's involvement in the decision to deny Plaintiff's benefits, although Pechiney had requested copies of all incoming medical records and correspondence from MetLife, and was therefore involved to some extent.

Regarding the Chambless factors, first, Pechiney should be deemed just as culpable as MetLife, its agent.  Secondly, Pechiney can certainly afford an award of attorney's fees against it, but Plaintiff cannot, because she has been totally disabled since July of 2000, has had no income since then, and has received no disability benefits other than approximately $1,700.00 per month from the Social Security Administration.  Also, the merits of Plaintiff claims were supported by this Court, and the Chambless favtors

2

simply do not justify any award of attorney's fees against Plaintiff.

As stated in Plaintiff's motion to modify the judgment in this case, the Defendant, Pechiney should be held responsible for all of the acts of its agent, MetLife, and an award of attorney's fees in favor of the employer in this case, would therefore be unfair and inequitable. Pechiney should have at least reviewed the claims file, or sought some information regarding whether there was any evidence at all that Plaintiff was NOT disabled. It did not do so.

WHEREFORE, the plaintiff respectfully requests that Pechiney's Motion for Attorney's Fees be denied.

RESPECTFULLY REQUESTED,
THE PLAINTIFF,


By
John J. Evans, her attorney

Law Office of John J. Evans

30 Oak Street

Stamford, CT 06905

(203)353-8880

Fed. Bar No. ct06288

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to all counsel and pro se parties of record as listed below this 2nd day of February 2005.

Kenneth W. Gage, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901-2216

Theodore J. Tucci, Esq.
Erin K. O'Brien, Esq.
Robinson & Cole.
280 Trumbull Street
Hartford, CT 06103-3597

John J. Evans, Esq.

3