UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RITA KRUK**<br><br>　　　　　　　　**Plaintiff,**<br><br>- against -<br><br>**PECHINEY PLASTICS PACKAGING, INC. and METROPOLITAN LIFE INSURANCE COMPANY, INC.**<br><br>　　　　　　　　**Defendants.** | CIVIL ACTION NO.<br>3:02CV121 (AVC)<br><br><br><br><br><br><br><br>February 7, 2005 |

## DEFENDANT PECHINEY PLASTICS PACKAGING INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Defendant Pechiney Plastics Packaging, Inc. ("Pechiney") by its counsel Paul, Hastings, Janofsky & Walker LLP, hereby objects to Plaintiff's Motion for Attorney's Fees. Pechiney joins Defendant MetLife's Memorandum In Opposition to Plaintiff's Motion for Attorney's Fees, and incorporates by reference all the objections and reasoning contained therein. First, the Court should deny the motion as untimely under the Federal Rules of Civil Procedure. Second, Plaintiff has completely failed to prove that she is entitled to an award of attorney's fees. Third, Plaintiff improperly seeks fees unrelated to her ERISA claims and has failed to substantiate her claim for fees.

Furthermore, Plaintiff improperly bases her Motion for Attorney's Fees on the same unfounded basis upon which she seeks recovery against Pechiney, by introducing a legal theory – respondeat superior – in a last-ditch attempt to hold Pechiney liable after failing to do so

at trial. Pechiney refers the Court to its Objection to Plaintiff's Motion to Modify Judgment, filed contemporaneously with this Objection and hereby incorporated by reference, for its argument that Plaintiff's belated strategy is improper and must be rejected.

Moreover, Plaintiff has contradicted herself yet again in her Memorandum in Opposition to Defendant Pechiney's Motion for Attorney's Fees. Plaintiff wasted much of the Court's time at trial arguing – but failing to prove – that MetLife and Pechiney conspired to deny her claim. Yet, despite the fact that Pechiney prevailed at trial on every claim, Plaintiff now tries the opposite tack, claiming that Pechiney "took no part" in the review process, essentially leaving MetLife to its own devices. (Pl.'s Mem. In Opp'n to Def.'s Mot. for Att'y's Fees, at 1.) As Pechiney's Objection to Plaintiff's Motion to Modify Judgment explains, this belated attempt to introduce yet another theory of liability is untimely and improper, and the Court must reject it.

Plaintiff also tries to revive her claim that Pechiney failed to provide her with copies of the plan documents – a claim that she previously asserted at trial – as a basis for denying an award of attorney's fees to Pechiney. However, this claim was rejected along with all of her other claims against Pechiney. The Court must reject Plaintiff's attempts to have her case re-tried on new legal theories in post-trial motions.

For all the foregoing reasons, Pechiney respectfully requests that the Court deny Plaintiff's Motion for Attorney's Fees.

Date: February 7, 2005

Respectfully Submitted,

By: _____
Kenneth W. Gage (ct12965)
Sarah E. Graves (ct15897)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: kennethgage@paulhastings.com
       sarahgraves@paulhastings.com

Counsel for Defendant
PECHINEY PLASTICS PACKAGING, INC.

## CERTIFICATION

      THIS IS TO CERTIFY that a copy of the foregoing Defendant Pechiney Plastics Packaging Inc.'s Objection to Plaintiff's Motion for Attorney's Fees was served via overnight delivery, postage prepaid, this 7th day of February, 2005, to:

      John J. Evans, Esq.
      Law Office of John J. Evans
      30 Oak Street
      Stamford, CT  06905

      Theodore J. Tucci, Esq.
      Erin K. O'Brien Choquette, Esq.
      Robinson & Cole
      280 Trumbull Street
      Hartford, CT  06103-3597

      _____
      Jenny L. Stewart

STM/290398.1