UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**RITA KRUK**

                **Plaintiff,**

    **- against -**

**PECHINEY PLASTICS PACKAGING, INC.
and METROPOLITAN LIFE INSURANCE
COMPANY, INC.**

           **Defendants.**

**CIVIL ACTION NO.
3:02CV121 (AVC)**

February 7, 2005

## DEFENDANT PECHINEY PLASTICS PACKAGING INC.'S OBJECTION TO PLAINTIFF'S MOTION TO MODIFY JUDGMENT

Defendant Pechiney Plastics Packaging, Inc. ("Pechiney") by its counsel Paul, Hastings, Janofsky & Walker LLP, hereby objects to Plaintiff's Motion to Modify Judgment, filed January 20, 2005. The Court should deny the motion as untimely and improper under the Federal Rules of Civil Procedure.

    1.    <u>Plaintiff's Motion to Modify Judgment is Untimely.</u>

Although Plaintiff fails to mention, either in her Motion to Modify Judgment or the supporting Memorandum of Law, which Rule governs her motion, Rule 59 of the Federal Rules of Civil Procedure governs new trials and amendment of judgments. Subsection (e) of Rule 59 provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The specified time limit is mandatory and jurisdictional; courts may not alter, waive, or extend the filing period for motions to amend or

alter judgments. See McCarthy v. Manson, 554 F. Supp. 1275, 1284 n.9 (D. Conn. 1982), aff'd,

714 F.2d 234 (2d Cir. 1983). The ten day period begins to run when judgment is entered, not

when the parties receive notice of judgment. See Shults v. Henderson, 110 F.R.D. 102, 105

(W.D.N.Y. 1986). Furthermore, the additional three days provided by Rule 6(e) (for responding

to documents or notices served by means other than hand delivery) does not apply to the time for

making a Rule 59(e) motion to alter or amend a judgment. See Albright v. Virtue, 273 F.3d 564,

571 (3d Cir. 2001). The filing date of the motion, not the service date, defines the limit of the ten

day period under Rule 59(e). See Long v. Simmons, 77 F.3d 878, 879 (5th Cir. 1996).

The court entered judgment on December 28, 2004. The last day Plaintiff might

have timely filed her motion to amend or alter the judgment was January 11, 2005. The motion

was not filed until January 20—nine days late and nearly twice the time permitted under the

Rule. Because the motion was clearly filed on an untimely basis, the court is without discretion

to consider it and is compelled to deny it.

2.    The Motion is Improper Under Either Rule 59 or Rule 60.

Even if the Court were to consider Plaintiff's Motion as timely (which it should

not), or treat the motion as requesting relief from the judgment under Rule 60 (governing "Relief

from Judgment or Order"), the Motion should be denied as an improper attempt to get the

proverbial second bite at the apple with respect to Defendant Pechiney.

A Rule 59 motion to alter or amend a judgment may not be used to relitigate the

same matters already determined by the court, to raise new theories of liability or to present

evidence that could reasonably have been raised or presented before the entry of judgment. See,

e.g., Larsen v. Ortega, 816 F. Supp. 97, 114 (D. Conn. 1992) ("Rule 59(e) motions are not

vehicles for bringing before the court theories or arguments that were not advanced earlier.");

F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (Rule 59(e) motions "may not be

used to argue a new legal theory.").  There are only four grounds upon which a court may base

an alteration or amendment of a judgment:  (1) an intervening change in controlling law;

(2) newly discovered evidence; (3) clear legal error of law or fact; and (4) to prevent manifest

injustice.  See, e.g., Atlantic States Legal Found., Inc. v. Karg Bros., Inc., 841 F. Supp. 51, 53

(N.D.N.Y. 1993).  None of those grounds exist here.

        Similarly, if the Court treats the Motion as having been made under Rule 60(b)

seeking relief from judgment, the motion is improper because it attempts to introduce a new

theory of liability and seeks relief not available under Rule 60(b).  Rule 60(b) provides, in

relevant part:

> "On motion and upon such terms as are just, the court may relieve a party
> of a party's legal representative from a final judgment, order, or proceedings for the
> following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective application; or (6) any other reason
> justifying relief from the operation of the judgment.  The Motion shall be made within a
> reasonable time, and for reasons (1), (2), and (3) not more than one year after the
> judgment, order, or proceedings was entered or taken. . . . ."

Fed. R. Civ. P. 60(b).  Relief under Rule 60 is limited to the six grounds specified in the text of

the rule, which do not include presenting new theories of liability.  See Broadway v. Norris, 193

F.3d 987, 989-90 (8th Cir. 1999) (holding that a party moving under Rule 60(b) must establish

one of the Rule's enumerated grounds for relief from judgment or order; Rule 60(b) "is not a

vehicle for simple reargument on the merits").  Rule 60(b)(6), which provides a "catch-all"

provision, is narrowly interpreted and is granted only under "extraordinary circumstances".

Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 & n.11 (1988).  Relief under

Rule 60(b) is simply not proper or permissible where a plaintiff merely seeks to re-present the

same facts to the Court disguised in a new cloak.

Here, Plaintiff has failed to assert any grounds for consideration of her motion

under Rule 60(b).  There has been no mistake, fraud, or newly discovered evidence.  Nor are

there any extraordinary circumstances or any other kind of support for Plaintiff's motion.  Rather,

Plaintiff's motion makes clear she wants to hold Defendant Pechiney liable for the judgment

against Defendant MetLife under a new theory of liability—respondeat superior—which Plaintiff

failed to raised at any point during the litigation.  As the judgment entered in favor of Pechiney

on December 28, 2004 illustrates, Plaintiff has failed to present any credible evidence against

Pechiney on any claims.  Having failed on the theories of liability previously asserted, Plaintiff

now improperly presents a new theory in a last-ditch effort to stretch the narrow, limited relief

granted against MetLife (remanding Plaintiff's claim to MetLife for eligibility reconsideration)

to encompass Pechiney—despite the jury's verdict in Pechiney's favor as to all claims.

Moreover, Plaintiff's motion, which seeks to "modify" the judgment is not the

type of relief which courts can grant under Rule 60(b).  Rule 60(b) is available only to set aside a

prior order or judgment; a court may not use Rule 60 to grant affirmative relief in addition to the

relief contained in the prior order or judgment.  See, e.g., United States v. $119,980, 680 F.2d

106, 107 (11th Cir. 1982).

Because Plaintiff's motion to modify the judgment: (1) is improper as an

impermissible second bite at the apple; (2) is groundless, whether brought under Rule 59 or Rule

60(b); (3) is untimely under Rule 59(e); and (4) seeks relief that cannot be provided under Rule 60(b), the Court must deny the motion.

3.    The Motion Must Be Denied On The Merits.

Even if the Court were to address the merits of Plaintiff's motion (which it should not, given its untimely and improper nature), the Court should deny the Motion on the merits, because Pechiney delegated all discretionary authority to make eligibility and claims determinations to MetLife with respect to the Long Term Disability Plan.  The cases cited in Plaintiff's memorandum of law, which purport to support holding Pechiney liable on a theory of respondeat superior, are inapposite.  Bannistor v. Ullman, 287 F.3d 394 (5th Cir. 2002), sets forth a standard ("active and knowing") for determining fiduciary obligations to fund benefits plan under ERISA, which Plaintiff concedes is not the standard in Connecticut.  Plaintiff also relies on a franchise case and an assault and battery case, both of which are inapposite to  ERISA claims, but she fails to cite even a single case under ERISA where a plan administrator was held liable on a respondeat superior theory for the decisions of a claims administrator to whom all discretionary authority was permissibly and contractually delegated.  Here, there is no doubt that the jury has already considered all the relevant facts, including Pechiney's total delegation of authority to make eligibility and claims determinations, in reaching its verdict in favor of Pechiney on all claims.  There is no reason for the Court to reconsider the facts of the case merely because Plaintiff's counsel has belatedly concocted another theory of liability.

Finally, the fact that the motion was filed contemporaneously with Plaintiff's motion seeking attorney's fees against Pechiney and MetLife suggests that the motion is an after-

thought, prompted by Plaintiff's desire to win an award of attorney's fees against Pechiney, notwithstanding that Pechiney prevailed over Plaintiff in every respect.

For all the foregoing reasons, the Court should deny the Plaintiff's Motion to Modify Judgment.  In addition, Pechiney refers the Court to its Motion for Attorneys' Fees and accompanying Memorandum of Law, and requests that the Court consider the untimely and improper nature of Plaintiff's Motion to Modify Judgment as additional evidence weighing in favor of an award of attorneys' fees and costs to Pechiney.

Date:  February 7, 2005

Respectfully Submitted,

By: _____

Kenneth W. Gage (ct12965)
Sarah E. Graves (ct15897)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email:  kennethgage@paulhastings.com
        sarahgraves@paulhastings.com

Counsel for Defendant
PECHINEY PLASTICS PACKAGING, INC.

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Defendant Pechiney Plastics Packaging Inc.'s Objection to Plaintiff's Motion to Modify Judgment was served via overnight delivery, postage prepaid, this 7th day of February, 2005, to:

        John J. Evans, Esq.
        Law Office of John J. Evans
        30 Oak Street
        Stamford, CT  06905

        Theodore J. Tucci, Esq.
        Erin K. O'Brien Choquette, Esq.
        Robinson & Cole
        280 Trumbull Street
        Hartford, CT  06103-3597

Jenny L. Stewart

STM/289631.1