# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK, <br>    PLAINTIFF | Civil Action No. 302CV121 (AVC) |
| v. | |
| PECHINEY PLASTIC PACKG. INC., <br> METROPOLITAN LIFE INSURANCE <br> COMPANY, <br>    DEFENDANTS | March 7, 2005 |

## DEFENDANT METLIFE'S RENEWED MEMORANDUM IN OPPOSITION TO PLAINITFF'S MOTION FOR ATTORNEY'S FEES

Metropolitan Life Insurance Company ("MetLife") renews its opposition to plaintiff's motion for attorney's fees. The plaintiff initially filed her motion on January 17, 2005, several days after the time period provided in Rule 54(d) of the Federal Rules of Civil Procedure. On February 7, 2005, MetLife filed its initial memorandum of law in opposition to the plaintiff's motion for attorney's fees on the grounds that the plaintiff's motion on both procedural and substantive grounds. On February 8, 2005, the plaintiff filed a motion for leave of court to permit her to file her motion for attorney's fees. This motion was granted on February 25, 2005.

MetLife hereby renews its opposition to plaintiff's motion for attorney's fees. Although the plaintiff has cured the procedural deficiencies of her motion, her motion for attorney's fees should be denied on the grounds that the plaintiff has completely failed to prove that she is entitled to any attorney's fees. As an analysis of the factors enumerated by the Second Circuit in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869 (2d Cir. 1987) demonstrates, the plaintiff fails to qualify for an award of attorney's fees under ERISA.

MetLife also objects on the basis that, regardless of whether the plaintiff may be entitled to an award of some attorney's fees (which MetLife denies), the plaintiff has failed to substantiate her claim for fees. Further, the plaintiff's counsel's affidavit of attorney's fees demonstrates that the plaintiff is improperly seeking compensation for fees incurred in attempting to prove legally and factually unfounded claims, as well as fees incurred in connection with the plaintiff's Title VII claims – claims brought only against Pechiney and as to which the plaintiff was unsuccessful.

## I.   PLAINTIFF DOES NOT QUALIFY FOR ATTORNEY'S FEES UNDER ERISA.

Even if the plaintiff's motion had been timely, she could not meet the burden imposed on her to establish entitlement to an award of attorney's fees under ERISA. The law is clear that, when considering a motion for attorney's fees in an ERISA action, the court must consider the following factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of plan participants. Chambless, 815 F.2d at 871. "No one of these factors is necessarily decisive, and some may not be apropos of a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [of ERISA]." Perreca v. Gluck, 2004 U.S. Dist. LEXIS 24429 at * 7 (S.D.N.Y. Dec. 6, 2004) quoting Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).

When these factors are considered and weighed together, the correct conclusion is that the plaintiff does not qualify for an award of attorney's fees under ERISA. The plaintiff

acknowledges that the Chambless factors govern the Court's decision (Pl. Mem., 1); however, the plaintiff's brief fails to set forth any support showing that the requisite factors are met. Instead, the plaintiff mischaracterizes the Court's ruling and ignores case law regarding the application of these factors.

The plaintiff's approach is not surprising given that the only factor that arguably weighs in plaintiff's favor is the ability of the defendants to satisfy an award. It is well established, however, that this factor alone is insufficient to justify an award of attorney's fees. See, e.g. Perreca, 2004 U.S. Dist. LEXIS 24429 at * 11 (defendant's ability to satisfy an award of attorney's fees is an inadequate basis to justify awarding fees; court must consider all five Chambless factors); Leyda v. Allied Signal, Inc. 322 F.3d 199 (2d Cir. 2003) (denying award of attorney's fees notwithstanding defendant's likely ability to satisfy the award).

All the other factors weigh in favor of the defendants and demonstrate that an award of attorney's fees is not warranted. First, the Court made no finding that MetLife acted in bad faith toward the plaintiff. A showing of bad faith or culpability, for the purposes of this analysis, requires proving more than the fact that the benefits were denied. In the instant case, the Court simply ordered that the plaintiff's claim be remanded to MetLife for consideration of additional medical records. Contrary to plaintiff's claim, the Court made absolutely no conclusion that the plaintiff was disabled. Moreover, the Court made no finding – because the plaintiff offered no evidence at trial – that MetLife acted in bad faith in its consideration of the claims. "[A]warding attorney's fees simply because benefits denied in good faith should have been granted would undermine ERISA's goal of encouraging soundness and stability of employee benefit plans." Perreca, 2004 U.S. Dist. LEXIS 24429 at * 13 (internal citations omitted).

Indeed, even if the Court had concluded that the plaintiff was actually entitled to long-term disability benefits, an award of attorneys' fees would not have been appropriate given the lack of any evidence of bad faith. See Quigley v. Unum Life Ins. Co. of Am., 340 F. Supp. 2d 215, 224-25 (D. Conn. 2004) (even though court ruled that the plaintiff was entitled to disability benefits, she did not qualify for an award of attorney's fees since the defendant's denial of her claim was not founded in bad faith).

At most, the Court's decision reflects a criticism of MetLife as to a single procedural aspect of how the appeal was handled. The Court made no finding that MetLife's conduct was willful, deliberate or in some way outrageous. To meet the "bad faith" requirement, the conduct in question must involve "something more than simple negligence. . .[it] implies the act or conduct spoken of is reprehensible or wrong." Perreca, 2004 U.S. Dist. LEXIS 24429 at * 8 (internal citations omitted). The plaintiff attempts to justify her claim for attorney's fees by asserting – without support – that the Court found that MetLife improperly failed to send the plaintiff's medical records to an independent physician consultant for review (in fact, MetLife had previously done so), and that MetLife failed to follow the applicable regulations in determining her claim. (Pl. Mem., 2.) The Court, however, made no such findings because there is no evidence whatsoever to support such a claim. Rather, it concluded only that since MetLife had determined that additional medical documentation was necessary, MetLife should not have rendered its appeal decision without receiving and reviewing such documentation. Because there is no evidence -- let alone any finding by the Court -- that MetLife acted in bad faith, application of this factor weighs against an award of fees and in favor of MetLife.

4

Likewise, there is no basis in the record of this case to conclude that an award of attorney's fees would deter others from engaging in similar behavior and offers a common benefit to other plan participants. In this case, the Court rendered a limited and narrow decision that MetLife lacked a specific piece of evidence needed to render a decision on the plaintiff's claim for benefits. The basis for the Court's action arose out of a unique set of factual circumstances – namely an inadvertent oversight regarding the request of medical records from Dr. Tec and the failure of Dr. Witt to respond completely to MetLife's questionnaire – that are unlikely to be repeated. Full examination of the claim file shows no evidence of fraud or intransigence on the part of MetLife, and thus no basis for concluding that an award of attorney's fees would deter others. See Perreca, 2004 U.S. Dist. LEXIS 24429 at * 12 (because there was no evidence that defendant's actions constituted intransigence or resulted from a phony or manufactured claim, there was no basis to award fees).[1]

Likewise there is no evidence anywhere in the record that MetLife's actions with regard to the additional medical records were pursuant to an established policy or practice generally applicable to MetLife's claim handling process. In fact, the evidence showed that MetLife went beyond what it usually did on appeal, and certainly beyond what the law generally requires. Since there is "no reason to infer that an award of fees would have any greater deterrent effect than that resulting from the imposition of liability," an award of fees is not appropriate. Leyda, 322 F.3d at 211.

Finally, a consideration of the relative merits of the parties' positions demonstrates that an award of fees is not justified. Although the Court issued a ruling in favor of the plaintiff at

---

[1] Moreover, although the plaintiff moved for fees against MetLife, the Plan at issue in this dispute is self-funded and any award of attorney's fees would be paid by Pechiney.

this stage of the proceedings, that is insufficient to justify an award of attorney's fees. Perreca, 2004 U.S. Dist. LEXIS 24429 at * 13 (plaintiff's success on the merits was not enough for entitlement to attorney's fees); Leyda v. Allied Signal, Inc., 322 F.3d 199, 210-11 (2d Cir. 2003) (even where defendant violated ERISA's procedures regarding distribution of summary plan descriptions, its actions were not in bad faith and it had a "colorable defense to the plaintiff's cause of action"); Quigley, 340 F. Supp. 2d 215, 224-25 (D. Conn. 2004) (although court awarded benefits to plaintiff, it denied her claim for attorney's fees on the basis that the defendant did not act in bad faith and its defense to plaintiff's action "did have some merit."). The extensive evidence developed at trial shows that MetLife had ample basis to support its conclusion that it had sufficient information in its claim file to make a decision on the plaintiff's appeal of the denial of benefits. Thus, where, as here, the defendants had a non-frivolous position which was sufficiently grounded in the facts to force a trial, the plaintiff's cannot show that the relative merits of the parties' respective positions weighs in her favor. Perreca, 2004 U.S. Dist. LEXIS 24429 at *13-14.

A comparison of the relative merits of the parties' positions must also take into account the plaintiff's failure to prove the theories on which she tried the case and as to which MetLife was forced to expend considerable effort and resources to disprove. At trial, the plaintiff devoted herself to an ultimately fruitless attempt to prove baseless claims such as the existence of a conspiracy by the defendants to deny plaintiff's claim for benefits in retaliation for plaintiff's EEOC claims. The plaintiff also failed in her attempt to prove that MetLife actually possessed, but disregarded, the completed questionnaire from Dr. Witt. With regard to this questionnaire, the plaintiff not only failed to prove that the completed questionnaire was ever sent to MetLife,

but also, the affidavit which plaintiff's counsel drafted for Nurse Paci to sign (by which means the plaintiff avoided summary judgment) was completely discredited and repudiated by Nurse Paci at trial. These pointless efforts consumed hours of trial time for no good purpose.

It is important to highlight the fact that Court's ruling was based on the claim file and, to some extent, the testimony of Salvatore Marchese. This fact further demonstrates that the examination of the plaintiff, the plaintiff's husband and Billie Wallace offered no relevant evidence to the Court, but instead, constituted a misuse of the time and resources of the Court and the parties. Where, as here, the Court's judgment is based on a claim which is completely separate from the issues raised by the plaintiff at trial, the plaintiff does not qualify for an award of attorney's fees.

An analysis of the facts of this case in comparison with the Chambless factors demonstrates that the plaintiff is not entitled to an award of attorney's fees. Accordingly, the plaintiff's motion should be denied.

## II.   PLAINTIFF IMPROPERLY SEEKS FEES UNRELATED TO HER ERISA CLAIMS.

Assuming *arguendo* that plaintiff is entitled to an award of some attorney's fees, which MetLife denies, the plaintiff's claim that she is entitled to an award of $92,207.50 is completely unjustified. The plaintiff has not met her burden of submitting evidence supporting the hours worked and the rates claimed. "It is well-established in this circuit that an attorney 'who applies for court-ordered compensation . . . must document the application with contemporaneous time records.'" Walia v. Vivek Purmasir & Assoc., 160 F. Supp. 2d 380, 396 (S.D.N.Y. 2000), quoting New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d. Cir. 1983) (ellipsis in original). See also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d

7

1250, 1265 (2d Cir. 1987) (the attorney is required to maintain and provide contemporaneous time records); Pridgen v. Andresen, 2000 U.S. Dist. LEXIS at * 23 (D. Conn. Mar. 31, 2000) ("Applications for fee awards should generally by documented by contemporaneously created time records that specify for each attorney, the hours expended and the nature of the work done.")

Indeed, when moving for attorney's fees, it is appropriate to submit "detailed billing records, affidavits, lists of attorney billing rates, a resume of plaintiff's lead counsel, and comparison of billing rates for attorneys in other locales." See Pridgen, 2000 U.S. Dist. LEXIS at * 23. Rather than producing any such documentation, however, plaintiff's counsel has instead chosen to create a log, which he admits is based on time records that were not accurate. (Affidavit of John Evans, ¶¶ 3, 4(A), 4(D).) "Casual after-the-fact estimates of time expended on a case are insufficient to support an award of attorney's fees." National Assoc. of Concerned Veterans v. Sec'y of Transportation, 675 F.2d 1319, 1327 (D.C. Cir. 1982), citing In re Hudson & Manhattan R.R. Co., 339 F.2d 114, 115 (2d Cir. 1964).

Not only has plaintiff's counsel failed to submit contemporaneous time records, but also, as is demonstrated by the affidavit submitted by plaintiff's counsel, the claimed amount is inflated because it reflects time spent on matters that are completely unrelated to plaintiff's claim of wrongful denial of long-term disability benefits in violation of ERISA. First, since discovery beyond the production of the claim file was not permitted in connection with plaintiff's ERISA claims, all of the entries relating to time spent by plaintiff's counsel on discovery-related matters must be excluded. These entries include, but are not limited to, time spent by plaintiff's counsel reviewing and responding to Pechiney's discovery requests, reviewing Pechiney's 26a

disclosures, preparing requests for admission, responding to Pechiney's motions to compel and engaging in conferences with his client and Pechiney's counsel about discovery matters. These activities, which, according to plaintiff's counsel, involved more than 20 hours of his time, are non-compensable.

Moreover, MetLife should not be expected to bear the burden of plaintiff's counsel's failure to understand the scope of ERISA and its application to plaintiff's claims. Had plaintiff's counsel engaged in a proper analysis of the plaintiff's claims from the start, he would not have attempted to characterize her wrongful denial of benefits claims as claims for breach of contract and unfair trade practices. (See plaintiff's initial Complaint.) Having already borne the burden of preparing and defending its own (successful) motion to dismiss, MetLife should not be held responsible for the fees incurred by plaintiff's counsel in preparing an inadequate complaint, responding to the motion to dismiss and preparing a revised complaint. Likewise, MetLife should not be responsible for any fees associated with the plaintiff's misguided (and legally unfounded) attempt to disclose experts in connection with the ERISA action.

Finally, it is only as to the ERISA claims as to which the plaintiff has even a potential right to an award of attorney's fees, since she did not prevail on her Title VII claims.[2] Accordingly, the plaintiff is not eligible for an award of any attorney's fees relating to time spent by the plaintiff in connection with her Title VII claims. Thus, all entries in the memorandum of "time invested by plaintiff's counsel" which reference matters specifically relating to plaintiff's Title VII claims, such as his review of plaintiff's EEOC proceedings, must be eliminated from consideration.

---

[2] Under Title VII, attorney's fees may be awarded only to the prevailing party. 42 U.S.C. 2000e-5(k).

9

Moreover, although plaintiff's counsel asserts that he has segregated time spent on plaintiff's ERISA claims from time spent on plaintiff's Title VII claims, he has offered no proof to substantiate this claim. Before any award of fees could be made, the plaintiff should be required to provide an accurate accounting of plaintiff's counsel's time, with contemporaneous billing records to support it. In particular, any time relating to the plaintiff's claims in general, such as the preparation of the 26(f) report, the drafting of plaintiff's complaint, the analysis of and response to the motions for summary judgment, the drafting of the pre-trial memorandum, the attempts to settle the dispute, the trial, and the post-trial memoranda, must be scrutinized carefully to determine how much time was actually spent on the ERISA claims, as opposed to the Title VII claims. To the extent the plaintiff's counsel is unable to document the amount of time actually spent on the ERISA claims, any potential award to the plaintiff must be reduced accordingly. See Marisol A. v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) ("If the documentation is inadequate, for example, if it reflects excessive or redundant time, the court may reduce the award accordingly."), citing Hensley v. Echerhart, 461 U.S. 424, 433 (1983). Thus, in the event the Court determines that the plaintiff is entitled to any award of fees, it must hold an evidentiary hearing to determine the appropriate amount of such an award.

### III. CONCLUSION

For all the reasons set forth above, MetLife respectfully requests the Court to deny the plaintiff's motion for attorney's fees.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

_____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No. (860) 275-8200
Fax No. (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent by U.S. mail, postage prepaid, on this 7th day of March 2005 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT  06905

Kenneth W. Gage, Esq.
Sarah Graves, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

_____
Erin O'Brien Choquette