UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 APR -7 P 2:42
US DISTRICT COURT
HARTFORD

RITA KRUK,
    Plaintiffs

VS.                            Civil No. 3:02CV121 (AVC).

METROPOLITAN LIFE INSURANCE
COMPANY,
    Defendant.

### ORDER GRANTING MOTION FOR ATTORNEYS FEES AND COSTS

The plaintiff, Rita Kruk, brings the present motion for attorneys' fees and costs after prevailing against the defendant, Metropolitan Life Insurance Company ("Metlife"), in a claim for wrongful denial of long term disability benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

An award of fees and costs is governed by § 502(g)(1) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(1). Under this statute, the court's discretion in making any award is guided by five indicia, including: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorneys' fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of pension plan participants. Salovaara v. Eckert, 222 F.2d 19, 27-28 (2d Cir. 2000) (citing Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869

(2d Cir. 1987)).

On September 27, 28, 29, and 30 of 2004, the parties tried the claim to the court. On December 27, 2004, the court rendered its memorandum of decision, finding that Metlife had arbitrarily and capriciously denied the plaintiff's claim for long term disability benefits. In particular, the court found that

> Metlife, after concluding that additional medical evidence was required to fully consider the claim, denied the claim without ever submitting an information request [to the the plaintiff's treating physician] and without ever making the appropriate inquiry as to the status of [an] information request [submitted by Metlife] to [a second treating physician].

Based on this finding, the court concludes that the plaintiff has met her burden in showing entitlement to a fee award. Specifically, the record reflects that Metlife denied the plaintiff's claim for lack of medical evidence when, in fact, that deficiency was of Metlife's own making, and then pursued years of litigation instead of simply correcting the error. Such conduct evinces bad faith of a degree sufficient to authorize a fee award. Further, having considered the remaining Chambless factors[1] and weighed the relative merits of the parties'

---

[1] The court notes that the Chambless test requires the court to also consider "whether the action conferred a common benefit on a group of pension plan participants." Salovaara v. Eckert, 222 F.2d 19, 27-28 (2d Cir. 2000). Certainly, this action itself conferred no common benefit onto other plan participants. Because this consideration is not directly relevant in this case, the court does not include it as part of the test informing its

positions, the court finds that an award is equitable under the circumstances, that Metlife has the ability to satisfy the award, and that an award would deter other persons and/or entities from acting similarly under like circumstances. Further, because a court in a fee award may award reasonable out of pocket expenses incurred during litigation, see e.g., Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987), the court awards the plaintiff such costs as well.

## CONCLUSION

For the foregoing reasons, the motion for attorneys fees (document no. 152) is GRANTED. As Metlife disputes the extent of the fees and costs sought by the plaintiff, the court will hold an evidentiary to determine the extent of the award on April 27, 2005 at 11:00 am.

It is so ordered, this 7th day of March, 2005 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

discretion.