<u>**UNTIED STATE DISTRICT COURT**</u>
<u>**DISTRICT OF CONNECTICUT**</u>

| | |
|---|---|
| RITA KRUK,   PLAINTIFF : | |
| : | |
| v. : | Civil Action No. 302CV121 (AVC) |
| : | |
| PECHINEY PLASTIC PACKG, INC., : | |
| METROPOLITAN LIFE INSURANCE : | |
| COMPANY, INC., DEFENDANTS : | MAY 10, 2005 |

<u>**MOTION TO QUASH SUBPOENA**</u>

The Plaintiff in the above action objects to the Defendant MetLife's subpoena in the above case, dated April 22, 2005, for the following reasons:

1.     The Subpoena attached hereto as Exhibit A, was on or about April 28, 2005, by the undersigned, John J. Evans, the Plaintiffs attorney, and commands production of the entire file of Plaintiff's counsel, in connection with the above reference litigation, and relating to Plaintiff motion for attorney fees under ERISA, which motion was granted by the court. The court initially scheduled a hearing to determine the amount of the fees, for April 27, 2005, which was continued after motion by Defendant, MetLife, to June 9, 2005.  Meanwhile the subpoena attach hereto was served.

2.     The requested documents as defined in schedule A of the subpoena, specifically include privileged communications, and those documents exempt from production.

3.     The defendant already has all pleadings and correspondence in this

1

case, as well as all documents produced through discovery, which were extensive. This Court will undoubtedly recall the thousands of pages of trial Exhibits alone, relating to the ERISA claims. The defendant now wishes to conduct additional and further discovery in this case, long after the discovery deadline has expired, and long after the court enter judgment after trail.  The defendant certainly had ample time to obtain any relevant information in this case during the pendency of this action, but never requested the information and materials it now has subpoenaed from the undersigned, Plaintiffs counsel.

      4.     This subpoena is simply an effort to harass and waste of time of plaintiffs counsel, and in an effort to negotiate a compromise of Plaintiffs attorneys fees.  The Defendant, Pechiney, in favor of which judgment was entered on the ERISA claims, recently offered $50,000.00, to settle Plaintiff's claims for attorney's fees.  After this was rejected, the Defendant, MetLife, then filed an offer of judgment, received this date, offering $65,000.00.  It is clear that this subpoena served, has been served in bad faith, only for the purpose of negotiation leverage and wasted time.

      5.     The subpoena was also served for additional and improper reasons. The judgment of the court remanded Plaintiff's disability claim to MetLife's claims department for further review.  For four months thereafter, the Defendant, MetLife took no action whatsoever to conduct this further review as ordered by the Court.

The instant subpoena constitutes no more than a fishing expedition, to find some other information it might use to argue denial of plaintiffs disability claim, and was therefore served in bad faith, for this reason also.

      6.    The Defendant has given no reasons, for any need for Plaintiff's counsel's entire file, and there could be no such reason, since the only pending issue is the amount of Plaintiff's attorney's fees and costs. The Plaintiff is willing to produce the fee agreement between Plaintiff and her counsel, and also the records regarding disbursements, as requested. However, all other requested information is privileged as client communications, and work product, or has already been given to the Defendant.

**FOR THESE REASONS**, the Plaintiff respectfully requests that the Defendant's Subpoena be quashed, in all respects, except as to the fee agreement and disbursements.

Dated: May 10, 2005

                              THE PLAINTIFF,

                              By_____
                              Evans Law Offices, LLC
                              By John J. Evans, Esq.
                              30 Oak Street
                              Stamford, CT  06905
                              (203)353-8880
                              Fed. Bar No. ct06288

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been mailed to all counsel and pro se parties of record as listed below this 10th day of May, 2005.

Kenneth W. Gage, Esq.  
Paul, Hastings, Janofsky & Walker LLP  
1055 Washington Boulevard  
Stamford, CT  06901-2216


Theodore J. Tucci, Esq.  
Erin K. O'Brien, Esq.  
Robinson & Cole.  
280 Trumbull Street  
Hartford, CT 06103-3597


                                                               John J. Evans, Esq.