UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RITA KRUK | : | |
| Plaintiff, | : | |
| V. | : | CIVIL NO. 3:02 CV 121 (AVC) |
| | : | |
| PECHINEY PLASTICS PACKAGING, INC. | : | |
| and METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, INC. | : | |
| | : | |
| Defendants. | : | MAY 18, 2005 |

## MEMORANDUM IN OPPOSITION
## TO MOTION TO QUASH SUBPOENA

### INTRODUCTION

The defendant, Metropolitan Life Insurance Company ("MetLife") hereby opposes

plaintiff's motion to quash MetLife's subpoena issued to obtain production of documents

relevant to plaintiff's request for an award of attorney's fees in this case.[1]

As this memorandum demonstrates, plaintiff's motion to quash should be denied because

the documents MetLife has subpoenaed are not privileged. Moreover, plaintiff's refusal to

produce proper documentation to support her claim for approximately $92,000 in attorney's fees

substantially prejudices MetLife's legal right to challenge both the basis for and amount of the

claimed fees.

---

[1] This memorandum in opposition to plaintiff's motion to quash is also submitted on behalf of defendant Pechiney
Plastics Packaging, Inc. ("Pechiney"). Because Pechiney bears ultimate responsibility for payment of an award of
attorney's fees, Pechiney's interests are adversely affected by plaintiff's failure to produce responsive documents
relating to her claim for attorney's fees.

## PROCEDURAL BACKGROUND

On January 17, 2005, plaintiff submitted her motion for attorney's fees.  Accompanying the motion was an affidavit of plaintiff's attorney, John J. Evans ("Evans").  In the affidavit, Evans stated that he had "reviewed [the] time records in this law office" and "segregated the time spent on Plaintiff's ERISA claims (her claims of wrongful denial of disability benefits)" from the time spent on her other failed employment law claims.  (Evans Aff., ¶ 3.)

Attached to the affidavit was a nine page, undated document addressed to Rita Kruk, which purported to be "the detail of time invested in connection with the disability claims only." The document begins with an entry in 2001 and ends with an entry in 2005.  In describing this document, Evans represented that the dates on which the claimed legal work was done were "at least 98% correct."  (Id. at ¶ 3A.)  He further stated that the entries on the document provided a general description of the work performed, "although such descriptions are not intended to give a complete narrative of all work performed and all communications made, some of which is [sic] privileged."  (Id. at 3B.)  (emphasis added)  In support of the claimed hourly rate, the only information provided was the assertion by Evans that he "bills for his time at the rate of $275 per hour."  (Id. at 3D.)  No fee agreement, retention letter, billing statements to plaintiff or contemporaneously created time records were submitted in support of plaintiff's motion for attorney's fees.

In advance of the scheduled hearing on plaintiff's attorney's fees motion, MetLife served a subpoena on Evans on April 27, 2005 (Exhibit 1).  The subpoena requested production of the following types of documents by May 11, 2005:  contracts between plaintiff and Evans relating to legal representation; documents relating to bills for legal services; documents relating to time

spent on Evans' legal representation of plaintiff, including contemporaneously prepared time records and time logs; documents relating to costs and disbursements; and documents relating to Evans' hourly rates from January 1, 2002 to the present.

The night before compliance with the subpoena was required, Evans called MetLife's counsel to inform him that Evans was filing a motion to quash the subpoena. Plaintiff's counsel had been aware of the subpoena for more than ten days. MetLife's counsel attempted to resolve the subpoena dispute (Exhibit 2). Evans responded by letter dated May 11, 2005, confirming a continuing refusal to produce anything other than the fee agreement with plaintiff and disbursement records (Exhibit 3). In that letter, Evans indicated that records regarding time spent on this matter are "stored on his computer program" and that "the only records of time spent are attached to my motion for attorney's fees." Id.[2] To date, plaintiff has failed to produce even the fee agreement and disbursement records (Exhibit 4).

**LEGAL ARGUMENT**

The standards governing the award of attorney's fees in this Circuit are clear. In New York State Ass'n For Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983), the Second Circuit ruled that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." The Court stated that "we think it appropriate to convert our previously expressed preference for contemporaneous time records . . . into a mandatory requirement, as other Circuits have done. . . ." (Id.) (citations omitted).

---

[2] It is difficult to fathom how both of these statements could be accurate. The document attached to the attorney's fees motion was specifically created for that motion by reviewing time records and "culling out" – according to the subjective judgment of plaintiff's counsel – those entries that pertained to the failed employment law claims or as to which some privilege purportedly applies. MetLife is entitled to copies of original records, not a compilation created specifically for the attorney's fees motion.

The examination of contemporaneous time records is an essential element of the court's function in ruling on the reasonableness of the claim for fees. In Tsombanidis v. City of West Haven, 208 F. Supp. 263, 270 (D. Conn. 2002), the court discussed the need for examination of contemporaneous time records because, in part, hours that are not reasonably expended should be excluded from the award, including elimination of excessive, redundant and otherwise unnecessary time expenditures. Id. Moreover, "[a] plaintiff who prevails on some but not all of his claims is not entitled to a fee award for unsuccessful claims that were based on different facts or legal theories." Id., quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

In the instant case, plaintiff has failed to produce the actual computer records detailing all of the time spent in connection with plaintiff's counsel's legal representation in this matter. Instead, plaintiff has chosen to produce a specially created document that is the product of plaintiff's counsel's subjective judgment as to what time is or is not compensable. In essence, plaintiff has usurped the court's rightful function and deprived MetLife of the ability to challenge the subjective allocations of time assigned by plaintiff's counsel to various tasks. Evans' own affidavit makes clear that the document attached to his affidavit is "not intended to give a complete narrative of all work performed" in connection with this case. This is the precise information as to which the court and MetLife are entitled. Production of such information is especially important in order to ensure that plaintiff is not seeking to be compensated for time spent on unsuccessful and unrelated employment claims by, in effect, reallocating a portion of that time to the ERISA claim for disability benefits.

The remainder of plaintiff's objections are dispensed with easily. It is well accepted that billing records are not protected by attorney-client privilege. "Absent special circumstances

- 4 -

where disclosures would in effect reveal confidential communications, client identity and fee

information are not privileged." Olson v. Accessory Controls & Equipment Corp., 1997 WL.

149327 (Conn. Super. 1997) (unpublished opinion), citing Rehin v. Kimberly Clark Corp., 3

Conn. Ops. 64, 65 (1997).  The information sought by MetLife relating to fee agreements, billing

records and billing rates are all clearly recognized as relevant to an inquiry on attorney's fees.

Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc., 246 F. 3d 142, 149 (2d Cir. 2001)

(Opponent should be afforded opportunity to develop evidentiary record before determinations

as to propriety and amount of attorney's fee award made).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to quash MetLife's subpoena should be

denied and plaintiff should be ordered to produce immediately complete copies of

contemporaneous time records and the other documents relating to billing and fees.

> DEFENDANT
> METROPOLITAN LIFE INSURANCE
> COMPANY
>
> Theodore J. Tucci (ct05249)
> ttucci@rc.com
> Erin O'Brien Choquette (ct18585)
> echoquette@rc.com
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No. (860) 275-8200
> Fax No. (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing Opposition to Motion to Quash Subpoena

was sent via facsimile on this 18th day of May, 2005, to:

John J. Evans, Esq.
Law Office of John J. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

_____
Theodore J. Tucci

# EXHIBIT 1

# ROBINSON & COLE LLP

THEODORE J. TUCCI

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
ttucci@rc.com
Direct (860) 275-8210

**HAND DELIVERED VIA STATE MARSHAL**

April 27, 2005

John J. Evans, Esq.
and/or Records Custodian
Evans Law Offices, LLC
30 Oak Street
Stamford, CT 06904

Re:  **Kruk v. Pechiney Plastics, et al.**

To Whom It May Concern:

Enclosed please find a subpoena duces tecum for records which is being served on
you in connection with the plaintiff's motion for attorney's fees in the above-
referenced action. Although the subpoena does not command your appearance, you
are nonetheless required to produce the documents listed on Schedule A of the
subpoena, on or before May 11, 2005 at 10:00 a.m. at Robinson & Cole LLP, 280
Trumbull Street, Hartford, CT 06103-8299.

In lieu of presenting the subpoenaed documents on the required date and time, you
may mail copies of the documents to me directly at the above address prior to May
11, 2005. If the records are too voluminous to copy, please contact me, prior to May
11th, to discuss alternative arrangements for our review of the records.

If you have any questions or concerns regarding the production of the requested
documents, I request that you contact me immediately so that we can attempt to
resolve any issues without the necessity of court intervention.

Very truly yours,

Theodore J. Tucci

cc:    Kenneth W. Gage, Esq. (w/enc. – via facsimile)

Enclosure

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF _Connecticut_

Rita Kruk

v.

Pechiney Plastic Packg., Inc,
Metropolitan Life Ins. Co.

# SUBPOENA IN A CIVIL CASE

AN ACTION PENDING IN THE UNITED
STATES DISTRICT COURT, DISTRICT
OF CONNECTICUT

TO:    John Evans, Esq. and/or Records Custodian
       Evans Law Offices, LLC
       30 Oak Street
       Stamford, CT 06905

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE SCHEDULE A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3599 | May 11, 2005<br>10:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_<br><br>ATTORNEY FOR METROPOLITAN LIFE INSURANCE COMPANY DEFENDANT | April 27, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Theodore J. Tucci, Robinson & Cole LLP, 280 Trumbull Street
Hartford, Connecticut 06103-3597, (860) 275-8200

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                    SIGNATURE OF SERVER

                                                           ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person

may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

For purposes of this subpoena, "document" or "documents" means any writing and any other tangible thing in your custody, possession, control, whether printed, recorded, reproduced by a process, or written or produced by hand, and whether or not privileged or exempt from production for any reason, including but not limited to, letters, reports, agreements, communications, including interoffice communications, including interoffice communications, correspondence, telegrams, memoranda, summaries, notes or records of personal conversations, photographs, phono records, recordings (including audio and visual tape recordings), diaries, minutes or records of meetings, conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports of summaries of investigations, drafts of any documents, and revisions of drafts of any documents, writings, drawings, graphs, charts, purchase orders, canceled checks, invoices, and any other data compilations from which information can be obtained.

1.   All contracts between you and/or your office and Rita Kruk and/or Edward Kruk in connection with the denial of the claim for disability benefits and the matter of <u>Kruk v. Pechiney Plastic Packg. Co.</u>, et al, Docket No. 02cv121 (AVC).

2.   All documents relating to billing for legal work performed by you and/or your staff in connection with the denial of the claim for disability benefits and the matter of <u>Kruk v. Pechiney Plastic Packg. Co., et al</u>, Docket No. 02cv121 (AVC), including but not limited to contemporaneous billing records and invoices.

3.   All documents relating to time spent by you and/or your legal staff performing legal work in connection with the denial of the claim for disability benefits and the matter of <u>Kruk v. Pechiney Plastic Packg. Co., et al</u>, Docket No. 02cv121 (AVC), including but not limited to contemporaneous time records, daily time sheets, and daily time logs.

4.   All documents relating to disbursements, costs, and expenses associated with the denial of the claim for disability benefits and the matter of <u>Kruk v. Pechiney Plastic Packg. Co., et al</u>, Docket No. 02cv121 (AVC), including but not limited to invoices, receipts, and cancelled checks.

5.   All documents relating to the hourly rates billed and charged to clients for you and your legal staff from the period of January 1, 2002 to the present.

6.   Excluding attorney-client communications, all documents maintained by you and/or your office that comprise the file in connection with the denial of the claim for disability benefits and the matter of <u>Kruk v. Pechiney Plastic Packg. Co., et al</u>, Docket No. 02cv121 (AVC).

# EXHIBIT 2

# ROBINSON & COLE LLP

THEODORE J. TUCCI

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
ttucci@rc.com
Direct (860) 275-8210

**_VIA FACSIMILE_**

May 11, 2005

John J. Evans, Esq.
Evans Law Offices, LLC
30 Oak Street
Stamford, CT 06904

Re:    **Kruk v. Pechiney Plastics, et al.**

I am writing to follow up on our telephone conversation that occurred late yesterday afternoon.

In that telephone call, you informed me that plaintiff would be filing a motion to quash the subpoena that was served on your office requiring production of documents relating to plaintiff's claim for attorney's fees. Despite the fact that the subpoena was served on your office (after multiple previous unsuccessful attempts) on April 28, 2005, you waited until the day before compliance with the subpoena was due to file plaintiff's motion to quash.

In our conversation, we focused primarily on the question of production of all contemporaneously maintained time records documenting your work in this case. You stated to me that "I never write anything down" and that you have a computer based time recording system that was used to track your time in this case. You asserted to me that you had produced your office's time records in support of plaintiff's motion for attorney's fees dated January 17, 2005. I indicated to you that I would go back and review the supporting documents attached to plaintiff's attorney's fees motion.

The only document attached to plaintiff's attorney's fees motion is an undated nine page compilation, addressed to Ms. Kruk, that purports to be a compilation of "time invested in connection with the disability claims only" from 2001 through 2004.

It appears obvious on its face that this document is not a contemporaneously prepared time sheet, but rather a compilation prepared by you specifically for the attorneys'



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

# ROBINSON & COLE LLP

John J. Evans, Esq.
May 11, 2005
Page 2

fees motion.  This conclusion is borne out by paragraph 3 of your affidavit, which states:

> I have reviewed my time records in my law office, in connection with the above case, and I have segregated the time spent on the Plaintiff's ERISA claims (her claims of wrongful denial of disability benefits) against the two Defendants, Pechiney and MetLife, from the time spent by me on Plaintiff's behalf, on all other claims made by Plaintiff in this action against Pechiney, namely, Title VII claims.

So that the record is absolutely clear, MetLife is entitled to production of all actual time records and legal bills maintained by your office in connection with this matter. Without those documents, it is impossible for MetLife and Pechiney to determine whether your "segregation" of the time devoted to the disability claim is accurate or justified.  For the same reasons, MetLife and Pechiney are entitled to obtain all of the other categories of documents outlined in the subpoena.

This letter represents my good faith attempt to resolve your motion to quash.  Please reconsider your objection and produce or otherwise make available all responsive documents by no later than 5:00 p.m. on May 13, 2005.  At a minimum, please produce a copy of your fee agreement and disbursement records (as to which you have stated there is no objection) by May 13th.

Very truly yours,

Theodore J. Tucci

TJT/bab

cc:    Kenneth W. Gage, Esq. (via facsimile)



**EXHIBIT 3**

**EVANS LAW OFFICES, LLC**
**JOHN J. EVANS, ATTORNEY AT LAW**
**30 OAK STREET**
**STAMFORD, CONNECTICUT 06905**
(203) 353-8880

Fax No: (203) 359-4597

Facsimile: (860) 275-8299                    May 11, 2005

Ted Tucci, Esq.
Robinson & Cole.
280 Trumbull Street
Hartford, CT 06103-3597

Re: Kruk vs. Pechiney Plastics Packaging,, Inc., et al.

Dear Ted:

I received your letter earlier today by fax, and I must clarify some of the inaccuracies you state. First, I stated to you yesterday, that I don't write anything down using pen and paper, but rather I type it into my computer…which, of course, is another way of "writing it down." Also, though you state that my time records were not recorded contemporaneously with the time spent, your assumption (made from unknown reasons and facts), is simply wrong, because my time records were kept over the period from 2001 to 2005 when the time was invested, and your assumptions cannot change that fact.

Please be informed that although you seem to think there are some other records, the only records of time spent are attached to my motion for attorney's fees, which records were stored on my computer program, and since there are no other time records than these, I have nothing further to give you. Regarding the fee agreement and disbursement records, I have not yet accumulated this information, and I will send these documents to you next week.

Regarding what you term a "good faith attempt," I can only say nice try, because your position on this matter is clearly frivolous, and designed to harass and waste further time, which is evidenced by the assumptions you make, which are wholly unsupported by fact.

Sincerely,

John J. Evans

JJE/cm

**EXHIBIT 4**

# EVANS LAW OFFICES, LLC
### JOHN J. EVANS, ATTORNEY AT LAW
### 30 OAK STREET, Suite 102
### STAMFORD, CONNECTICUT 06905
#### (203) 353-8880

Fax No: (203) 359-4597

May 17, 2005

Theodore J. Tucci, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Re:  <u>Kruk vs. Pechiney Plastics Packaging, Inc., et al. No.3:02-CV-121 (AVC)</u>

Dear Ted:

I received your fax today, regarding the above case, and must inform you that because of my medical issues, I am working on a somewhat reduced schedule. Since I had deposition today, and two client meetings, and have been trying to keep up with currently pending litigation matters, I have not accumulated or gathered the documents to send to you, but will do so as soon as I possibly can, which I expect will be late this week.

Thank you for your attention to this matter.

Very truly yours,

John J. Evans, Esq.

JJE/cm
Dictated but not read
Via:    Fax # 1-860-275-8299