UNTIED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRUK, RITA    PLAINTIFF | : |
| | : |
| v. | : Civil Action No: 302 CV 121(AVC) |
| | : |
| PECHINEY PLASTICS, INC., | : |
| MEAUSSONE, JEAN PAUL, AND | : |
| MET LIFE, INC.,   DEFENDANTS | :     JUNE 23, 2005 |

**MOTION FOR CONTEMPT AGAINST DEFENDANT METLIFE**

The Plaintiff in the above entitled matter hereby moves that this Court hold the Defendant, Metropolitan Life Insurance Company, Inc., in contempt of this court's judgment and orders dated December 28, 2004, for the following reasons:

**1.** After a full trial, thousands of pages of exhibits, and post trial briefs by the parties, this Court entered Judgment in the above case, against MetLife, and ordered MetLife to make a "new eligibility determination, with consideration to be given to information that should have been made part of the administrative record…" To date, MetLife has not complied with this Court's orders. Although the Code of Federal Regulations requires that a review of a claim denial be conducted within 60 days, the Defendant has also ignored federal law, and failed to take any action whatsoever, within this time period, to reevaluate Plaintiff's disability claim.

More than three months after the Court's ruling, and after hearing nothing from MetLife, regarding its renewed eligibility determination, as ordered by this Court, on April 6, 2005, the undersigned wrote to Mr. Sal

1

Marchese, the claims review specialist of MetLife, who testified at trial, to inquire regarding the status of Ms. Kruk's claim. A copy of said letter is attached hereto as Exhibit A. In response to this letter, the undersigned was informed by Metlife's counsel not to communicate with Mr. Marchese, since he was not handling the review process. No information was forthcoming at that time regarding when, or whether MetLife would perform the reevaluation as ordered. MetLife clearly has intended to waste further time delaying and intentionally ignoring the order of this Court to re-evaluate the Plaintiff's long term disability claim.

    **2.**    Thereafter, Plaintiff again heard nothing from MetLife regarding the Court's ordered re-evaluation of Plaintiff's ERISA disability claim, and the undersigned wrote to Metlife's counsel on April 6 2005, inquiring into the status of MetLife's reevaluation as ordered by the Court, and whether MetLife had taken any steps to obtain and consider the further medical information regarding Plaintiff's disability, as ordered by the Court. The undersigned also inquired whether MetLife would need a new medical authorization from the Plaintiff, in order to obtain any further medical information from Dr. Leon Tec, and Dr. David Witt, which the Court ordered MetLife to consider in its re-evaluation of Plaintiff's claim. Defendant's counsel, Erin Choquette, informed the undersigned that the undersigned should not follow up with him on this issue, since their firm was not handling the re-evaluation of Plaintiff's claim, but that we would hear from MetLife.

    **3.**    Thereafter, On or about April 29, 2005, the undersigned

received a request by mail from MetLife, requesting that Plaintiff sign a new form medical authorization, which was then signed by Plaintiff, and returned by mail to MetLife as requested on May 16, 2005.  A copy of the authorization was also sent by facsimile transmission to MetLife on May 18, 2005, a copy of which is transmission is attached hereto as Exhibit B.

Although this medical authorization was clearly received on May 18, 2005 by MetLife, to date, Dr. Leon Tec has received no inquiry whatsoever, for any medical information from MetLife, as the Court ordered MetLife to consider in the reevaluation process.  MetLife has therefore intentionally ignored this Court's orders, and has interfered with the proper administration of justice in this case.  This behavior has been repeated throughout the claims process, and this litigation.

Again, the Defendant, MetLife's, conduct in this case "evinces bad faith of a degree to sufficiently authorize a fee award."  This quote is from the Court's previous decision regarding Plaintiff's motion for attorney's fees, where the Court also found that MetLife had denied Plaintiff's claim for lack of evidence, which was of its own making, "and then pursued years of litigation, instead of simply correcting the error."  MetLife continues to conduct itself in bad faith in this matter, obviously believing it can do so with impunity.  Further evidence of such bad faith is demonstrated by MetLife's attempts to subpoena Plaintiff's counsel's "entire file," in connection with Plaintiff's motion for attorney's fees, when all discovery deadlines have expired, and it already has the major portions of Plaintiff's files, which include

3

all pleadings and correspondence, and where the remainder of Plaintiff's counsel's file is subject to privilege.

4. Federal regulations required that the review of Plaintiff's ERISA Disability claim be decided within sixty (60) days, pursuant to 29 C.F.R. Section 2560.503-1(g)(4)(i). However, MetLife ignores this federal time deadlines and never informed Plaintiff that further time was needed for any reason. Again, after this Court has entered judgment, MetLife continues to ignore legal authority, and specifically the inherent authority of this Court to order the relief contained in its decision.

**FOR THESE REASONS,** the plaintiff respectfully requests as follows:

1. That this Court hold the Defendant, MetLife, in contempt of this Court's decision and the orders contained therein;

2. That MetLife's be enjoined from doing business in the State of Connecticut, until such time as the said Defendant complies with the orders of this Court, and demonstrates such compliance to this Court;

3. That MetLife be ordered to pay Plaintiff's attorney's fees for time spent following up with MetLife, and for bringing this motion, reviewing and responding to any response to this motion, all of which amounts to approximately 3.0 Hours at the billable rate of the undersigned, Plaintiff's counsel, John J. Evans, of $275.00 per hour, totaling $825.00, plus any further time spent in appearing for any hearing regarding this motion.

4. That MetLife be ordered to appear and show cause why a contempt order should not be entered, and sanctions should imposed against it, as

requested herein.

                              RESPECTFULLY REQUESTED,
                              THE PLAINTIFF,

                              By_____
                              John J. Evans, her attorney
                              Evans Law Offices, LLC
                              30 Oak Street
                              Stamford, CT 06905
                              (203)353-8880
                              Fed. Bar No. ct06288

## **ORDER**

The above motion, having come before this Court, it is hereby ordered

GRANTED/DENIED.

And it is further ordered: _____

_____

_____

_____

                                            _____
                                                        U.S.D.J.

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed to all counsel and pro se parties of record as listed below this _____ day of June, 2005.

Kenneth W. Gage, Esq.
Melissa L. Bellavia, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901

Theodore J. Tucci, Esq.
Erin K. O'Brien, Esq.
Robinson & Cole.
280 Trumbull Street
Hartford, CT 06103-3597

                                                                           _____
                                                                           John J. Evans, Esq.

**EXHIBIT A**

April 6, 2005

Mr. Sal Marchese
Metropolitan Life Insurance Company
P.O. Box 14592
Lexington, Kentucky  40511

**Re:     Ms. Rita Kruk, Long Term Disability Claim.**

Dear Mr. Marchese:

As you know, this office represents Rita Kruk in connection with the long term disability claim previously filed, and which was the subject of litigation in Federal Court in Hartford, CT, wherein the Judge ordered that MetLife again review Ms. Kruk's claim, after obtaining and considering additional medical information.

Ms. Kruk wants to be sure that MetLife has requested and obtained the appropriate medical information, and one purpose of this letter is to inquire regarding the status of this matter, and what MetLife has done, if anything, to date, regarding the review of her application, as ordered by the court.  I enclose herein a copy of the questions, (also containing the written answers) that your nurse consultant indicated were necessary to adequately review Ms. Kruk's claim.  These questions were answered by Dr. David Witt of Fairfield Connecticut, Ms. Kruk's physician.  The court was able to read these answers, but if you have trouble, let me know, and we will assist you.  This document has been in the possession of MetLife, or at least in the possessions of its attorneys, at Robinson & Cole, in Hartford, CT, at least since 2002, and should be made part of the claim file.  In addition, the nurse consultant indicated the need for additional information from Dr. Leon Tec of Westport CT, and we do not know whether MetLife has requested this information as yet, from him.  If so, please let us know this, as we expect a medical authorization will be required from my client to obtain this information.

Further, please let us know that a request has been made, so that this office can follow up to insure that MetLife receives all necessary information.  In addition, I enclosure in copy of the disability reports of Dr. David Witt dated September 8, 2004, and Dr. Leon Tec dated September 9, 2004.  From these two reports, it is

clear that Ms. Kruk's condition has deteriorated since the time of her initial application, and that she has continued to be completely disabled since that time.

We intend to submit further documentation and supporting medical information from other treating physicians, such as Dr. Kagan, and perhaps others, regarding the past four years, which your claims file does not have, but which is relevant to the question of her initial and continuing disability.

Also, I hereby request a summary of the review procedure that MetLife intends to use, pursuant to the court's order, and I hereby request that you inform me if you intend to impose any time deadlines on receipt or review of any particular information prior to making another decision regarding Ms Kruk's disability claim.

If you have any further questions regarding this matter, please feel free to contact the undersigned. Thank you for your attention to this matter.

                                      Sincerely,


                                      John J. Evans


cc:    Jeff Sklarz, Esq.
        Zeisler & Zeisler

        Erin O'Brien Choquette, Esq.
        Robinson & Cole

Fax to (315) 792-1710