## UNTIED STATE DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRUK, RITA    PLAINTIFF | : | |
| | : | |
| v. | : | Civil Action No: 302 CV 121(AVC) |
| | : | |
| PECHINEY PLASTICS, INC., | : | |
| MEAUSSONE, JEAN PAUL, AND | : | |
| MET LIFE, INC.,    DEFENDANTS | : | JUNE 23, 2005 |

## MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT AGAINST DEFENDANT METLIFE

The Defendant, MetLife, has failed to abide by the Court's decision in this case, dated December 28, 2004, and for over three months took no action whatsoever to reevaluate the decision regarding Ms. Kruk's disability application, as the Court ordered, in spite of the requirement that such review be conducted within 60 days, under federal law. Only after Plaintiff's counsel inquired into the status of the reevaluation ordered by the Court, did MetLife then request a new medical authorization to obtain the information that the Court ordered it reevaluate, and when MetLife already had a medical authorization signed by Plaintiff in its claims file.

29 C.F.R. Section 2560.503-1(g)(4)(i) provides as follows:

> (4) Plans providing disability benefits.
>   (i) Timing of notification of benefit determination on review. (1) In general. (i) Except as provided in paragraphs (i)(1)(ii), (i)(2), and (i)(3) of this section, the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, **but not later than 60 days after receipt of the claimant's request for review by the plan**, unless the plan administrator determines that special procedures provide for a hearing) **require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 60-day**

**period**. **In no event shall such extension exceed a period of 60 days from the end of the initial period.** The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review. (Emphasis Added).

The Defendant, MetLife never indicated to Plaintiff that any extension of time was required to process the review as ordered by the Court, but has simply ignored the Court's judgment.

Thereafter the undersigned wrote to Sal Marchese at MetLife, on April 6, 2005, a copy of which letter is attached to the Motion for Contempt as Exhibit A, inquiring into the status of the review, and MetLife waited three more weeks to request another medical authorization, which was provided by Plaintiff on May 16, 2005, and again on May 18, 2005, and then to Plaintiff's counsel on June 2, 2005, after MetLife's counsel indicated they had received no signed authorization, and he requested "proof," that it was sent.

But then, after having received Plaintiff's signed medical authorization, MetLife has still not requested the information from Dr. Tec, that the Court ordered it to reevaluate, in connection with Plaintiff's claim.   After the undersigned wrote to Mr. Marchese on April 6, 2005, the undersigned was informed by Defendant's counsel, that Mr. Marchese was not involved in the review procedure, but no information was given regarding the status of the reevaluation ordered by the Court.

Since the Defendant, MetLife, has continually delayed and inhibited Plaintiff's claim, and not even contacted Dr. Tec to obtain the information required, as ordered by the Court, Plaintiff requests that the said Defendant be

held in contempt of the orders of this Court, and that the Defendant pay counsel fees for bringing this motion.

The Court in the case of *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, (11th Cir. 2002), stated:

> A finding of civil contempt - willful disregard of the authority of the court - must be supported by clear and convincing evidence. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. Id. In determining whether a party is in contempt of a court order, the order is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard. *United States v. Greyhound Corp.*, 508 F.2d 529, 537 (7th Cir. 1974); see also *Bush*, 261 F.3d at 1063-64; *Reynolds v. Roberts*, 207 F.3d 1288, 1300-01 (11th Cir. 2000). We review a district court's determination of civil contempt only for an abuse of discretion. In re Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1545 (11th Cir. 1996).

" '[C]ivil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner.' Mercer v. Mitchell, 908 F.2d 763, at 768 (11th Cir. 1990)., 908 F.2d at 768. A petitioner "must [first] establish by clear and convincing evidence that the alleged contemnor violated [a] court's earlier order." United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988). Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor "to produce evidence explaining his noncompliance" at a "show cause" hearing. Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991); see Mercer, 908 F.2d at 768; Roberts, 858 F.2d at 701." *Weitzman v. Stein*, 98 F.3d 717 (2nd Cir., 1996).

In this case, MetLife's violation of a clear and unambiguous Order of this

Court, is obvious and intentional, and the Defendant should therefore be held in contempt of this Court.

> "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct. Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc., 793 F.2d 1529, 1535 (11th Cir. 1986) ("[w]illfulness is a commonly accepted justification for awarding attorney fees."); In re Federal Facilities Realty Trust, 227 F.2d 657, 658 (7th Cir. 1955) ("[w]illfulness inherent in the contemptuous act is a major consideration in determining whether attorney's fees should be awarded to the opposing party.") (citations omitted). Similarly, in Vuitton, this court noted that "it is appropriate for the court . . . to award the reasonable costs of prosecuting the contempt, including attorney's fees, if the violation of the decree is found to have been willful." 592 F.2d at 130. Thus, while willfulness may not necessarily be a prerequisite to an award of fees and costs, (fn1) a finding of willfulness strongly supports granting them. Indeed, to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt. We believe this rule is consistent with the principle, discussed above, that the discretion of the district court is more narrowly bounded when seeking to compensate the victim of contempt, and correspondingly broader when it seeks to force prospective compliance with its own order."

Plaintiff also respectfully requests the award of attorney's fees as requested in her motion, for the bringing of said Motioin.

        RESPECTFULLY REQUESTED,
        THE PLAINTIFF,


        By_____
        John J. Evans, her attorney
        Evans Law Offices, LLC
        30 Oak Street
        Stamford, CT  06905
        (203)353-8880
        Fed. Bar No. ct06288


**CERTIFICATION**

  This is to certify that a copy of the foregoing has been mailed to all counsel and pro se parties of record as listed below this _____ day of June, 2005.

Kenneth W. Gage, Esq.
Melissa L. Bellavia, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901

Theodore J. Tucci, Esq.
Erin K. O'Brien, Esq.
Robinson & Cole.
280 Trumbull Street
Hartford, CT 06103-3597

_____
John J. Evans, Esq.