**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RITA KRUK

      **Plaintiff,**
                                    :

**V.**                                    :     **CIVIL NO. 3:02 CV 121 (AVC)**

                                      :

**PECHINEY PLASTICS PACKAGING,**     :
**INC. et al.**                            :

                                      :

      **Defendants.**                     :     **AUGUST 1, 2005**

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S**
**MEMORANDUM IN OPPOSITION TO MOTION FOR CONTEMPT**

**I.**    **INTRODUCTION**

    Defendant, Metropolitan Life Insurance Company ("MetLife") submits this

memorandum in opposition to plaintiff's motion for contempt dated June 23, 2005[1]. MetLife

respectfully requests that plaintiff's motion be denied because it is without basis in fact or law.

    Plaintiff has not met, because she cannot meet, the rigorous burden required to establish

that MetLife has knowingly or willfully violated a clear order of this court. To the contrary,

MetLife has made good faith efforts both to resolve this litigation and to address plaintiff's claim

for long-term disability benefits, but plaintiff or her doctor has failed, to date, to provide the

information requested in connection with the review of her claim.

---

[1] Plaintiff's motion for contempt and memorandum in support are dated June 23, 2005, but were not filed with the court until June 30, 2005.

## II.    FACTUAL AND PROCEDURAL HISTORY[2]

On December 28, 2004, the court entered judgment vacating the claim determination of

MetLife and "remanding the matter for a new eligibility hearing." (Exhibit 1) Subsequently,

plaintiff challenged that portion entering judgment in favor of Pechiney Plastics Packaging, Inc.

("Pechiney"). On April 3, 2005, the court denied plaintiff's motion to modify the judgment so as

to make the judgment on the plaintiff's long-term disability claim directly applicable to

Pechiney.[3]

On January 25, 2005, MetLife filed a notice of appeal to the United States Court of

Appeals for the Second Circuit as to that portion of the court's judgment pertaining to MetLife.

While the appeal was pending, the parties engaged in extensive briefing before this court

regarding plaintiff's claims for attorney's fees.[4] In addition, the parties engaged in protracted

communications regarding settlement of plaintiff's claim for disability benefits and attorney's

fees. In or about February, 2005, these efforts proved unsuccessful when plaintiff's response to

defendants' settlement offers was a demand for millions of dollars.

Subsequently, by negotiation of the parties, a stipulation of withdrawal of the appeal was

filed on March 9, 2005. (Exhibit 2) Approximately one month later, plaintiff's counsel wrote a

letter dated April 6, 2005 addressed to "Mr. Sal Marchese, Metropolitan Life Insurance

---

[2] MetLife does not attempt to review and summarize the complex history of this case dating back to 2002. Rather, MetLife focuses on the time period commencing from the entry of the court's judgment.

[3] Pechiney acknowledges that it, not MetLife, is liable for any award of LTD benefits and attorney's fees.

[4] As the court noted in its order dated February 25, 2005 regarding plaintiff's motion for leave to file a motion for attorney's fees:

> While entry of a notice of appeal generally divests the district court of jurisdiction to adjudicate
> any matters related to the appeal, a district court retains authority to decide matters not
> inconsistent with the pendency of the appeal, such as awards of attorney's fees.
> (citation omitted)

Company, P.O. Box 14592, Lexington, Kentucky 40511.[5] (Exhibit 3) This letter constituted the first contact on behalf of plaintiff regarding the status of the review process regarding her benefit claim. In this letter, plaintiff's counsel discussed the need for additional medical information and stated that "we expect a medical authorization will be required from my client to obtain this information." The April 6, 2005 letter contained no medical authorization. In response, MetLife's counsel – who was copied on the April 6th letter – informed plaintiff's counsel that Mr. Marchese was not handling plaintiff's claim (which is consistent with Mr. Marchese's testimony at trial), and that a MetLife representative would be in contact to request an updated medical authorization. (Exhibit 4)

By letter of April 20, 2005, Cindy Broadwater, Business Consultant at MetLife wrote to plaintiff's counsel and stated as follows: "Please have your client sign and return the enclosed Medical Authorization, so that we may request additional information from her physician, Leon Tec, M.D." In her letter to plaintiff's counsel, Ms. Broadwater provided a specific address and fax number for plaintiff's counsel to reply: "1660 Feehanville Drive, Mt. Prospect, IL 60056; Fax 847-391-1809." (Exhibit 5) In response to MetLife's subsequent request for a medical authorization to allow it to obtain the medical information necessary to consider plaintiff's entitlement to disability benefits, plaintiff failed to complete a medical authorization until several weeks later – May 16, 2005.

Despite specific contact from Ms. Broadwater, including her telephone number[6], plaintiff's counsel faxed the completed medical authorization to "MetLife" rather than Ms.

---

[5] This letter was addressed to Mr. Marchese in Kentucky despite the clear testimony at trial that Mr. Marchese's office was located in Utica, New York, and that MetLife's facility in Kentucky was an automated data processing center. At any rate, Mr. Marchese never received the letter.

[6] Plaintiff's counsel never made any attempt to contact Ms. Broadwater by telephone to ask questions or seek assistance regarding the claim process.

Broadwater, and sent it to the data processing center in Kentucky rather than to Ms. Broadwater.

The actions of plaintiff's counsel caused the receipt of the authorization by Ms. Broadwater to be

delayed by approximately one month.  On June 23, 2005, Ms. Broadwater sent a letter to Dr. Tec

requesting information needed to evaluate the claim.  (Exhibit 6)  When no response was

received from Dr. Tec, a second request letter was sent on July 26, 2005.  (Exhibit 7)  To date,

MetLife has received none of the requested information from Dr. Tec.

**III.    LEGAL ARGUMENT**

> A.    Plaintiff Cannot Satisfy Her Burden of Demonstrating that the Drastic Sanction of
> Contempt is Warranted.

The Second Circuit has recognized that the "potent weapon" of a contempt order should

not be resorted to "where there is a fair ground of doubt as to the wrongfulness of the defendant's

conduct." Stephen King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d. Cir. 1995) quoting

International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76

(1967).  Id., quoting California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885).

A contempt order is warranted only under the narrow circumstances in which the moving party

establishes by clear and convincing evidence that the alleged offending party violated the district

court's edict.  Id., citing, Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101,

102 (2d Cir. 1965) (per curiam).

The test for establishing conduct that meets the contempt standard is well recognized:

> A court's inherent power to hold a party in civil contempt may be exercised when:
> (1) the order that the party allegedly failed to comply with is clear and
> unambiguous; (2) the proof of the noncompliance is clear and convincing; and (3)
> the party has not diligently attempted in a reasonable manner to comply.

<u>Egri v. Connecticut Yankee Atomic Power Co.</u>, 2003 U.S. Dist. LEXIS 25600 (June 30, 2003)

<u>citing</u>, <u>EEOC v. Local 638, Local 28 of Sheet Metal Worker's Int'l Ass'n</u>, 753 F.2d 1172, 1178

(2d Cir. 1985) <u>aff'd</u>, 478 U.S. 421 (1986).  Plaintiff cannot satisfy any of the criteria required for

a finding of contempt.

      The Second Circuit has defined a "clear and unambiguous order" as one that leaves "no

uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the

four corners of the order precisely what acts are forbidden."  <u>Id.</u> at *9, <u>quoting</u>, <u>King v. Allied

Vision, Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995).  In the instant case, the Court's order refers

generally to a remand to MetLife "for a new eligibility hearing."  The Court's order is not

specific as to the actions MetLife must take or the time within such actions must occur regarding

such eligibility determination.  Moreover, the record reveals that after exercising its appeal right

and engaging in good faith attempts to settle this litigation in its entirety, MetLife has indeed

been taking steps to comply with the court's order.  MetLife has requested an updated

authorization which is necessary in order to obtain the medical information required to evaluate

plaintiff's claim.  MetLife has communicated with plaintiff or her representative with regard to

the claim, MetLife has designated a claims professional at the Company to handle plaintiff's

claim, and MetLife has made repeated attempts to secure the information and documentation

needed to review the claim.  This case is a far cry from one where little to no effort has been

made over an extended period of time to fulfill the obligations of a court order.  <u>See</u> <u>The

Bridgeport Guardians v. Delmonte</u>, 371 F. Supp. 15, 119 (D. Conn. 2005) (Failure to comply

with longstanding orders for a three year period).

It must also be emphasized that MetLife's written communications with Dr. Tec were for the specific purpose of obtaining the very information the Court concluded that MetLife should have obtained during its initial handling of this claim. Thus, MetLife has taken repeated steps to comply with the substance of the Court's decision to obtain answers from Dr. Tec to the questions about plaintiff's condition that were raised earlier in the claim review process. Accordingly, MetLife cannot be found in contempt of any specific aspect of the Court's order or even the general intent behind the Court's memorandum of decision.

For the reasons discussed above, plaintiff cannot show clear and convincing proof of MetLife's failure to comply with the court's order nor that MetLife has not made diligent attempts in a reasonable manner to comply with the court's order. MetLife should not be penalized for whatever time plaintiff required to properly submit and send the requested medical authorization. Plaintiff cannot point to a single fact that demonstrates MetLife's disregard of a specific order of this Court. Moreover, MetLife has taken reasonable steps to comply with the Court's general order to conduct an eligibility review for plaintiff's LTD claim. The purpose of a civil contempt order is remedial and coercive. Pridgen v. Andreesen, 881 F. Supp. 733, (D Conn. 1995). Plaintiff has pointed to no situation that requires remediation as to MetLife's conduct or coercion with respect to MetLife's future conduct.

B.    Plaintiff's Reliance on Department of Labor Regulations is Misplaced.

Plaintiff's assertion that MetLife has taken "no action for over three months" to reevaluate plaintiff's disability claim is without factual support. (Pl's Mem., June 23, 2005, p. 1). As demonstrated above, despite various misaddressed communications from plaintiff's counsel, MetLife has taken steps to move this claim forward. Moreover, plaintiff's reliance on

Department of Labor ("DOL") claims regulations is misplaced and, in any event, plaintiff has cited to the wrong section of such DOL regulations. Plaintiff has cited no case law indicating that DOL regulations apply to a claim determination on remand from a district court. Even if applicable, plaintiff has cited to regulations pertaining to appeal after claim denial. The instant case involves a new claim determination after remand rather than an appeal from the new claim determination denying the claim. Plaintiff has been on notice since the court's judgment that additional medical information was needed to review her claim. Despite such knowledge, MetLife still has yet to receive the medical information. Even if applicable, the DOL regulations provide that the claim review period may be tolled due to a claimant's failure to submit information necessary to make the benefit determination. 29 CFR § 2560.503-1(f)(4). MetLife respectfully requests that it be allowed an appropriate amount of time to review and decide the claim after the needed medical information is received.

MetLife has communicated with plaintiff and her counsel, and will continue to do so in order to move this claim toward resolution. The accusations raised in plaintiff's motion for contempt do nothing but serve to distract the court and the parties from other matters related to this case that require attention.

## IV.   **CONCLUSION**

For the reasons set forth above, MetLife respectfully requests that the court deny

plaintiff's motion for contempt.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

By _____

Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing sent via first class mail, postage prepaid, on

this 1st day of August, 2005, to:

John J. Evans, Esq.
Law Office of John J. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

Theodore J. Tucci

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RITA KRUK

V.                                    CASE NO. 3:02CV00121(AVC)

PECHINEY PLASTICS PACKAGING,
INC., METROPOLITAN LIFE INSURANCE
COMPANY and JEAN PAUL MEAUSSONE

## JUDGMENT

This action having been commenced by a complaint and having been assigned to the

Honorable Alfred V. Covello, United States District Judge; and

The plaintiff, on July 30, 2003 having filed an amended complaint withdrawing her action

as to the defendant, Jean Paul Meaussone; and

The matter having been tried to a jury, and the jury on September 29, 2004 having

reached a verdict in favor of the defendant, Pechiney Plastics Packaging, Inc.; and further

The equitable claims having been tried to the Court, and the Court, having considered the

full record of the case, including applicable principles of law, on December 27, 2004 having

issued its Memorandum of Decision vacating the decision of the defendant, Metropolitan Life

Insurance Company and remanding the matter for a new eligibility hearing; it is hereby

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered

withdrawing plaintiff's complaint as to the defendant Jean Paul Meaussone; and further

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered in

favor of the defendant Pechiney Plastics Packaging, Inc. and against the plaintiff; and further

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered

vacating the decision of the defendant, Metropolitan Life Insurance Company and remanding the

matter for a new eligibility hearing.

Dated at Hartford, Connecticut, this 28th day of December, 2004.

KEVIN F. ROWE, Clerk

By _Jo-Ann Walker_____
Jo-Ann Walker
Deputy Clerk

EOD: __12/28/04____

**EXHIBIT 2**

DC NEW HAVEN
02-CV-121
HON. Covello
HON. Smith

UNITED STATES COURT OF APPEALS
FILED
MAR 0 9 2005
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RITA KRUK

    V.

PECHINEY PLASTICS PCKG, &
METROPOLITAN LIFE INSURANCE CO.

    DOCKET NO. 05-0574-CV

    MARCH 8, 2005

## STIPULATION OF WITHDRAWAL

The undersigned hereby stipulate that the above-captioned appeal is hereby withdrawn, with prejudice, without costs and without attorneys' fees, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

By _Erin OB Choquette_
    Theodore J. Tucci, Esq.
    Erin O'Brien Choquette, Esq.
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    ATTORNEYS FOR APPELLANT
    METROPOLITAN LIFE INS. CO.

By _____
    John J. Evans, Esq.
    50 Oak Street
    Stamford, CT  06905
    Tel.: 203-353-8880
    ATTORNEY FOR APPELLEE
    RITA KRUK

So ORDERED:

FOR THE COURT
Roseann B. MacKechnie, Clerk of Court
By _Stanley A. Bass_
Stanley A. Bass, Staff Counsel

March 9, 2005

**EXHIBIT 3**

# EVANS LAW OFFICES, LLC
## JOHN J. EVANS, ATTORNEY AT LAW
### 30 OAK STREET
### STAMFORD, CONNECTICUT 06905
#### (203) 353-8880

Fax No: (203) 359-4597

April 6, 2005

Mr. Sal Marchese
Metropolitan Life Insurance Company
P.O. Box 14592
Lexington, Kentucky  40511

Re:    **Ms. Rita Kruk, Long Term Disability Claim.**

Dear Mr. Marchese:

As you know, this office represents Rita Kruk in connection with the long term
disability claim previously filed, and which was the subject of litigation in Federal
Court in Hartford, CT, wherein the Judge ordered that MetLife again review Ms.
Kruk's claim, after obtaining and considering additional medical information.

Ms. Kruk wants to be sure that MetLife has requested and obtained the
appropriate medical information, and one purpose of this letter is to inquire
regarding the status of this matter, and what MetLife has done, if anything, to
date, regarding the review of her application, as ordered by the court.  I enclose
herein a copy of the questions, (also containing the written answers) that your
nurse consultant indicated were necessary to adequately review Ms. Kruk's
claim.  These questions were answered by Dr. David Witt of Fairfield
Connecticut, Ms. Kruk's physician.  The court was able to read these answers,
but if you have trouble, let me know, and we will assist you.  This document has
been in the possession of MetLife, or at least in the possessions of its attorneys,
at Robinson & Cole, in Hartford, CT, at least since 2002, and should be made
part of the claim file.  In addition, the nurse consultant indicated the need for
additional information from Dr. Leon Tec of Westport CT, and we do not know
whether MetLife has requested this information as yet, from him.  If so, please let
us know this, as we expect a medical authorization will be required from my
client to obtain this information.

Further, please let us know that a request has been made, so that this office can
follow up to insure that MetLife receives all necessary information.  In addition, I
enclosure in copy of the disability reports of Dr. David Witt dated September 8,
2004, and Dr. Leon Tec dated September 9, 2004.  From these two reports, it is

clear that Ms. Kruk's condition has deteriorated since the time of her initial application, and that she has continued to be completely disabled since that time.

We intend to submit further documentation and supporting medical information from other treating physicians, such as Dr. Kagan, and perhaps others, regarding the past four years, which your claims file does not have, but which is relevant to the question of her initial and continuing disability.

Also, I hereby request a summary of the review procedure that MetLife intends to use, pursuant to the court's order, and I hereby request that you inform me if you intend to impose any time deadlines on receipt or review of any particular information prior to making another decision regarding Ms Kruk's disability claim.

If you have any further questions regarding this matter, please feel free to contact the undersigned.  Thank you for your attention to this matter.

Sincerely,

John J. Evans

cc:    Jeff Sklarz, Esq.
       Zeisler & Zeisler

       Erin O'Brien Choquette, Esq.
       Robinson & Cole

Fax to (315) 792-1710

**EXHIBIT 4**

# ROBINSON & COLE LLP

ERIN O'BRIEN CHOQUETTE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
echoquette@rc.com
Direct (860) 275-8291

April 8, 2005

John J. Evans, Esq.
30 Oak Street
Stamford, CT 06904

Re:  **Kruk v. Pechiney Plastics, et al.**

Dear John:

I have received a copy of the April 6, 2005 letter you sent to Salvatore Marchese in
connection with the above-captioned matter.  Please refrain from communicating
further with Mr. Marchese, as he is not involved in the review of Ms. Kruk's claim.
A representative from MetLife's claim department will contact you shortly to obtain
an updated medical authorization from Ms. Kruk.

Sincerely,

*Erin Choquette*

Erin O'Brien Choquette

cc:     Theodore J. Tucci, Esq.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

**EXHIBIT 5**

Metropolitan Life Insurance Company
1660 Feehanville Drive, Mt. Prospect, IL 60056



April 20, 2005

John J. Evans, Attorney at Law
30 Oak Street
Stamford, CT 06905

Re: Rita Kruk v. Pechiney Plastics Packaging, Inc. and Metropolitan Life Insurance Co.,
    USDC of Connecticut, Case No. 3:02CV00121 (AVC)

Dear Mr. Evans:

Pursuant to the December 23, 2004, District Court order remanding this matter to
MetLife for further review. Please have your client sign and return the enclosed Medical
Authorization, so that we may request additional information from her physician, Leon
Tec, MD.

Should you have any questions, please feel free to contact me.

Thank you,


Cindy S. Broadwater
Business Consultant
MetLife Disability
Ph   847-375-3333
Fax 847-391-1809

**EXHIBIT 6**

Metropolitan Life Insurance Company
PO Box 14590, Lexington KY 40511-4590

# **MetLife**®

June 23, 2005


Leon Tec, M.D., P.C.
11 Rockyfield Road
Westport, CT 06880

> RE: Rita Burrock-Kruk
> Long Term Disability
> Date of Birth: June 3, 1963
> Group #: 300765
> Claim #: 620101238502

Dear Dr. Tec:

Metropolitan Life Insurance Company is the Administrator of Long Term
Disability for your patient. To properly evaluate this claim, your assistance in
answering the following would be appreciated.

- What is the frequency of Ms. Burrock-Kruk's treatment?

- When was her Paxil 40mg ordered and when was her dosage last changed?

- What other medications have been tried and what were the results?

- What activities is Ms. Burrock-Kruk capable of managing on a daily basis?
  (Interacting with others, managing information, managing finances, keeping a
  schedule, making decisions, reading, writing, computer work.)

Please provide a current detailed mental status exam, including her specific
performance on defined mental status exam tasks and copies of your office
notes from June 1, 2000, through the present.

Enclosed is an authorization allowing for the release of this information.

Thank you for your cooperation.

Should you have any questions, please feel free to contact me.

Sincerely,

Cindy S. Broadwater
Case Management Specialist
MetLife Disability
Ph  800-638-2242 ext. 3333
Fax  847-297-3740

**EXHIBIT 7**

Metropolitan Life Insurance Company
PO Box 14590, Lexington KY 40511-4590

# MetLife®

July 26, 2005

Leon Tec, M.D., P.C.                          **Second Request**
11 Rockyfield Road
Westport, CT  06880

>                    RE:  Rita Burrock-Kruk
>                    Long Term Disability
>                    Date of Birth:  June 3, 1963
>                    Group #:  300765
>                    Claim #:  620101238502

Dear Dr. Tec:

We are writing in follow up to our letter dated June 23, 2005. Metropolitan Life
Insurance Company is the Administrator of Long Term Disability for your patient,
Ms. Rita Burrock-Kruk. To properly evaluate her claim, your assistance in
answering the following would be appreciated.

- What is the frequency of Ms. Burrock-Kruk's treatment?

- When was her Paxil 40mg ordered and when was her dosage last changed?

- What other medications have been tried and what were the results?

- What activities is Ms. Burrock-Kruk capable of managing on a daily basis?
  (Interacting with others, managing information, managing finances, keeping a
  schedule, making decisions, reading, writing, computer work.)

Please provide a current detailed mental status exam, including her specific
performance on defined mental status exam tasks and copies of your office
notes from June 1, 2000, through the present.

Enclosed is an authorization allowing for the release of this information.

Thank you for your cooperation.

Should you have any questions, please feel free to contact me.

Sincerely,


Cindy S. Broadwater
Business Consultant
MetLife Disability
Ph   800-638-2242 ext. 3333
Fax  847-297-3740