UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
Kruk, Rita                          :
   Plaintiff                        :           2005 AUG 17 P 3:32
                                    :
        v.                          :     Civil No: 3:02CV121(AVC)
                                    :           HARTFORD, CT.
Pechiney Plastics, Inc., and        :
Metropolitan Life Insurance         :
Company, Inc.                       :
   Defendants                       :
```

### Ruling on Motion to Quash Subpoena

The plaintiff, Rita Kruk, brings the within motion to quash the subpoena served by the defendant, Metropolitan Life Insurance Company ("MetLife"). The subpoena requests documents pertaining to this court's award of attorney's fees and costs to Mrs. Kruk for MetLife's wrongful denial of long term disability benefits in violation of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, specifically under 29 U.S.C. § 1132(a)(1)(B).

Kruk's attorney, John Evans, has filed the within motion to quash the subpoena claiming that the requested documents specifically include privileged communications and other documents exempt from production. He further asserts that MetLife's subpoena requesting additional documents has been served in bad faith.

The issues presented are: 1) whether the documents described in the subpoena are in fact protected by attorney

client privilege, or are otherwise exempt from production, and; 2) whether the documents requested by MetLife are relevant to the subject matter of the present action and thereby discoverable.

For the following reasons, the court concludes: 1) the requested documents are not protected by attorney client privilege; 2) a proper calculation of reasonable attorney's fees and costs demands the disclosure of all specified documents requested in paragraphs one through four of the subpoena. However, the information described in paragraphs five and six are not relevant to such a calculation, and must be excluded.

Therefore, the plaintiff's motion to quash the subpoena is DENIED in part and GRANTED in part.

**FACTS**

On December 27, 2004, the court rendered judgment against MetLife for the arbitrary and capricious denial of Kruk's application for long-term disability benefits, and remanded the matter to MetLife for reconsideration of her claim.

On April 7, 2005, the court granted Kruk's motion for attorney's fees and costs pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g). However, since MetLife disputes the extent of the fees and costs sought by the plaintiff, the court set down an evidentiary hearing for the determination of the extent of the award.

2

In preparation for the hearing, MetLife served Evans with a subpoena dated May 10, 2005, requesting:

> 1) All contracts between you [Mr. Evans] and/or your office and Rita Kruk and/or Edward Kruk in connection with the denial of the claim for disability benefits and the matter of <u>Kruk v. Pechiney Plastics Packg. Co., et al</u>, Docket No. 3:02CV121(AVC) ["same"].
>
> 2) All documents relating to billing for legal work performed by you and/or your staff in connection with [same]... including but not limited to contemporaneous billing records and invoices.
>
> 3) All documents relating to time spent by you and/or your legal staff performing legal work in connection with [same]... including but not limited to contemporaneous time records, daily time sheets and daily time logs.
>
> 4) All documents relating to disbursements, costs and expenses associated with [same]... including but not limited to invoices, receipts and cancelled checks.
>
> 5) All documents relating to hourly rates billed and charged to clients for you and your legal staff from the period of January 1, 2002 to the present.
>
> 6) Excluding attorney-client communications, all documents maintained by you and/or your office that comprise the file in connection with [same]...

In the motion to quash the subpoena, Evans opposes the production of most of the documents described in the subpoena. However, "the plaintiff is willing to produce the fee agreement between [the] [p]laintiff and her counsel, and also the records regarding disbursements, as requested." Furthermore, the motion does not contain either an attempt to explain why the requested

3

documents are privileged or any cited case law disputing the relevance of any documents described in the subpoena.

## STANDARD OF REVIEW

The Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Ultimately, the precise boundaries of the Rule 26 "relevancy" will depend on the context of the particular action, and as such a determination of relevance is within the district court's discretion. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947).

## DISCUSSION

### I. Attorney-Client Privilege.

In her motion to quash the within subpoena, Kruk first claims that the documents requested in the subpoena are privileged. The motion contains no attempt to explain why the documents are privileged, nor does it cite any case law upholding the protection of attorney-client privilege in the present circumstances.

MetLife responds that it is well accepted that billing records are not protected by attorney-client privilege. Specifically, absent special circumstances not present in this case, fee information is not privileged.

4

In <u>In re Grand Jury Subpoena Duces Tecum Served Upon Gerald L. Shargel</u>, 742 F.2d 61, 62 (2d Cir. 1984), the Second Circuit stated: "We have consistently held that client identity and fee information are, absent special circumstances, not privileged." Moreover, "the party invoking a privilege bears the burden of establishing its applicability to the case at hand." <u>In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002</u>. 318 F.3d 379, 394 (2d Cir. 2003).

Evans has not provided, nor can the court find any reason to support the assertion that the requested documents are privileged. Accordingly, Kruk may not rely on attorney-client privilege to preclude the production of the documents described in the subpoena.

## II. Relevance of Document Requested in the Subpoena.

Kruk does not dispute the relevance of any of the documentation requested in the subpoena. Moreover, Kruk does not resist production of "the fee agreement between [herself] and her counsel, and also the records regarding disbursements, *as requested.*"

MetLife responds that Evans' refusal to produce proper documentation to support her claim for $92,207.50 in attorney's fees prejudices MetLife's right to challenge both the basis for and amount of the claimed legal fees. Specifically, MetLife contends that Evans has not submitted actual documents or

5

computer records detailing the time spent in connection with his legal representation in this matter. MetLife argues that the affidavit submitted by Evans, summarizing the actual time records, is not sufficient to provide an adequate evidentiary basis to substantiate a claim for attorney's fees.

"The most useful starting point for determining the amount of reasonable [attorney's] fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.

In this circuit, the lodestar method of calculating attorneys' fees is utilized. City of Detroit v. Grinnell Corp., 560 F.2d 1093 (2d Cir. 1977)(under the lodestar, a fee is determined by "multiply[ing] billable hours spent on the case by the hourly rate"). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

MetLife must have the documentation to evaluate the basis for as well as the amount of the attorney's fees requested.

6

"Relevancy" in the present case turns on the lodestar, that is, any unprivileged documents[1] that may help the court determine the number of reasonably expended billable hours as well as the amount of a reasonable hourly fee.[2]

**IIa. The Number of Reasonably Billable Hours**

In <u>Hensley v. Eckerhart</u>, 461 U.S 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the United States Supreme Court concluded: "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" See <u>Lunday v. City of Albany</u>, 42 F.3d 131, 133 (2d Cir. 1994) (district courts must exclude hours that were not "reasonably expended," or were excessive, redundant, or otherwise unnecessary). Any documentation that may assist in determining the amount of billable hours or evaluating whether those hours were "reasonably expended" is relevant to a lodestar calculation and must be produced to MetLife.

---

[1] For the purposes of the subpoena, "documents" shall refer to all tangible items identified in the subpoena itself.

[2] As illustrated above, Mrs. Kruk does not resist production of the records regarding disbursements *as requested*. Such records are described and enumerated in paragraph 4 of the subpoena. Accordingly, the court will assume that Mrs. Kruk does not take issue with paragraph 4 as stated in the subpoena. In addition, Mrs. Kruk does not resist production of the fee agreement between the plaintiff and her council *as requested*. While the disclosure of "fee agreements" is not explicitly requested in the subpoena, paragraph 1 is the only section that encompasses documents such as "fee agreements." Paragraph 1 requests "all contracts between [council] and Rita Kruk..." Accordingly, the court will assume that Mrs. Kruk does not take issue with paragraph 1 as stated in the subpoena.

Moreover, in <u>New York Ass'n for Retarded Children v. Carey</u>, 711 F.2d 1136, 1147 (2d Cir. 1983), this Circuit stated:

> [We are convinced] of the need to announce for the future that contemporaneous time records are a prerequisite for attorney's fees in this circuit... It [is] appropriate to convert our previously expressed preference for contemporaneous time records... into a mandatory requirement...

Evans has only provided the court with an affidavit summarizing the number of hours expended and the nature of the work performed. This is insufficient. Evans must produce contemporaneous time records. In addition, Evans must also disclose other relevant information requested, including billing records and billing logs.

### IIb. Reasonable Hourly Fee

In an effort to determine the appropriate hourly rate, MetLife seeks "all documents relating to the hourly rates billed and charged to clients for you and your legal staff from the period of January 1, 2002 to the present." Evans does not object to furnishing the fee agreement with his client. However, he does object to furnishing his fee arrangements with other clients.

The hourly rates billed and charged by Evans' to his other clients do not provide any additional depth to a determination of a reasonable hourly fee in the present context. Accordingly,

the motion to quash is granted with respect to those items described in paragraph five of the subpoena.

Paragraph six of the subpoena requests all non-privileged documents that comprise the file in connection with the denial of the claim for disability benefits and the subject matter of the preceding litigation. MetLife makes no attempt to address the relevancy of its request, and hence, the motion to quash is also granted with respect to paragraph six. The documents sought in the first four paragraphs of the subpoena are sufficient to encompass all information related to a proper determination of the fees and costs expended during the litigation of this case.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to quash subpoena is GRANTED IN PART and DENIED IN PART.

It is so ordered this 17TH day of August 2005 at Hartford, Connecticut.

Alfred W. Covello
United States District Judge