UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK,<br>    PLAINTIFF | : Civil Action No. 302CV121 (AVC)<br>:<br>: |
| v. | :<br>:<br>: |
| PECHINEY PLASTIC PACKG. INC.,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    DEFENDANTS | :<br>:<br>:<br>: September 15, 2005 |

**DEFENDANT METLIFE'S SUPPLEMENTAL OBJECTION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Metropolitan Life Insurance Company ("MetLife") objects to plaintiff's motion for attorney's fees and costs on the grounds that the award sought is unreasonable and unsubstantiated. Not only has plaintiff's counsel admitted several times that he failed to abide by the well-established requirement that attorneys maintain proper documentation of hours expended on litigation, but also, according to counsel's re-created records, the award requested by plaintiff includes several items for which she is not entitled to compensation. Thus, MetLife respectfully submits that the Court should award the plaintiff no more than $26,905.50 in fees and costs.

**I.    Plaintiff's Claim for Fees Includes Non-Compensable Items.**

Of the multiple claims the plaintiff asserted in this action, the <u>only</u> count on which she prevailed was her claim against MetLife for wrongful denial of benefits under ERISA. Not only was the plaintiff was unsuccessful in all of her claims against Pechiney (the Title VII counts and the ERISA counts), but also, the plaintiff's breach of fiduciary duty claim against MetLife was

dismissed upon summary judgment.[1] Accordingly, any award to the plaintiff should be limited to the fees and costs associated with the prosecution of the wrongful denial of benefit claim against MetLife. The computer timesheet appended as Exhibit A to plaintiff's supplement to motion for attorney's fees and costs, however, demonstrates that the plaintiff is improperly seeking compensation for fees incurred in connection with the plaintiff's counts against Pechiney, as well as for fees incurred in attempting to prove legally and factually unfounded theories. All such items must be deducted from any award of fees to the plaintiff.[2]

    A.    <u>Plaintiff is not entitled to $6,875.00 in fees related to discovery.</u>

Specifically, because discovery beyond the production of the claim file was not permitted in connection with plaintiff's ERISA claims, all of the entries relating to time spent by plaintiff's counsel on discovery-related matters must be excluded. These entries include, but are not limited to, time spent by plaintiff's counsel reviewing and responding to Pechiney's discovery requests, reviewing Pechiney's 26a disclosures, preparing requests for admission, responding to Pechiney's motions to compel and engaging in conferences with his client and Pechiney's counsel about discovery matters.[3] Review of plaintiff's counsel's computer timesheet reveals

---

[1] Initially, the plaintiff filed an eight count complaint against MetLife and Pechiney Plastics, alleging violations of Title VII, ERISA, and the Connecticut Unfair Trade Practices Act, as well as breach of contract, breach of the covenant of good faith and fair dealing, negligent infliction of emotional distress, and intentional infliction of emotional distress. Following motions to dismiss filed by Pechiney and MetLife, the plaintiff amended her complaint to eliminate the common law and CUTPA claims. On summary judgment, the Court dismissed the breach of fiduciary duty claims against MetLife and Pechiney, as well as the plaintiff's wrongful termination and retaliation claims against Pechiney.

[2] For the Court's convenience, a copy of the computer timesheet submitted by plaintiff's counsel with the non-compensable time crossed out is attached hereto as Exhibit A. This marked copy does not reflect the across-the-board deduction which, as MetLife argues *infra*, should be taken to reflect plaintiff's counsel's failure to maintain adequate records and destruction of records.

[3] MetLife engaged in no discovery practice during this litigation apart from objecting to plaintiff's inappropriate attempts to engage in discovery. The entry dated April 23, 2002, referencing objections to MetLife's discovery, illustrates the unreliability of plaintiff's counsel's records since MetLife did not serve any discovery requests on the plaintiff.

2

that these activities involved more than 20 hours of time for a total of $6,875.00 in attorney's fees. This sum must be deducted from plaintiff's claim for fees.

    B.    <u>Plaintiff is not entitled to $5,087.50 in fees for time identified by plaintiff's counsel as relating exclusively to Pechiney</u>

The computer timesheet also includes over 30 entries which specifically relate to time spent furthering the plaintiff's claims against Pechiney, such as communications with Pechiney's attorneys, Kenneth Gage and Melissa Bellavia, and review of Pechiney's filings. The entries in which plaintiff's counsel specifically references Pechiney or Pechiney's counsel total $5,087.50. This amount must also be deducted from any award to the plaintiff since MetLife has no obligation to compensate the plaintiff for <u>any</u> of the time plaintiff's counsel spent communicating with Pechiney's counsel and reviewing and responding to Pechiney's filings.

Plaintiff's counsel apparently believes that MetLife is responsible for all time relating to the ERISA claims; however, this belief is unfounded. Not only does the timesheet indicate that much of the time listed relates to Title VII claims, but also, the record demonstrates that the plaintiff asserted ERISA claims against Pechiney and was unsuccessful. Moreover, Pechiney and MetLife are separate entities which were represented by separate counsel and which filed separate briefs throughout this litigation. Accordingly, there is no legal or factual justification for holding MetLife responsible for the fees incurred by the plaintiff in connection with her claims against Pechiney.

    C.    <u>Fees relating to summary judgment activities should be reduced by $18,672.50.</u>

On a related matter, although some of the time entries specifically identify tasks related to the Pechiney claims, most of the entries relating to the plaintiff's opposition to the motions for summary judgment filed by MetLife and Pechiney do not allocate the time between MetLife and

3

Pechiney. According to the computer timesheet, plaintiff's counsel spent over 90 hours working on activities relating to these motions for summary judgment. This amount of time, together with the fact that plaintiff filed a single response to the motions filed by MetLife and Pechiney, indicate that the plaintiff has inappropriately included time spent on the Title VII claims, as well as time spent on the plaintiff's failed breach of fiduciary duty claims, in her demand for fees.

Plaintiff's counsel failed to designate how much time he spent working on the wrongful denial of benefits claim and failed to allocate the amount of time he spent responding to Pechiney's motion for summary judgment as opposed to MetLife's motion for summary judgment. Given that plaintiff brought four causes of action against Pechiney and only two against MetLife, and that summary judgment was granted to MetLife on one count, MetLife urges the Court to reduce the fees claimed in connection with the summary judgments (including all time relating to plaintiff's motions for extension of time, affidavits, and the motions to strike affidavits) by 70% or $18,672.50. See, e.g. Tsombanidis v. City of W. Haven, 208 F. Supp. 2d 263 (D. Conn. 2002)(where plaintiff failed to designate time as applying to one defendant or another, court held that fee should be divided on an 80/20 basis between the defendants, based on which defendant had the greater involvement in the events giving rise to the litigation).

## II.    Plaintiff Is Not Entitled to Award of Unreasonable Fees.

Moreover, this Court has held only that the plaintiff is entitled to an award of *reasonable* fees. Such an award does not include time expended pursuing legally untenable claims or frivolous strategies. Thus, MetLife should not be expected to bear the burden of plaintiff's counsel's failure to understand the scope of ERISA and its application to plaintiff's claims.

4

A.  The $1,705.00 in fees generated by plaintiff's counsel's misunderstandings about ERISA is unreasonable and should be excluded from any award.

Had plaintiff's counsel engaged in a proper analysis of the plaintiff's claims from the start, he would not have attempted to characterize her wrongful denial of benefits claims as claims for breach of contract and unfair trade practices. Having already borne the burden of preparing and defending its own (successful) motion to dismiss, MetLife should not be held responsible for the fees incurred by plaintiff's counsel in preparing an inadequate complaint, responding to the motion to dismiss and preparing a revised complaint. Accordingly, the $1,540.00 in fees identified by plaintiff's counsel in connection with these activities should be deducted from plaintiff's claimed fee award. Likewise, MetLife should not be responsible for the $165.00 in fees associated with the plaintiff's misguided and legally unfounded attempt to disclose experts in connection with the ERISA action.

B.  $4,620.00 should be deducted from the award to reflect on plaintiff's baseless, and time-wasting, conspiracy theories.

Additionally, an assessment of the reasonableness of the plaintiff's attorney's fees must also take into account the plaintiff's failure to prove the theories on which she tried the case and as to which MetLife was forced to expend considerable effort and resources to disprove. At trial, the plaintiff devoted herself to an ultimately fruitless attempt to prove baseless claims such as the existence of a conspiracy by the defendants to deny plaintiff's claim for benefits in retaliation for plaintiff's EEOC claims. The plaintiff also failed in her attempt to prove that MetLife actually possessed, but disregarded, the completed questionnaire from Dr. Witt. With regard to this questionnaire, the plaintiff not only failed to prove that the completed questionnaire was ever sent to MetLife, but also, the affidavit which plaintiff's counsel drafted for Nurse Paci to sign (by

which means the plaintiff avoided summary judgment) was completely discredited and repudiated by Nurse Paci at trial. These pointless efforts consumed hours of trial time for no good purpose. Accordingly, the 16.8 hours (valued at $4,620.00) of time which, according to plaintiff's counsel's descriptions, related to these theories should be excluded from an award to the plaintiff.

    C.    <u>Plaintiff is not entitled to the $4,427.50 spent on motion to quash and motion for contempt.</u>

It is also unreasonable for the plaintiff to expect to be reimbursed for the time spent by her attorney in preparing the motion to quash and motion for contempt filed in the summer of 2005, given that the motions lacked any legitimate legal or factual foundation and were summarily denied by the court. MetLife has already been forced to assume the economic burden of responding to plaintiff's baseless motions and analyzing plaintiff's counsel's inadequate records. It would be inequitable to require MetLife to reward plaintiff's counsel for his failure to maintain appropriate records and for his decision to engage in frivolous motion practice.

**III.    The Fee Award Should Be Reduced by 50% to Reflect Plaintiff's Counsel's Inadequate Documentation and Spoliation of Evidence.**

It is well-established in this circuit that an attorney who applies for attorney's fees must document the application with contemporaneous time records. <u>See</u> <u>New York Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1148 (2d. Cir. 1983). The "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." <u>F.H. Krear &</u>

Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987). The plaintiff has not met this burden.

This Court ruled that "MetLife must have the documentation to evaluate the basis for as well as the amount of the attorney's fees requested" (Ruling on Motion to Quash Subpoena, at 6) and ordered that "Any documentation that may assist in determining the amount of billable hours or evaluating whether those hours were 'reasonably expended' is relevant to a lodestar calculation and must be produced to MetLife." (Id. at 7.) At the August 30, 2005 hearing on this motion, however, plaintiff's counsel acknowledged that he deleted large portions of the original, contemporaneous time records for this matter.

As a result of plaintiff's counsel's destruction of the contemporaneous records, MetLife has been unable to verify that the re-created "computer timesheet" is accurate, much less engage in a "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). Indeed, plaintiff's counsel's inclusion of several items for which the plaintiff is not entitled to compensation, as detailed *supra*, demonstrates that the computer timesheet submitted by plaintiff's counsel is not a reliable basis upon which to award fees.

The prejudice to MetLife has been compounded by the fact that the "computer timesheet" contains several entries that are so vague too allow an adequate understanding of counsel's actions. For example, due to plaintiff's counsel's failure to describe adequately time spent responding to the motions for summary judgment and preparing for trial, MetLife has no way of knowing how much time counsel actually devoted to the wrongful denial of benefits claim against MetLife, as opposed to the Title VII claims against Pechiney.

"Where a party fails to keep adequate records, courts do not award the full amount requested." J. v. Bd. of Educ., 98 F. Supp. 2d 226 (D. Conn. 2000). In fact, across-the-board reductions are an appropriate remedy when the party has produced contemporaneous time records that are lacking in the necessary specificity. See, e.g. Smart SMR v. Zoning Comm'n., 9 F. Supp. 2d 143 (D. Conn. 1998) (applying 30% reduction to entire lodestar figure for vague time entries); Mr. and Mrs. B. v. Weston Bd. of Ed., 34 F. Supp. 2d 777 (D. Conn. 1999) (reducing fee award by 30% due to vagueness and inconsistencies in records submitted by plaintiff).

Given that courts have applied 30% reductions where time records were merely insufficiently detailed, a reduction of 50% is appropriate here, where the records are not only vague but also, plaintiff's counsel has also admitted to destroying contemporaneous time records. Because the obligation to maintain contemporaneous time records is so well-established in this circuit, the decision to delete entries relating to plaintiff's Title VII claim constitutes spoliation of evidence and should be sanctioned accordingly. Cf. Zubulake v. UBS Warburg LLC, 2004 U.S. Dist. LEXIS 13574 (S.D.N.Y. July 20, 2004) (imposing sanctions for destruction of documentation). Accordingly, MetLife respectfully urges the Court to award no more than $26,579.00 in attorney's fees to the plaintiff.

## IV.    Plaintiff Is Entitled to $326.50 in Costs

Finally, the only costs for which the plaintiff should be reimbursed are the $176.80, for the service of summons and complaint, and the $150.00 court filing fee. The plaintiff is not entitled to reimbursement for the costs of subpoenas and deposition fees since such costs are not reasonably related to plaintiff's ERISA claim against MetLife. Similarly, MetLife should not be

8

held liable for plaintiff's counsel's decision to stay at a hotel during the course of the trial, particularly since 3 or the 5 days of trial were devoted to plaintiff's failed Title VII claim.

### III.  CONCLUSION

For all the reasons set forth above, MetLife respectfully requests the Court to deny the plaintiff's request for $96,253.83 in fees and costs.

          DEFENDANT
          METROPOLITAN LIFE INSURANCE
          COMPANY

          */s/ E. O'Brien Choquette*
          Theodore J. Tucci (ct05249)
          ttucci@rc.com
          Erin O'Brien Choquette (ct18585)
          echoquette@rc.com
          Robinson & Cole LLP
          280 Trumbull Street
          Hartford, CT 06103-3597
          Tel. No. (860) 275-8200
          Fax No. (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by U.S. mail, postage prepaid, on this 15th day of September 2005 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Sarah Graves, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

_____
Erin O'Brien Choquette