UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK,<br>    PLAINTIFF | : Civil Action No. 302CV121 (AVC)<br>:<br>:<br>: |
| v. | :<br>:<br>: |
| PECHINEY PLASTIC PACKG. INC.,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    DEFENDANTS | :<br>:<br>:<br>: October 19, 2005 |

### DEFENDANT METLIFE'S RESPONSE TO
### PLAINTIFF'S OCTOBER 4, 2005 BRIEF

In the October 4, 2005 submission in support of the plaintiff's application for attorney's fees, plaintiff's counsel attempts to weave together half-truths and outright falsehoods to justify the plaintiff's inflated claim for fees. The objections of the Metropolitan Life Insurance Company ("MetLife") to plaintiff's claim for attorney's fees and costs are well-documented and need not be repeated. MetLife, however, seeks this opportunity to respond to some of the more blatant omissions and misrepresentations contained in plaintiff's October 4, 2005 brief.

The plaintiff argues at length that she is entitled to compensation from MetLife for time spent furthering the plaintiff's claims against Pechiney. MetLife and Pechiney, however, are separate entities who were separately represented in this litigation. Moreover, this Court entered judgment in favor of Pechiney on all counts, and, in April 2005, denied the plaintiff's motion for reconsideration in which the plaintiff sought to hold Pechiney liable for ERISA violations. Thus, there is no legal basis to support the plaintiff's assertion that she is entitled to recoup fees relating to her claims against Pechiney.

The plaintiff also falsely claims that the parties engaged in discovery in connection with the ERISA claims. A review of the docket, however, demonstrates that MetLife engaged in no discovery whatsoever and Pechiney's discovery efforts were directed solely to the plaintiff's Title VII claims. There was no discovery on the ERISA claims because discovery is generally not taken in ERISA cases.

The plaintiff's assertion that she needed to engage in discovery in order to obtain the computer diary relating to the plaintiff's claim is false. This computer log was maintained as part of the claim file and produced to the plaintiff at the onset of litigation as part of the initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

The plaintiff's assertion that Ann Wallace testified at trial for MetLife is likewise false. MetLife's only witness was Salvatore Marchese. Ms. Wallace, who is an employee of Pechiney, was called as a witness for trial by the plaintiff, over MetLife's objections.

Similarly, the plaintiff's reference to the deposition of Laura Sullivan is also untrue. Ms. Sullivan was <u>never</u> deposed in this action.

Plaintiff's counsel continues to assert that he complied with his obligation to maintain and produce contemporaneous billing records notwithstanding the fact that his deletion of records has prevented the Court and MetLife from being able to evaluate the basis for as well as the amount of the attorney's fees requested. Other than the representations of plaintiff's counsel, there is no way to determine whether the fees claimed by plaintiff's attorney for the ERISA claim are reasonable when compared with the time deleted for the unsuccessful employment claims.

As detailed in MetLife's prior pleadings, the plaintiff's claim for fees includes several non-compensable items as well as several unreasonable items. (See 3/7/05 Opposition to Motion for Attorney's Fees; 9/15/05 Supplemental Objection to Attorney's Fees.) Accordingly, MetLife respectfully requests the Court to deny the plaintiff's request for $96,253.83 in fees and costs.

DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

_/s/ Erin O'Brien Choquette_
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No. (860) 275-8200
Fax No. (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by U.S. mail, postage prepaid, on this 19th day of October 2005 to the following:

John L. Evans, Esq.
Law Office of John L. Evans
30 Oak Street
Stamford, CT 06905

Kenneth W. Gage, Esq.
Sarah Graves, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Erin O'Brien Choquette