UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA KRUK : | |
| : | |
| Vs. : | CASE NO. 3:02CV121(AVC) |
| : | |
| PECHINEY PLASTICS PACKAGING, INC., and : | |
| METROPOLITAN LIFE INSURANCE CO., INC. : | |

RULING ON DEFENDANTS TAXATION OF COSTS

Judgment entered for the defendant on December 28, 2004, after a jury trial in which a verdict was returned for the defendant. Therefore, the defendant is the prevailing party in this case. On January 25, 2005, plaintiff filed a notice of appeal from the judgement. On March 21, 2005, a mandate was issued withdrawing the appeal. Defendant submitted an Amended Itemized Bill of Costs, and no objection has been filed to date. For the reasons stated below, the defendant's Amended Itemized Bill of Costs is granted in part and denied in part.

I. COURT REPORTER FEES: Pursuant to Local Rule 54(c)2(ii), the cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained in preparation of the case and not for the convenience of counsel. Defendant has submitted claims for court reporter's fees for the depositions of Edward Fitzgerald in the amount of $1,073.91, the videotaped deposition of Edward Fitzgerald in the amount of $582.30 and courtroom playback of $1,059.40, Rita Kruk in the amount of $610.88 and $615.86, Jean Paul Meaussone in the amount of $244.82, Ashok Sethi in the amount of $305.27, and Anne Wallace in the amount of $218.57. The claims are broken down individually as follows:

Edward Fitzgerald - Defendant submits a claim in the amount of $1,073.91 for the deposition transcript taken on September 22, 2004. This claim is allowed in the reduced amount of $531.91, and the claims for daily expedited surcharge, ASCII disk, condensed transcript, shipping and handling, and administrative fee are disallowed.

Videotaped Deposition of Edward Fitzgerald: Defendant submits a claim in the amount of $582.30 for the videotaped deposition taken on September 24, 2004, and $1,059.40 for courtroom playback on September 28, 2004. In the absence of evidence on the record that the video taped deposition was marked as a full exhibit and accepted by the court, the fees associated with the video-taped portion of the deposition are disallowed without prejudice to renewal upon a showing by counsel that the court accepted the video tape as a full exhibit marked into evidence, a showing that Second Circuit case law exists on this subject specifically stating that video taped depositions are allowed as costs, or a statutory citation showing that the fees are allowed by law.

Rita Kruk: Defendant submits claims in the amounts of $610.88 ($575.90 and $34.98) for the deposition transcript taken on July 22, 2002, and for $615.86 for the deposition transcript taken on August 15, 2002. These claims are allowed in the reduced amounts of $558.90 and $572.86 respectively, and the claims for jurat preparation, delivery, and mini-transcript are disallowed.

Jean Paul Meaussone and Ashok Sethi: Defendant submits a claim in the amount of $550.09 for the deposition transcripts of Jean Paul Meaussone ($244.82) and Ashok Sethi ($305.27) taken on September 26, 2002. This claim is allowed in the reduced amount of $462.09 and the claims for ASCII disk, mini-transcript, and delivery are disallowed.

Ann Wallace: Defendant submits a claim in the amount of $218.57 for the deposition

taken November 4, 2002.  This claim is allowed in the reduced amount of $160.57, and the claims for e-mail (final draft), mini-transcript, and delivery are disallowed.

    II.  SUMMARY: For the reasons previously stated, the defendant's Amended Itemized Bill of Costs is allowed in the amount of $2,286.33.

    Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

    Dated at Hartford, Connecticut, this 25th day of October, 2005.

    KEVIN F. ROWE, Clerk

By:    /s/lik
    Linda I. Kunofsky
    Deputy in Charge